Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS**
**RESTRUCTURING ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

PLEASE TAKE NOTICE that on February 3, 2010 at 10:00 a.m. (EST), Citadel

Broadcasting Corporation and its debtor affiliates (collectively, the "***Debtors***"),[1] by their

---

[1]  The Debtors in these chapter 11 cases are:  Alphabet Acquisition Corp.; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; International Radio, Inc; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets, LLC; Minneapolis Radio, LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets, LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Today Entertainment, Inc.; Radio Watermark, Inc.; San Francisco Radio Assets, LLC; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; WBAP-KSCS Radio Group, Ltd.; and WPLJ Radio, LLC.  The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  Information regarding the Debtors' business and the background of these chapter 11

undersigned counsel, shall appear before the Honorable Burton R. Lifland, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, Room 623, or soon thereafter as counsel may be heard, and present the *Debtors' Application for Entry of an Order Authorizing and Approving the Retention of Deloitte & Touche LLP as Auditors and Accounting and Tax Advisors Nunc Pro Tunc to the Petition Date*.

PLEASE TAKE FURTHER NOTICE that you need not appear at the hearing if you do not object to the relief requested in the application.

PLEASE TAKE FURTHER NOTICE that the hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the hearing or at a later hearing.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application must comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, must be set forth in writing describing the basis therefor and must be filed with the Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3-½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-182 or by first-class mail

cases can be found in the Declaration of Randy L. Taylor Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York in Support of First-Day Motions and Applications (the "***First Day Declaration***"), filed on December 20, 2009, the date the Debtors filed their petitions (the "***Petition Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

upon each of the following: (a) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, 10022-4611, Attn.: Joshua A. Sussberg; (b) Alvarez & Marsal North America, LLC, 100 Pine Street, Suite 900, San Francisco, CA 94111, Attn.: Michael Kang; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn.: Brian Masumoto; and (d) counsel to the agent under the Debtors' prepetition secured term loan, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017-3954, Attn.: Mark Thompson, so as to be received no later than **4:00 p.m. (ET) on January 27, 2010.**

PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers, the order may be signed and approved by the Court without a hearing.

New York, New York
Dated: January 8, 2010

*/s/ Jonathan S. Henes*

Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Proposed Attorneys for the Debtors and
Debtors in Possession

Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS**
**RESTRUCTURING ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE BURTON R. LIFLAND, UNITED STATES BANKRUPTCY JUDGE:

Citadel Broadcasting Corporation ("***Citadel***") and its debtor affiliates, as debtors and

debtors in possession (collectively, the "***Debtors***"),[2] respectfully represent:

---

[2]  The Debtors in these chapter 11 cases are: Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ

## Relief Requested

1.     By this application, the Debtors request entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327 and 328 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), (a) authorizing the employment and retention of Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "***A&M***") to serve as the Debtors' restructuring advisors *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter (as defined below) and (b) approving the terms of A&M's employment and retention, including the proposed hourly rates and the indemnification provisions set forth in the Engagement Letter, subject to the standards set forth in section 328 of the Bankruptcy Code.   In support of the application, the Debtors submit the Declaration of Michael D. Kang, a Managing Director of A&M (the "***Kang Declaration***"), which is attached hereto as **Exhibit B**.

## Basis for Relief

2.     As described in the First Day Declaration, to effectively restructure their business and implement a successful plan of reorganization, the Debtors require the services of a capable and experienced restructuring-advisory firm to assist with various operational issues that will

---

Radio, LLC.  The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  Information regarding the Debtors' business and the background of these chapter 11 cases can be found in the Declaration of Randy L. Taylor Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York in Support of First-Day Pleadings (the "***First Day Declaration***"), filed on December 20, 2009, the date the Debtors filed their petitions (the "***Petition Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

arise during the course of these chapter 11 cases. A&M's resources and capabilities, together with its prepetition experience advising the Debtors, complements the services offered by the Debtors' other restructuring professionals and render its retention integral to the Debtors' success in these chapter 11 cases. Accordingly, the Debtors propose to engage A&M as their Restructuring Advisor in these chapter 11 cases, and they respectfully submit that A&M's retention is in the best interests of the Debtors, their estates and the other parties in interest.

### A. A&M's Qualifications

3. A&M, together with its affiliates, is a global leader in the provision of financial advisory services to financially distressed companies. A&M's professionals are experienced and adept at working with management to streamline complex restructurings and prepare companies for reorganization proceedings and complex financial restructurings, both in and out of court. *See e.g.*, *In re DJK Residential LLC*, No. 08-10375 (Bankr. S.D.N.Y. Feb. 26, 2008); *In re Dunmore Homes, Inc.*, No. 08-20569 (Bankr. E.D. Ca. Dec. 20, 2007); *In re Movie Gallery, Inc.*, No. 07-33849 (Bankr. E.D. Va. Oct. 18, 2007); *In re Spiegel, Inc.*, No. 03-11540 (Bankr. S.D.N.Y. Apr. 10, 2003); *In re The Warnaco Group, Inc.*, No. 01-41643 (Bankr. S.D.N.Y. Dec. 13, 2001); *In re Network Plus Corp.*, No. 02-10341 (Bankr. D. Del. July 1, 2002); *In re VecTour, Inc.*, No. 01-10903 (Bankr. D. Del. Feb. 11, 2002); *In re Iridium Operating LLC*, No. 99-45005 (Bankr. S.D.N.Y. Nov. 10, 1999).

### B. A&M's Prepetition Services

4. Before the Petition Date, the Debtors engaged A&M to provide restructuring advisory services in preparation for these chapter 11 cases on June 18, 2009. Since the beginning of its engagement, A&M has, among other things, familiarized itself with the Debtors' businesses, advised the Debtors on short-term cash management and coordinated the Debtors' preparation for these chapter 11 cases.

5.     As a result of the prepetition work performed on behalf of the Debtors, A&M has developed a significant reserve of institutional knowledge of the Debtors and their businesses and is now intimately familiar with the Debtors' affairs, operations, organizational and capital structure, and other related material information. Accordingly, A&M is uniquely situated to efficiently and effectively serve the Debtors in these chapter 11 cases.

### C.     Services to Be Provided

6.     The Debtors request the employment and retention of A&M to provide restructuring advisory services under the terms of the engagement letter between Citadel and A&M, dated as of June 18, 2009 (the "***Engagement Letter***," a copy of which is attached hereto as **Exhibit C**). Subject to further order of the Court and consistent with the terms of the Engagement Letter, A&M will provide certain consulting services as necessary and requested by the Debtors, including, without limitation, the following:[3]

(a)     assistance in planning and preparation for a potential chapter 11 bankruptcy filing, including assistance with the preparation of the Debtors' schedules and statements of financial affairs;

(b)     assistance, upon request, with the evaluation of financial restructuring-related issues and with the preparation of related documentation, including, without limitation 13-week cash flow projections, cash collateral projections and debtor-in-possession financing projections as related to a potential chapter 11 filing;

(c)     assistance with preparation of the plan and disclosure statement including, without limitation assistance with preparation of a liquidation analysis;

(d)     assistance with chapter 11 administrative and reporting requirements, including assistance with preparation of monthly operating reports and other chapter 11 reporting requirements;

(e)     assistance with claims management services; and

---

[3]     To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

(f)     other activities as are approved by the Debtors or Citadel's Board of Directors and agreed to by A&M.

**D.     Professional Compensation**

7.     A&M's decision to advise and assist the Debtors in connection with these chapter 11 cases is conditioned upon its ability to be retained in accordance with A&M's customary terms and conditions of employment, including billing according to A&M's standard hourly rates. As set forth in the Engagement Letter, the hourly billing rates for A&M professionals who may be assigned to this engagement are as follows:[4]

| Managing Director | $650 - $850 |
|---|---|
| Directors | $450 - $650 |
| Associates | $350 - $450 |
| Analysts | $250 - $350 |
| Claims Management Services | $250 - $625 |

8.     Such ranges of rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally.[5]

9.     In addition to any fees payable to A&M, the Debtors will reimburse A&M for all reasonable expenses incurred in connection with its services to the Debtors, including, without limitation, the costs of transportation, lodging, meals, telephone, photocopying and messenger services. All charges related to reasonable and necessary expenses will be included in the total amount billed.

10.     The hourly rates set forth above are consistent with and typical of arrangements entered into by A&M and comparable firms in connection with the rendering of similar services under similar circumstances. These hourly rates are subject to periodic adjustments to reflect

---

[4]     The rates above reflect A&M's new rates effective as of January 1, 2010.

[5]     Travel time will only be billed at 50% of the rates set forth in the table above.

market, economic and other conditions.  The rates set forth above are set at a level designed to fairly compensate A&M for its work and to cover fixed and routine overhead expenses.

11.     The Debtors do not owe A&M any fees for services performed or expenses incurred under the Engagement Letter before the Petition Date.  Upon execution of the Engagement Letter, the Debtors remitted a retainer to A&M in the amount of $200,000.  According to A&M's books and records, during the 90 days before the Petition Date, A&M received $578,211.57 for professional services performed and expenses incurred.  The portion of the retainer that remains unused as of the Petition Date, estimated to be approximately $184,000, will be held until the end of these chapter 11 cases and applied to A&M's finally approved fees in these proceedings.[6]

E.      **Indemnification**

12.     As part of the overall compensation payable to A&M under the terms of the Engagement Letter, the Debtors have agreed to certain indemnification obligations, which appear in the agreement attached to the Engagement Letter (the "***Indemnification Agreement***").  The Indemnification Agreement provides that the Debtors will indemnify and hold harmless A&M and its affiliates, directors, officers, partners, members, agents, employees or controlling persons of A&M or any of its affiliates under certain circumstances specified in the Indemnification Agreement.

13.     All requests of A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or

---

[6]     A&M does not intend to segregate the retainer balance in a separate account.

settlement in respect of which indemnity is sought. In no event, however, shall A&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct. Further, in no event shall A&M be indemnified if the Debtors or a representative of these estates, asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

14.     The Engagement Letter's reimbursement and indemnification provisions were negotiated by Citadel and A&M at arms'-length and in good faith. Further, the indemnification provisions, viewed in conjunction with the other terms of A&M's proposed retention, are reasonable and in the best interests of the Debtors in light of the fact that the Debtors require A&M's services to successfully restructure. Accordingly, the Debtors request that the Court approve A&M's retention, including the reimbursement and indemnification provisions reflected in the Indemnification Agreement.

### F.      No Duplication of Services

15.     The Debtors intend that the services of A&M will complement, and not duplicate, the services being rendered by other professionals retained in these chapter 11 cases, including Lazard Frères & Co. LLC. A&M understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

### G.      A&M's Distinteredness

16.     To the best of the Debtors' knowledge, information and belief, other than as set forth in the Kang Declaration, A&M:  (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United

States Trustee or any person employed in the Office of the United States Trustee; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

17.     Accordingly, the Debtors believe that A&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

18.     In addition, as set forth in the Kang Declaration, if any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

### Supporting Authority

19.     The Debtors seek approval of the Engagement Letter and Indemnification Agreement contained therein, pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ."  11 U.S.C. § 328(a).  Accordingly, section 328 permits the compensation of professionals, including financial advisors, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.),* 123 F.3d 861, 862 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.   That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.   Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

20.     The Debtors submit that not only is the retention of A&M well within the sound business judgment of Debtors management but it is in the best interests of all parties in interest in these chapter 11 cases.   A&M is a top-drawer restructuring advisory firm that is intimately familiar with the Debtors' businesses.   Given the Debtors' unfamiliarity with the process of in-court reorganization and the scarcity of available time and human capital among Debtors' personnel, A&M has been integral to preparing the Debtors for these chapter 11 cases.   The failure to retain A&M would provoke unnecessary delay and expense to the detriment of all of the parties in interest.   As such, the Debtors respectfully request that the Court authorize the retention and employment of A&M as restructuring advisors pursuant to section 328(a) of the Bankruptcy Code.

21.     The Debtors respectfully request that A&M's retention be made effective *nunc pro tunc* to the Petition Date, in order for A&M to be compensated for the services it provides before this application is heard by the Court.   A&M has agreed to commence providing services to the Debtors in advance of approval of this application in anticipation that its retention would be approved *nunc pro tunc* to the Petition Date.   The Debtors submit that these circumstances are of a nature warranting retroactive approval.   *In re AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999) (noting that bankruptcy courts have discretion to authorize *nunc pro tunc* approval of professional retentions); *In re Keren*, 189 F.3d 86, 87 (2d. Cir. 1999) (explaining factors to consider in determining whether *nunc pro tunc* approval is appropriate).

## Jurisdiction

22.     Pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), the Court has jurisdiction to consider and grant the relief requested herein.   A proceeding

to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

23. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 10-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## Motion Practice

24. This application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this application. Moreover, in addition to all entities otherwise entitled to receive notice, the Debtors have given notice of this application to all entities believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order. Accordingly, the Debtors submit that this application satisfies Local Rule 9013-1.

## Notice

25. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this application to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent under the Debtors' prepetition secured term loan; (d) the indenture trustees for the Debtors' prepetition 8.0% and orginial Convertible Subordinated Notes; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the Federal Communications Commission. A copy of the application is also available on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC,

at http://www.kccllc.net/citadel.  The Debtors respectfully submit that no other or further notice need be provided.

**<u>No Prior Request</u>**

26.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain A&M as restructuring advisor *nunc pro tunc* to the Petition Date and (b) such other and further relief as it deems just and proper.

Dated: January 8, 2010

/s/ *Randy L. Taylor*
_____
Randy L. Taylor
Senior Vice President and Chief Financial
Officer

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY
## AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS
## RESTRUCTURING ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "***Application***")[1] of the debtors and debtors in possession

(collectively, the "***Debtors***"),[2] for entry of an order authorizing the Debtors to employ and retain

Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are

wholly-owned by its parent company and employees), its wholly owned subsidiaries, and

independent contractors (collectively, "***A&M***") as restructuring advisor *nunc pro tunc* to the

Petition Date, all as more fully described in the Application; and the Court having jurisdiction to

consider this Application and the relief requested therein in accordance with 28 U.S.C §§ 157

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[2] The Debtors in these chapter 11 cases are: Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Debtors; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ Radio, LLC. The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128. The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.

and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and the Court having reviewed the Application and the Declaration of Michael D. Kang in support thereof (the "Kang Declaration"); and a hearing having been held to consider the relief requested in the Application (the "***Hearing***"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Application is approved as set forth herein.

2.      In accordance with sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain A&M, and A&M is authorized to perform and be compensated, as restructuring advisor to the Debtors on the terms and conditions set forth in the Application and the Engagement Letter, which are hereby approved, *nunc pro tunc* to the Petition Date.

3.      The provisions of Indemnification Letter are approved in their entirety, subject to the following until the earlier of (a) the date that a plan of reorganization is confirmed by final order of this Court or (b) the date that these chapter 11 cases are closed:

(a)    All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court; provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has been finally determined by a court of competent jurisdiction to have resulted from the bad-faith, gross negligence or willful misconduct on the party of that or any other Indemnified Person.

(b)    In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Indemnification Letter if the Debtors, their estates, or the official committee of unsecured creditors assert a claim for, and the Court determines by final order that such claim arose primarily out of, such Indemnified Person's bad-faith, gross negligence, or willful misconduct.

(c)    In the event A&M seeks reimbursement of its attorneys' fees from the Debtors pursuant to the Indemnification Letter or an Indemnified Person seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under sections 327 and 328(a) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Until the earliest of (a) the date that a plan of reorganization is confirmed by final order of this Court and (b) the date that these chapter 11 cases are closed, the Court shall be provided invoices (redacted as appropriate) with respect to such attorneys' fees and expenses, and shall have five days to object to such fees and expenses prior to their payment.

4.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

5.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The requirement set forth in Rule 9013-1(b) of the Local Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

9. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2010

_____
Honorable Burton R. Lifland
United States Bankruptcy Judge

## EXHIBIT B

**Kang Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

)
In re:                                              )    Chapter 11
                                                    )
CITADEL BROADCASTING CORPORATION, _et al._ )    Case No. 09-17442 (BRL)
                                                    )
                        Debtors.                    )    Jointly Administered
                                                    )
_____

### DECLARATION OF MICHAEL D. KANG IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISOR TO THE DEBTORS _NUNC PRO TUNC_ TO THE PETITION DATE

I, Michael D. Kang, being duly sworn, hereby depose and say:

1.       I am a Managing Director of Alvarez & Marsal North America, LLC ("**_A&M_**"), whose principal office located at 600 Lexington Avenue, New York, NY 10022.  If called and sworn as a witness, I could and would testify competently to the matters set forth herein.[1]

2.       This Declaration is made in support of the Application for Entry of an Order Authorizing and Approving the Retention of Alvarez & Marsal North America, LLC as restructuring advisor to Citadel Broadcasting Corporation and its affiliated debtors (collectively, the "**_Debtors_**"),[2] which has been filed contemporaneously herewith (the "**_Application_**").[3]

---

[1]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

[2]    The Debtors in these chapter 11 cases are:  Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ

## A.     A&M's Qualifications

3.     A&M, together with its affiliates (the "***Firm***"), is a global leader in the provision of restructuring advisory services to financially distressed companies.  A&M's professionals are experienced and adept at working with management to streamline complex restructurings and prepare companies for reorganization proceedings and complex financial restructurings, both in and out of court.

## B.     A&M's Prepetition Services

4.     On June 18, 2009, the Debtors engaged A&M to provide restructuring advisory services in preparation for these chapter 11 cases.  Since the beginning of its engagement, A&M has, among other things, familiarized itself with the Debtors' businesses, evaluated the Debtors' liquidity positions and coordinated the Debtors' preparation for these chapter 11 cases.

5.     As a result of the prepetition work performed on behalf of the Debtors, A&M has developed a significant reserve of institutional knowledge of the Debtors and their business and is now intimately familiar with the Debtors' affairs, operations, organizational and capital structure, documents and other related material information.   Accordingly, A&M is uniquely situated to efficiently and effectively serve the Debtors in these chapter 11 cases.

---

Radio, LLC.  The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  Information regarding the Debtors' business and the background of these chapter 11 cases can be found in the Declaration of Randy L. Taylor Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York in Support of First-Day Pleadings (the "***First Day Declaration***"), filed on December 20, 2009, the date the Debtors filed their petitions (the "***Petition Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

3     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

## C.    Services to Be Provided

6.    I request the employment and retention of A&M to provide restructuring advisory services under the terms of that certain engagement letter between Citadel and A&M, dated as of June 18, 2009 (the "***Engagement Letter***," a copy of which is attached to the Application as **Exhibit C**).    Subject to further order of the Court and consistent with the terms of the Engagement Letter, A&M will provide certain consulting services as necessary and requested by the Debtors, including, without limitation, the following:

(a)    assistance in planning and preparation for a potential chapter 11 bankruptcy filing, including assistance with the preparation of the Debtors' schedules and statements of financial affairs;

(b)    assistance, upon request, with the evaluation of financial restructuring-related issues and with the preparation of related documentation, including, without limitation 13-week cash flow projections, cash collateral projections and debtor-in-possession financing projections as related to a potential chapter 11 filing;

(c)    assistance with preparation of the plan and disclosure statement including, without limitation assistance with preparation of a liquidation analysis;

(d)    assistance with chapter 11 administrative and reporting requirements, including assistance with preparation of monthly operating reports and other chapter 11 reporting requirements;

(e)    assistance with claims management services; and

(f)    other activities as are approved by the Debtors or Citadel's Board of Directors and agreed to by A&M.

## D.    Professional Compensation

7.    Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Local Rules of this Court, A&M will seek from the Debtors payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by A&M.  A&M's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the

professionals assigned to this engagement are outlined in the Application. These hourly rates are adjusted annually.

8.      The Debtors do not owe A&M any fees for services performed or expenses incurred under the Engagement Letter before the Petition Date.  Upon execution of the Engagement Letter, the Debtors remitted a retainer to A&M in the amount of $200,000. According to A&M's books and records, during the 90 days before the Petition Date, A&M received $578,211.57 for professional services performed and expenses incurred.  The portion of the retainer that remains unused as of the Petition Date, estimated to be approximately $184,000, will be held until the end of these chapter 11 cases and applied to A&M's finally approved fees in these proceedings.[4]

9.      The Engagement Letter's reimbursement and indemnification provisions were negotiated by A&M at arm's-length and in good faith.

**E.      No Duplication of Services**

10.     A&M intends that its services will complement, and not duplicate, the services being rendered for Debtors by other professionals retained in these chapter 11 cases, including Lazard Frères & Co. LLC.  A&M understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

**F.      A&M's Disinterestedness**

11.     The Firm utilizes certain procedures ("***Firm Procedures***") to determine the Firm's relationships, if any, to parties that may have a connection to a client debtor.  In implementing

---

[4]     A&M does not intend to segregate the retainer balance in a separate account.

the Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtors, and the Firm's relationship with such parties:

(a) A&M requested and obtained from the Debtors extensive lists of interested parties and significant creditors (the "**_Potential Parties in Interest_**").[5] The list of Potential Parties in Interest which A&M reviewed is annexed hereto as **Schedule 1**. The Potential Parties in Interest reviewed include, among others, the Debtors, prepetition lenders, officers, directors, significant customers and suppliers (not including utilities unless they fell within the Debtors top fifty unsecured creditors), parties holding ownership interests in the Debtors, significant counterparties to material agreements and significant litigation claimants.

(b) A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "**_Client Database_**"). The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c) An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and either the Potential Parties in Interest or the Debtors, on the other hand,[6] (ii) any known connections or representation by the respondent and/or the Firm of any of the Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Debtors.

---

[5] The list of Potential Parties in Interest is expected to be updated during these cases. A&M continues to review the relationships its professionals may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist. As may be necessary, A&M will supplement this Affidavit if it becomes aware of a relationship that may adversely affect A&M's retention in these cases or discovers additional parties in interest through the filing of statements of financial affairs or statements under Rule 2019. A&M will update this disclosure if it is advised of any trading of claims against or interests in the Debtors that may relate to A&M's retention or otherwise requires disclosure.

[6] In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or any other party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estates.

(d)     Known connections between former or recent clients of the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Affidavit.  These connections are listed in **Schedule 2** annexed hereto.

12.     As a result of the Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, A&M:

(a)     is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services)[7] or an equity security holder of the Debtors;

(b)     is not, and has not been, within 2 years before the Petition Date, a director, officer, or employee of the Debtors; and

(c)     does not have an interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

13.     As can be expected with respect to any international professional services firm such as A&M, the Firm provides services to many clients with interests in the Debtors' chapter 11 cases.  To the best of my knowledge, except as indicated below, the Firm's services for such clients do not relate to the Debtors' chapter 11 cases.

14.     Further, as part of its diverse practice, the Firm appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants and financial consultants, who represent claimants and parties in interest in the Debtors' chapter 11 cases.  Further, the Firm has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which A&M is to be employed, and none are in connection with these cases.

---

[7]    See paragraph 11 above.

15.     To the best of my knowledge, no employee of the Firm is a relative of, or has been connected with, the United States Trustee for the Southern District of New York or its employees.

16.     Accordingly, to the best of my knowledge, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

17.     If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: DECEMBER 23, 2009                    Alvarez & Marsal North America, LLC

# SCHEDULE 1

## List of Schedules

| Schedule | Category |
|----------|----------|
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Significant Contract Counterparties |
| 1(d) | Significant Customers |
| 1(e) | Greater than 5% Equity Holders |
| 1(f) | Indenture Trustees |
| 1(g) | Holders of Bonds and Beneficiaries of Letters of Credit |
| 1(h) | Lease Counterparties |
| 1(i) | Lenders |
| 1(j) | Litigation Parties |
| 1(k) | Professionals |
| 1(l) | Significant Vendors |
| 1(m) | Sureties, Insurers and Obligees |
| 1(n) | Tax Authorities |
| 1(o) | Top Fifty Unsecured Creditors |
| 1(p) | United States Trustee for the Southern District of New York (and Key Staff Members) |
| 1(q) | Utility Providers |

# SCHEDULE 1(a)

## Current and Recent Former Entities Affiliated with the Debtors

222 JV Clear Channel
2L Corp.
Alphabet Acquisition Corp.
Atlanta Radio LLC
Aviation I LLC
CG Meridian Entertainment
CG Meridian LLC
Chicago FM Radio Assets LLC
Chicago License LLC
Chicago Radio Assets LLC
Chicago Radio Holding LLC
Chicago Radio LLC
Citadel Broadcasting Co.
Citadel Broadcasting Corp.
DC Radio Assets LLC
DC Radio LLC
Deer Point Tower Venture LLC
Detroit Radio LLC
iBiquity Digital Corp.
Innovative Radio Solutions LLC
International Radio Inc.
KBAP-KSCS Radio Group Ltd.
KLOS Radio LLC
KLOS Syndications Assets LLC
KLOS-FM Radio Assets LLC
LA License LLC
LA Radio LLC
Last Bastion Trust LLC, The
Minneapolis Radio Assets LLC
Minneapolis Radio LLC
Nashville Tower
Network Licenses LLC
NY License LLC

NY Radio Assets LLC
NY Radio LLC
Oklahoma Radio Partners LLC
Radio Assets LLC
Radio Disney Network
Radio License Holding I LLC
Radio License Holding II LLC
Radio License Holding III LLC
Radio License Holding IV LLC
Radio License Holding IX LLC
Radio License Holding V LLC
Radio License Holding VI LLC
Radio License Holding VII LLC
Radio License Holding VIII LLC
Radio License Holding X LLC
Radio License Holding XI LLC
Radio License Holding XII LLC
Radio Networks LLC
Radio Today Entertainment Inc.
Radio Watermark Inc.
REACH Media Inc.
San Francisco Radio Assets LLC
San Francisco Radio LLC
SF License LLC
Shoreview FM Group
Wasatch Radio LLC
WBAP-KSCS Acquisition Partner LLC
WBAP-KSCS Assets LLC
WBAP-KSCS Radio Acquisition LLC
WBAP-KSCS Radio Group Ltd.
White Cloud Aviation LLC
WPLJ Radio LLC

# SCHEDULE 1(b)

## Current and Recent Former Directors and Officers

Brown, Katherine
Checketts, David W.
Ellis, Judith A.
Forstmann, J. Anthony
Forstmann, Theodore J.
Freedline, Robert G.
Holmes, Gordon A.
Horbach, Sandra J.
Miles, Michael A.
Orr, Jacquelyn J.
Regan, Michael J.
Reifenheiser, Thomas V.
Rose, Charles P., Jr.
Siegel, Herbert J.
Smith, Wayne T.
Stratford, Patricia
Suleman, Farid
Taylor, Randy L
.

# SCHEDULE 1(c)

## Significant Contract Counterparties

12 Stops Inc.
260-261 Madison Avenue
ABC Inc.
ABC News
AFTRA National Code
American Tower Corp.
Apex Broadcasting Inc.
Arbitron Inc.
Baisden Enterprises
Baisden, Michael
BAL Corporate Aviation LLC
Barnard Co. Inc.
Beckmann, Frank
Big Boy
Brooks, Kix
Brzezinski, Mika
Buffalo Bills Inc.
C Student Entertainment
Crimson Tide Sports Marketing
CSM Investors Inc.
Cuzco LLC
Disney CORE Services
District of Columbia Joint Tower Venture
Emmis Communications Corp.
Empire State Building Co. LLC
Forgotten Town LLC
Fourth & Roma Properties Trust
Gilbert, Edward F.
Gilbert, Mary Lou
Hanco Ltd.
Host Communications
Interstate North Office Park
ISP-International Sports Properties Inc.
Jack Diamond Enterprises
Jenifer Street LP
KABC Announcers and Freelance (AFTRA)
KABC/KLOS office clerical (STDU)
KGO Staff Announcers and Newspersons (AFTRA)
KGO Televison Inc.
KLOS Staff Announcers and Freelance (AFTRA)

KSFO Staff Announcers and Freelance (AFTRA)
KSL Mountain Top
Kurt, Alexander
Lakepointe West LLC
Learfield Communications Inc.
Liberty Square Inc.
LKBOC LLC-11-08 JP Morgan Chase
Me and Marconi Inc.
Mericle Properties
NABET
Network Staff Newspersons (AFTRA)
Oak Ridge FM Inc.
One City Center
Port of San Francisco, Commercial Property Manager
Premiere Radio Networks Inc.
Price Development
R&R Investor Ltd.
Reach Media
REIT Management & Research LLC
Richard RB Ellis
Richland Towers Inc.
RK Lowe Revocable Trust
Scarborough, Job
SES Americom Inc.
Smith, Paul W.
Tennessee Titans
TMP Tiffany Square
Triple Net Properties LLC
Triple Net-Campau Building Co.
Vornado Two Penn Plaza LLC
WABC Staff Announcers (AFTRA)
WABC Staff Newspersons (AFTRA)
West Coast Regional Code
Wicks Broadcast Solutions LLC
WJZW Announcers (AFTRA)
WLS Television Inc.
WLS/WZZN Announcers and Newspersons
WMAL and WRQX Announcers and Newspersons
WPLJ FM Talent Agreement
YSS LLC

# SCHEDULE 1(d)

## Significant Customers

AT&T Inc.
Brinker International
Charter Communications
Chevron Corp.
Chris Christie for NJ Governor
Comcast Cable
Comcast Corp.
Cox Communications
David Stanley Dodge
Dunkin Donuts
Edelman, Ric
Incentrev Inc.
Joseph A. Bank
JP Morgan Chase
Kroger Co., The
Marketing Architects
McDonald's Corp.
Meijer Inc.
Michelin Tires
Michigan State Lottery
Mutual Fund Store
Mutual Fund Store
National City Corp.
Pepsi Cola
Sandia Resort & Casino
Shane Co.
Sit 'N Sleep Inc.
Six Flags Inc.
Sleepy's
So Cal Toyota
Soaring Eagle Casino
Sprint PCS
Subway
Tennessee Lottery
Time Warner Cable
Tl Partnership
Verizon Wireless

# SCHEDULE 1(e)

## Greater Than 5% Equity Holders

Amalgamated Gadget LP
Forstmann Little & Co. Equity Partnership-VI LP
Forstmann Little & Co. Subordinated Debt and Equity Management Buyout Partnership-VII LP
Forstmann, Theodore J.
Hotchkis & Wiley Capital Management LLC
Wells Fargo & Co.

# SCHEDULE 1(f)

## **Indenture Trustees**

HSBC Corporate Trust & Loan Agency
JP Morgan
Wilmington Trust FSB

# SCHEDULE 1(g)

## Holders of Bonds and Beneficiaries of Letters of Credit

260-261 Madison Avenue LLC
Ace American Insurance Co.
Alabama Power Co.
BAL Corporate Aviation LLC
Bank of America Leasing & Capital
Entergy Arkansas Inc.
Michigan, State of
New York, State of
United States Fire Insurance Co.
Utah, State of

# SCHEDULE 1(h)

## **<u>Lease Counterparties</u>**

B&H Investments
CitiCorp Vendor Finance Inc.
De Lage Landen Financial Services
Documation
Gulf Coast Office Products
Pacific Office Automation, Inc.
The Ultimate Software Group, Inc.
Tuscaloosa Toyota

# SCHEDULE 1(i)

## Lenders

40/86 Advisors Inc.
505 CLO I Ltd.
Acas CLO 2007-1 Ltd.
AIG Annuity Insurance Co.
AIG Bank Loan Fund Ltd.
AIG Global Investment Corp.
AIG Saturn CLO Ltd.
AIG-Sunamerica Senior Floating Rate Fund Inc.
Aim Floating Rate Fund
Aimco CLO Series 2005-A
Aimco CLO Series 2006-A
Airlie CLO 2006-I Ltd.
Airlie Opportunity Capital Management LP
Aladdin Capital Management LLC
Aladdin Flexible Investment Fund SPC Series 2007-1
Allstate Investment Management Co.
Allstate Life Insurance Co.
Alzette European CLO
American Capital Ltd.
American International Group Inc.
American Money Management Corp.
Ameriprise Certificate Co.
Ammc CLO III Ltd.
Ammc CLO IV Ltd.
Ammc CLO VI Ltd.
Ammc VII Ltd.
Ammc VIII Ltd.
Apidos Capital Management LLC
Apidos CDO II
Apidos CDO III
Apidos CDO IV
Apidos CDO V
Apidos Cinco CDO
Apidos Quattro CDO
Ares Enhanced Ln Inv III Ltd.
Ares Enhanced Loan Investment Strategy Ir Ltd.
Ares III Ivr CLO Ltd.
Ares IX CLO Ltd.
Ares Management LP
Ares VII CLO Ltd.

Ares VIII CLO Ltd.
Ares Vir CLO Ltd.
Ares Vr CLO Ltd.
Ares XI CLO Ltd.
Ares XII CLO Ltd.
Armstrong Loan Funding Ltd.
Artus Loan Fund 2007-I Ltd.
Atlantis Funding Ltd.
Atrium V
Avalon Capital Ltd. 3
Avery Point CLO Ltd.
Avery Street CLO Ltd.
Babson Capital Management LLC
Babson CLO Ltd. 2004 I
Babson CLO Ltd. 2004-II
Babson CLO Ltd. 2005-I
Babson CLO Ltd. 2005-II
Babson CLO Ltd. 2005-III
Babson CLO Ltd. 2006-1
Babson CLO Ltd. 2006-II
Babson CLO Ltd. 2007-I
Babson CLO Ltd. 2008-I
Babson Credit Strategies CLO Ltd.
Baltic Funding LLC
Bank of America NA
Bank of New York Mellon Corp., The
BDCM Fund Adviser LLC
Belhurst CLO Ltd.
Black Diamond CLO 2005-1 Ltd.
Black Diamond CLO 2006-1 Cayman Ltd.
Blackstone Debt Advisors LP
Blue Shield of California
Boston Harbor CLO 2004-1 Ltd.
Callidus Capital Management LLC
Callidus Debt Partners CLO Fund VI Ltd.
Callidus Debt Partners CLO Fund VII Ltd.
Calyon
Calyon, New York Branch
Canaras Capital Management LLC
Canaras Summit CLO Ltd.
Canyon Capital Advisors LLC
Canyon Capital CLO 2004-1 Ltd.
Canyon Capital CLO 2006-1 Ltd.

Canyon Capital CLO 2007-1 Ltd.
Capitalsource Bank
Castle Hill III CLO Ltd.
Castle Hill II-Ingots Ltd.
Castle Hill I-Ingots Ltd.
Caywood-Scholl Cap Management LLC
Celts CLO 2007-1 Ltd.
Cent CDO 10 Ltd.
Cent CDO 15 Ltd.
Cent CDO XI Ltd.
Centaurus Loan Trust
Centurion CDO 8 Ltd.
Centurion CDO 9 Ltd.
Centurion CDO VI Ltd.
Centurion CDO VII Ltd.
Champlain CLO Ltd.
Chatham Light II CLO Ltd.
Chelsea Park CLO Ltd.
Churchill Pacific Asset Management LLC
CIFC Funding 2007-III
Cit Asset Management LLC
Cit Group/Equipment Financing Inc.
Citigroup Alternative Investments LLC
Clydesdale CLO 2003 Ltd.
Clydesdale CLO 2004 Ltd.
Clydesdale CLO 2005 Ltd.
Clydesdale CLO 2006 Ltd.
Clydesdale CLO 2007-1 Ltd.
Clydesdale Strategic CLO I Ltd.
CM Life Insurance Co.
Coa Caerus CLO Ltd.
Cole Brook CBNA Loan Funding LLC
Columbus Nova Credit Investments
Management LLC
Columbusnova CLO IV Ltd. 2007 II
Columbusnova CLO Ltd. 2006-1
Columbusnova CLO Ltd. 2006-II
Columbusnova CLO Ltd. 2007-1
Commercial Industrial Finance Corp.
Confluent 2 Ltd.
Contrarian Capital Management LLC
Contrarian Funds LLC
Cornerstone CLO Ltd.
Credit Agricole SA
Credit Industriel et Commercial
Credit Lyonnais, New York Branch

Credit Suisse Asset Management
Credit Suisse Group AG
Credit Suisse, Cayman Islands Branch
Csam Funding III
Csam Funding IV
Cypresstree Investment Management Co.
Inc.
DC Funding Partners LLC
Del Mar CLO I Ltd.
Denali Capital CLO V Ltd.
Denali Capital CLO VI Ltd.
Denali Capital CLO VII Ltd.
Deutsche Bank AG
Deutsche Bank AG, Cayman Islands Branch
Deutsche Bank Trust Co. Americas
DiMaio Ahmad Capital LLC
Diversified Credit Portfolio Ltd.
Dryden VIII-Leveraged Loan CDO 2005
Dryden XI-Leveraged Loan CDO 2006
Dryden XVI-Leveraged Loan CDO 206
Dryden XXI Leveraged Loan CDO Llc
Duane Street CLO 1 Ltd.
Duane Street CLO II Ltd.
Duane Street CLO III Ltd.
Duane Street CLO IV Ltd.
Duane Street CLO V Ltd.
Eagle Creek CLO Ltd.
Eaton Vance CDO IX Ltd.
Eaton Vance CDO VIII Ltd.
Eaton Vance Floating Rate Income Trust
Eaton Vance Grayson & Co.
Eaton Vance Institutional Senior Loan Fund
Eaton Vance Loan Opportunities Fund Ltd.
Eaton Vance Management
Eaton Vance Medallion Floating Rate
Income Portfolio
Eaton Vance Senior Debt Portfolio
Eaton Vance Senior Floating Rate Trust
Eaton Vance Variable Trust Floating Rate
Income Fund
Emerson Place CLO Ltd.
Essex Park CDO Ltd.
Fall Creek CLO Ltd.
Feingold O'Keeffe Capital LLC
Fidelity Advisor Series I-Advisor Floating
Rate High Income Fund

Fidelity Investments
First Trust Four Corners Senior Floatingrate Income Fund II
First Trust/Four Corners Senior Floatingrate Income Fund
Firstlight Financial Corp.
Firstlight Funding I Ltd.
Four Corners Capital Management LLC
Four Corners CLO 2005-I Ltd.
Four Corners CLO II Ltd.
Foxe Basin CLO 2003 Ltd.
Franklin Advisers Inc.
Franklin CLO V Ltd.
Franklin CLO VI Ltd.
Franklin Floating Rate Daily Access Fund
Franklin Floating Rate Master Series
Franklin Total Return Fund
Fraser Sullivan Investment Management LLC
Galaxy CLO 2003-1 Ltd.
Galaxy IV CLO Ltd.
Galaxy V CLO Ltd.
Galaxy VI CLO Ltd.
Galaxy VII CLO Ltd.
Galaxy VIII CLO Ltd.
Galaxy X CLO Ltd.
Gannett Peak CLO I Ltd.
GE Business Financial Service
General Electric Capital Corp.
Genesis CLO 2007-1 Ltd.
Goldman Sachs Asset Management LP
Goldman Sachs Credit Partners LP
Goldman Sachs Group Inc., The
Goldman Sachs-Abs Loans 2007 Ltd.
Golub Capital Funding Clo-8 Ltd.
Golub Capital Management CLO 2007-1 Ltd.
Golub Capital Management LLC
Grand Central Asset Trust Cameron I Ser Ies
Grand Central Asset Trust Pfv Series
Granite Ventures I Ltd.
Granite Ventures II Ltd.
Granite Ventures III Ltd.
Grant Grove CLO Ltd.
Great American Insurance Co.

Great American Life Insurance Co.
Green Island CBNA Loan Funding LLC
Greyrock CDO Ltd.
GSC Group Inc.
Gsc Partners CDO Fund V Ltd.
Gsc Partners CDO Fund VI Ltd.
Gsc Partners CDO Fund VIII Ltd.
Gsc Partners Gemini Fund Ltd.
GSO Capital Partners  LP
Hamlet II Ltd.
Harbourview CLO 2006-1
Hartford Floating Rate Fund, The
Hartford Investment Management Co.
Hewett S Island CLO VII Ltd.
Hillmark Capital Management LP
Hudson Canyon Funding II Subsidiary Holding Co. II Llc
Ing Capital LLC
Ing Corporate Opportunities Segregated Portfolio
Ing Gis Distressed Fund Spc
Ing International II -Senior Bank Loaneuro
Ing Investment Management CLO I Ltd.
Ing Investment Management CLO III Ltd.
Ing Investment Management CLO Iv Ltd.
Ing Investment Management CLO V Ltd.
Ing Investment Management LLC
Ing Investments LLC
Ing Prime Rate Trust
Ing Senior Income Fund
Invesco Institutional NA Inc.
Inwood Park CDO Ltd.
Jefferies Capital Management Inc.
Jersey Street CLO  Ltd.
JP Morgan Investment Management Inc.
JP Morgan Whitefriars Inc.
Jpmcb-Secondary Loan And Distressed Credit Trading
Jpmim-Louisiana State Employees Retirement System
Jpmorgan Bank
Jpmorgan Chase Bank NA
Katonah 2007-I CLO Ltd.
Katonah Debt Advisors LLC
Katonah III Ltd.
Katonah IV Ltd.

Katonah V Ltd.
Katonah VII  Ltd.
Katonah VIII CLO Ltd.
Katonah X CLO Ltd.
Kingsland Capital Management LLC
Kingsland I Ltd.
Kingsland II Ltd.
Kingsland III Ltd.
Kingsland IV Ltd.
Kingsland V Ltd.
KKR Financial CLO 2007-1 Ltd.
KKR Financial Corp.
Landmark III CDO Ltd.
Landmark IV CDO Ltd.
Landmark IX CDO Ltd.
Landmark V CDO Ltd.
Landmark VI CDO Ltd.
Landmark VII CDO Ltd.
Latitude CLO I
Latitude CLO II Ltd.
Latitude CLO III Ltd.
Lcm I LP
Lcm II LP
Lcm III Ltd.
Lcm IV Ltd.
Lcm V Ltd.
Lcm VI Ltd.
Legg Mason Partners Corporate Loan Fund
Inc.
Lehman Brothers Asset Management LLC
Lightpoint CLO III Ltd.
Lightpoint CLO VIII Ltd.
Limerock CLO I
Loan Funding IX LLC
Loan Funding VI LLC
Loan Funding XI LLC
Loyalis Schade NV
Lufkin Advisors LLC
Lyon Capital Management
Madison Park Funding II Ltd.
Madison Park Funding V Ltd.
Maplewood Cayman Ltd.
Marlborough Street CLO Ltd.
Massachusetts Financial Services Co.
Massachusetts Mutual Life Insurance Co.
McDonnell Investment Management LLC

McDonnell-Illinois State Board of
Investment
Merrill Lynch & Co. Inc.
Merrill Lynch Capital Corp.
Mizuho Corporate Bank Ltd.
MJX Asset Management LLC
Mjx Venture IV CDO Ltd.
Monument Park CDO Ltd.
Moselle CLO SA
Mt Wilson CLO II Ltd.
Mt Wilson CLO Ltd.
Muir Grove CLO Ltd.
Nacm CLO Ii
Nash Point CLO
Nautique Funding Ltd.
Navigare Funding III CLO Ltd.
Navigare Partners LLC
Ncm Fsim 2008-1 LLC
New York Life Investment Management
Nicholas-Applegate Capital Management
LLC
Nomura Bond & Loan Fund
Nomura Corporate Research & Assset
Management Inc.
Nomura-Ncram Loan Trust
Norinchukin Bank, The
Norinchukin Bank-New York
Normura-Ncram Senior Loan Trust 2005
Ntcc Multi-Advisor Funds-High Yield
Fund-Stone Harbor Investment Partners LP
Nuveen Multi-Strategy Income And Growth
Fund
Nuveen Multi-Strategy Income and Growth
Fund 2
Nuveen Senior Income Fund
Ocean Trails CLO I
Octagon Credit Investors LLC
Octagon Investment Partners Vii Ltd. Series
2004-7x Class B2l
Octagon Investment Partners VIII Ltd.
Olympic CLO I Ltd.
Oppenheimer Master Loan Fund LLC
Oppenheimer Senior Floating Rate Fund
Oppenheimer Funds Inc.
Ore Hill Partners LLC
Pacific Investment Management Co.

Pacific Life Insurance Co.
Pangaea Asset Management LLC
Par IV Capital Management LLC
Petrusse European CLO SA
Potential CLO I Ltd.
Primus Asset Management Inc.
Primus CLO I Ltd.
Primus CLO II Ltd.
Princeton Advisory Group Inc.
Prospect Park CDO Ltd.
Prudential Investment Management Inc.
Putah8-Interpolis Pensioenen Global High Yield Pool
Putnam 14-High Yield Trust
Putnam 29x-Funds Trust Floating Rate Income Fund
Putnam 60-High Yield Advantage Fund
Putnam 67-Putnam Variable Trust-Putnam Vt High Yield Fund
Putnam 73-Premier Income Trust
Putnam 74-Master Intermediate Income Trust
Putnam 75-Diversified Income Trust
Putnam 961-Variable Trust Diversified Income Fund
Putnam Advisory Co. LLC
Putnam Diversified Income Trust Cayman Master Fund
Putnam Investment Management LLC
R2 Top Hat Ltd.
Race Point II CLO
Race Point III CLO
Race Point IV CLO Ltd.
Regatta Funding Ltd.
Riverside Park CLO Ltd.
Riversource 106 Bond Series Inc.-Floating Rate Fund
Riversource Cent CDO 12 Ltd.
Riversource Cent CDO 14 Ltd.
Riversource Investments LLC
Riversource Strategic Income Allocation Fund
Rosedale CLO Ltd.
Royal Bank of Scotland Plc
Royal Bank of Scotland Plc, New York Branch

Sagamore CLO Ltd.
San Francisco City & County Employees Retirement System
San Gabriel CLO I Ltd.
Sandler Capital Management
Sandler Capital Structure Opportunities Master Fund Ltd.
Sankaty Credit Opportunities IV LP
Sankaty Credit Opportunities Offshore Master IV LP
Sankaty High Yield Partners II LP
Sankaty High Yield Partners III LP
Sankaty-Future Fund Board of Guardians
Sankaty-Future Fund Board of Guardians
Sapphire Valley CDO I Ltd.
Saratoga CLO I Ltd.
Sargas CLO I Ltd.
Scepter Holdings Inc.
Scotia Capital Inc.
Scotiabank Ireland Ltd.
Sf-3 Segregated Portfolio
Sfr Ltd.
Shasta CLO I Ltd.
Shenkman Capital Management Inc.
Shenkman-Cuna Mutual Insurance Society
Sierra CLO II Ltd.
Silverado CLO 2006-I Ltd.
Silverado CLO 2006-Ii Ltd.
Sovereign Bank
Sss Funding II LLC
Stanfield Capital Partners LLC
Stanfield Vantage CLO Ltd.
Stanfield Veyron CLO Ltd.
Stone Harbor High Yield Bond Fund
Stone Harbor Investment Funds-High Yieldbond Fund
Stone Harbor Investment Partners LP
Stone Harbor Investment Partners-Hugheson Ltd.
Stone Harbor Leveraged Loan Portfolio
Stone Harbor Libor Plus Total Return Fund
Stone Harbor-Commonwealth of Pennsylvania State Employees Retiretment
Stone Harbor-Libra Global Ltd.
Stone Harbor-Municipal Employees Retirement System of Michigan

Stone Harbor-National Elevator Industry Pension Plan
Stone Harbor-San Joaquin County Emp Ret Assoc
Stone Harbor-Sterling Core Plus Bond Fund
Stone Harbor-Ubs Uk Pension and Life Assurance Scheme
Stone Harbor-Wallace H Coulter Foundation
Stone Tower CDO II Ltd.
Stone Tower CDO Ltd. Bsc Migr
Stone Tower CLO III Ltd.
Stone Tower CLO IV Ltd.
Stone Tower CLO V  Ltd.
Stone Tower CLO VI Ltd.
Stone Tower CLO VII Ltd.
Stone Tower Debt Advisors LLC
Stoney Lane Funding I Ltd.
Sumitomo Mitsui Banking Corp.
Sumitomo Mitsui Banking Corp., New York
Summit Lake CLO Ltd.
SunTrust Bank
Symphony Asset Management LLC
Symphony CLO I Ltd.
Symphony CLO III Ltd.
Symphony CLO IV Ltd.
Symphony CLO V Ltd.
Symphony CLO VI Ltd.
Tall Tree Investment Management LLC
Temp11520-Fts Ii F Franklin Floating Rate II Fund
Tralee CDO I Ltd.
Tribeca Park CLO Ltd.
Trimaran Advisors LLC
Trimaran CLO IV Ltd.
Trimaran CLO V Ltd.
Trimaran CLO VI Ltd.
Trimaran CLO VII Ltd.
Trs Babson I LLC
Union Square CDO Ltd.
Van Kampen Asset Management
Van Kampen Senior Income Trust
Van Kampen Senior Loan Fund
Veer Cash Flow CLO Ltd.

Venture II CDO 2002 Ltd.
Venture III CDO Ltd.
Venture IX CDO Ltd.
Venture V CDO Ltd.
Venture VI CDO Ltd.
Venture VII CDO Ltd.
Venture VIII CDO Ltd.
Victoria Court CBNA Loan Funding LLC
Vinacasa CLO Ltd.
Vista Leveraged Income Fund
Wachovia Bank NA
Wamco 2357-Legg Mason Partners Capital and Income Fund
Wamco 3073-John Hancock Trust Floating Rate Income Trust
Wamco 3074-John Hancock Fund II-Floating Rate Income Fund
Wamco 984-Western Asset Funds Inc. Core Plus Bond Portfolio
Wamco Ltd. A/C 2592
Wamco Western Asset Floating Rate High Income Fund LLC
Wasatch CLO Ltd.
Wells and Co. Master Pension Trust
Wells Capital Management Inc.
Wells Capital Management-12222133
Wells Capital Management-16959700
Wells Capital Management-16959701
Wells-13702900
West Gate Horizons Advisors LLC
Western Asset Management Co.
WestLB AG, New York Branch
Wg Horizons CLO I
Whitehorse Capital Partners LP
Whitehorse II Ltd.
Whitehorse III Ltd.
Whitehorse IV Ltd.
Whitehorse V Ltd.
Whitney CLO I Ltd.
Wind River CLO I Ltd.
Wind River CLO II-Tate Investors Ltd.
Yorkville CBNA Loan Funding LLC

# SCHEDULE 1(j)

### Litigation Parties

ABC News
Acacia Media Technologies Inc.
Aldav LLC
American Broadcasting Cos. Inc.
Banks, Doug
Beneficial Mortgage Co. of Connecticut
Bergson Tire Co. Inc.
Bowe, Aleca
Brown, Ewing
Brown, Jeanne
Burkes, Jeanette
Capstar Radio Operating Co.
Chase Bank USA, N.A.
Church, Terri
Clear Channel
Clear Channel
Clear Channel
CloudTrigger
Club "W" Inc.
Colorofchange.org
Comerford, William M.
Cook, Linda
Crowley, Bob
DePetrillo, Thomas
Dolan, John Mitchell
Douglas, Calvin
FDB Family Trust
Galeyan, Mary
Gelb, Robert
Gigliotti, Richard
Gomes, Bonnie
Hamstra, Carol
Haskew Co., The

Haskew, Jerre
Hilton, Heather
Hogg, Ian
In-Hand Productions Inc.
Kevorkian, Tracy
Kourkounis, Kiley
Marshall, Robin
McClinton, Valerie
McKoy, J. Michael
MRS Cleaning Co.
NABET
National Association of Broadcast
Employees and Technicians
New York State Attorney General
New York State Department of Labor
NYSE Regulation
Plinke, Terry
Prentiss, Kimberly
Robinson, James
Rodriques, Anthony
Rucker, James
Ryan, Marty G.
Salesforce.com Inc.
Stanley Steemer International Inc.
Thomas, Tracy
Turner, George M.
US Department of Labor, Office of Federal
Contract Compliance
Visser, Donovan
Walt Disney Co., The
Yaegle, Lisa
Zevetchin, Davide G.
Zevetchin, Kimberley J.

# SCHEDULE 1(k)

## **Professionals**

Alvarez & Marsal Inc.
Anthony Ostlund Baer & Louwagie PA
Credit Suisse Securites (USA) LLC
Deloitte & Touche
FTI Consulting Inc.
Hogan & Hartson LLP
Lazard Freres
Simpson Thacher & Bartlett MNP LLP
Stroock & Stroock & Lavan LLP

# SCHEDULE 1(l)

## Significant Vendors

AFTRA Health & Retirement Fund
Alabama Power Co.
American Broadcasting Co.
American Express
American Express Purchase
American Express T&E
American Tower Corp.
Ando Media LLC
Aon Risk Services Inc. of Florida
Arbitron Inc.
ASCAP
Associated Press, The
AT&T
Baisden Enterprises Inc.
Barnard & Co.
BMI Radio
Broadcast Music Inc.
Broadridge
Brookhollow II LP
Buffalo Bills Inc.
C Student Entertainment
Cananwill Inc.
CB Richard Ellis/Carmody LLC
CBS Radio Corp.
CBS Radio Inc.
CBS/Infinity
Cglic Bloomfield Easc
Chisholm Trail Broadcasting
City Center West
Csm Investors Inc.
Cumulus Broadcasting LLC
Dell Marketing LP
Deloitte & Touche LLP
Dewey & Leboeuf LLP
DMR
Empire State Building Co.
Entertainment Communications Network Inc.
Entravision Communications Corp.
ESPN Inc.
Federal Communications Commission
FK South LLC
Forgotten Town LLC

Fourth & Roma Properties Trust
Franchise Tax Board
FTI Consulting Inc.
GAC
Girgner Inc.
Hannity, Sean
Hicks Sports Group LLC
Host Communications Inc.
ICBC Corp.
Img Communications Inc.
Internal Revenue Service
Interstate North Office Park LP
Jack Diamond Enterprises Inc.
Jenifer Street LP
Katz Media Corp.
KGO TV Inc.
Leventhal Senter & Lerman PLLC
Levin, Mark
Limelight Networks Inc.
Los Angeles Dodgers LLC
Marketron Broadcast Solutions LLC
Mediaspan FMW Inc.
Mellon Investor Services LLC
Metlife Inc.
Michigan Department of Treasury
Michigan, State Of
Millennium Radio Group
Minnesota Revenue
Montgomery County (MD)
National Grid PLC
New Mexico Taxation and Revenue Department
Nielsen Broadcast Data Systems
Oak Ridge FM Inc.
Office Depot
Penguardia Productions Inc.
Premiere Radio Networks
Quest Business Solutions
Qwest
Reach Media Inc.
SES Americom
Sesac Inc.
Soundexchange Inc.

Spanish Broadcasting System
Symetra Life Insurance Co.
Tennessee Titans
Verizon
Verizon Business
VII 444 Madison Lessee LLC

Vornado 2 Penn Plaza
Wenken Inc.
WGN Continental Broadcasting Co.
WLS-TV Inc.
YSS LLC AFTRA Health & Retirement Fund

# SCHEDULE 1(m)

## **Sureties, Insurers and Obligees**

ACE American Insurance Co.
Axis Insurance Co.
Beazley Insurance Co. Inc.
Continental Casualty Co.
Federal Insurance Co.
Great American Insurance Co. of New York
Illinois National Insurance Co.
Insurance Group of the State of Pennsylvania, The
Lexington Insurance Co.
National Union Fire Insurance Co.
St. Paul Fire Marine Insurance Co.
Travelers Insurance Co. Ltd.
Tudor Insurance Co.
XL Insurance Co. Ltd.

# SCHEDULE 1(n)

## Tax Authorities

Ada County Assessor (ID)
Ada County Treasurer (ID)
Alabama Department of Revenue
Alabama, State of
Albuquerque, City of
Ames, John R., as Dallas County Tax Assessor (TX)
Arizona Department of Economic Security
Arizona Department of Revenue
Arizona Secretary of State
Arkansas Employment Security Department
Arkansas, State of
Arlington, City of (TX)
Augusta, City of (ME)
Baker, City of (LA)
Barrington, Town of (NH)
Baton Rouge, City of
Berks Earned Income Tax Bureau
Bernalillo County Treasurer (NM)
Bethlehem, City of (PA)
Birmingham, City of (AL)
Boise County Tax Collector (ID)
Boise Utility Billing, City of (ID)
Broome County Clerks Office (NY)
Brown, Jeff, as Tuscaloosa County MV License Commissioner (AL)
Buena Vista Township Treasurer (MI)
Buffalo, City of (NY)
Burton, City of (MI)
Cairns, Robert C., as South Middleton Township Tax Collector (PA)
California Corporate Services
California DMV Renewal
California Employment Development Department
California Franchise Tax Board
California State Board of Equalization
Cambridge, City of (MN)
Cannon Township (MI)
Capital Tax Collection Bureau
Cayce, City of (SC)
Cedar Creek Township (MI)
Charleston County (SC)

Charleston County Treasurer (SC)
Chattanooga, City of
Chelsea, Town of (ME)
Chicago City Clerk
Chicago Department of Revenue, City of
Chicago, City of (IL)
Childs, David as Dallas County Tax Assessor Collector (TX)
Cleveland County Treasurer (OK)
Cobb County Tax Commissioner (GA)
Cochrane, Peyton C., as Tuscaloosa County Tax Collector (AL)
Colorado Department of Revenue
Colorado Department of Treasury
Colorado Springs, City of (CO)
Connecticut, State of
Cook County Department of Revenue (IL)
Cranston, City of (RI)
Cumberland Valley School District (PA)
Dakota County PT&R (MN)
Dekalb County Tax Commissioner (GA)
Delaware Secretary of State
Delhi Charter Township (MI)
Desoto County Tax Collector (MS)
Detroit Treasurer, City of (MI)
DeWitt, Town of (NY)
Dover, City of (NH)
Dunn, Grover, as Jefferson County Assistant Tax Collector (AL)
East Providence, City of (RI)
El Paso County Clerk/Recorder (CO)
El Paso County Treasurer (CO)
Eliot, Town of (ME)
Ephrata Area School District (PA)
Erie County Tax (NY)
Fairhaven, Town of (MA)
Flint, Charter Township of (MI)
Florida Department of Revenue
Fruitland Township (MI)
Georgia Department of Labor
Georgia Department of Revenue
Georgia Office of Secretary of State
Gilford Township Treasurer (MI)

Grand Rapids, City of (MI)
Greater Merced Chamber of Commerce
Greene Township Tax Collector (PA)
Groton, Town of (CT)
Hale County, Tax Collector of (AL)
Hall County Tax Commissioner (GA)
Hamilton County Clerk (TN)
Hamilton County Trustee (TN)
Henry County REMC (IN)
Henry County Treasurer (IN)
Homewood, City of (AL)
Howard County Treasurer (IN)
Hulsey, Travis A., as Jefferson County Director of Revenue (AL)
Idaho Secretary of State
Idaho State Tax Commission
Illinois Department of Employment Security
Illinois Department of Revenue
Illinois Secretary of State
Indiana Bureau of Motor Vehicles
Indiana Department of Revenue
Indiana Worker Training Fund
Indiana, State of
Internal Revenue Service
Iowa Department of Revenue
Iowa State Treasurer
Isanti County Treasurer (MN)
Jefferson County Department of Revenue (AL)
Jefferson County Tax Collector (AR)
Johnston, Town of (RI)
Kingfisher County Treasurer (OK)
Knox County Clerk (TN)
Knoxville, City of (TN)
Kochville, Township of (MI)
Kokomo Wastewater Utility, City of (IN)
Kokomo, City of (IN)
Lafayette Economic Development Authority (LA)
Lafayette Parish School Board
Lafayette Parish Tax Collector
Lancaster County Tax Collection Bureau (PA)
Lancaster County Treasurer (PA)
Lansing, City of (MI)
Lehigh, County of (PA)

Lexington Treasurer, County of (SC)
Little Rock, City of (AR)
Livingston Parish Tax Collector (LA)
Lodi, Borough of (NJ)
Long, Nelson H., as Berks County Treasurer (PA)
Lonoke County Tax Collector (AR)
Los Angeles County Tax Collector
Los Angeles, County of (CA)
Loudon County Trustee (TN)
Louisiana Department of Revenue
Louisiana Secretary of State
Louisiana, State of
Luba, Mildred, as Hanover Township Tax Collector (PA)
Maine State Treasurer
Maine, State of
Manheim Township Commissioners (PA)
Manheim Township School District (PA)
Mansfield, City of (TX)
Mariposa County Tax Collector (CA)
Mars Hill, Town of (ME)
Maryland Department of Assessment & Taxation
Massachusetts Department of Revenue
Massachusetts Registry of Motor Vehicles
Mattila, Paul, as Shelby County Trustee (TN)
Memphis, City of (TN)
Michigan Collection Division, State of
Michigan Department of State
Michigan Department of Treasury
Michigan, State of
Miller, George L., Trustee
Minnesota Unemployment Insurance
Modesto, City of (CA)
Montgomery County (MD)
Montville, Town of (CT)
Mount Forest Township Treasurer (MI)
Mount Joy Township Authority (PA)
Muskegon Heights, City of (MI)
Nevada Department of Taxation
Nevada Secretary of State
Nevada, State of
New Hampshire State Treasurer
New Hampshire, State of

New Jersey State Treasurer
New London, City of (CT)
New Mexico Lottery Authority
New Mexico Motor Vehicle Division
New Mexico Office of The Secretary of State
New Mexico Taxation & Revenue Department
New Mexico, State of
New Orleans Parks & Parkways, City of
New Orleans, City of
New York Commissioner of Finance
New York Commissioner of Motor Vehicles
New York Department of State
New York State Assessment Receivables
New York State Comptroller
New York State Corporation Tax
New York State Department of Labor
New York State Department of Motor Vehicles
New York State Department of State
New York State Department of Taxation & Finance
New York State Sales Tax
New York State Unemployment Insurance
New York, State of
Newton Real Estate & Property Tax Service
Norman, City of (OK)
North Kingstown, Town of (RI)
North Little Rock, City of (AR)
Northport, City of (AL)
Oakland Business Tax (CA)
Oklahoma City, City of (OK)
Oklahoma County Treasurer (OK)
Oklahoma Employment Security Commission
Oklahoma Tax Commission
Orleans Parish Criminal Sherrif's Office
Pennsylvania Department of Revenue
Pennsylvania, Commonwealth of
Pickens County Appraisal Department (AL)
Pima County Assessor (AZ)
Pima County Treasurer (AZ)
Plaquemine Parish Sheriff & Ex-Officio Tax Collector
Polk County Treasurer (IA)

Pompey, Town of (NY)
Portland, City of (ME)
Portsmouth, Town of  (RI)
Presque Isle, City of (ME)
Pulaski County Treasurer (AR)
Randall, Lorraine, as Madison County Tax Collector (NY)
Raymond, Town of (ME)
Reading, City of (PA)
Reno, City of (NV)
Rhode Island & Providence Plantations, State of
Rhode Island Department of Labor & Training
Rhode Island Division of Taxation, State of
Rhode Island General Treasurer
Rhode Island Secretary of State
Saint Landry Parish Sheriff
Saint Martin Parish Sheriff's Office
Saline County Collector (AR)
Salisbury Township (PA)
Salt Lake County Assessor
Salt Lake County Treasurer
San Francisco Sheriff Civil Section
San Francisco Tax Collector
San Joaquin County Tax Collector (CA)
Santa Fe County Treasurer (NM)
Santa Fe, City of (NM)
Seabrook, Town of (NH)
Seekonk, Town of (MA)
Sevier County Trustees Office (TN)
Shelby County Clerk (TN)
Smallwood, J.T., as Jefferson County Tax Collector (AL)
South Carolina State Treasurer's Office
South Carolina, State of
South Middleton Township (PA)
South Salt Lake, City of
Springfield, City of (IL)
St. Bernard Parish (LA)
St. James, Parish of (LA)
Stanislaus County Superior Court (CA)
Stanislaus County Treasurer (CA)
State Record, The (NC)
Stockton Record, The (CA)
Stockton, City of (CA)

Sullivan County Trustee (TN)
Summit County Clerk of Courts (OH)
Summit County Treasurer (UT)
Summit Township Tax Collector (PA)
Summit Township Water Authority (PA)
Susquehanna Valley Central School District (NY)
Syracuse, City of (NY)
Tennessee Department of Labor & Workforce Development
Tennessee Department of Revenue
Tennessee Secretary of State
Tennessee, State of
Texas Department of Licensing & Regulation
Texas Department of Public Safety
Texas Department of State Health Services
Texas State Comptroller
Texas Workforce Commission
Tohono O'Odham Gaming Authority
Tooele County Assessors Office (UT)
Tucson Utility Services, City of (AZ)
Tucson, City of
Tuolumne County Tax Collector (CA)
Tuscaloosa County Special Tax Board (AL)
Tuscaloosa, City of (AL)

United States Treasury
Utah County Treasurer
Utah State Tax Commission
Utah, State of
Vasta, Victor J., as DeWitt County Receiver of Taxes (NY)
Vergennes Township (MI)
Virginia Department of Taxation
Walton County Tax Commissioner (GA)
Washington County Clerk (TN)
Washington DC Department of Motor Vehicles
Washington DC Treasurer
Washington State Department of Revenue
Washoe County Treasurer (NV)
West Baton Rouge Tax Collector
West Warwick, Town of (RI)
Westerly Fire District (RI)
Westerly, Town of (RI)
White, Donald R., as Alameda County Tax Collector (CA)
Winslow, Town of (ME)
Worcester, City of (MA)
Zeeland Charter Township (MI)

# SCHEDULE 1(o)

## Top Fifty Unsecured Creditors

| | |
|---|---|
| 201 St Charles Place LLC | Marketron Broadcast Solutions |
| Andomedia LLC | Mcvay Media |
| ASCAP | Mediaspan |
| Associated Press | Miller Kaplan Arase & Co LLP |
| AT&T | Nashville Tower |
| Austin Insulators Inc | Network Hardware Resale LLC |
| Broadcast Music Inc | Nielsen Broadcast Data Systems |
| C Student Entertainment | Paradigm Talent Agency |
| Canvas Systems LLC | Press Association Inc |
| Chicago Scenic Studios | Rachal Construction |
| City Electric Supply | Radio Advertising Bureau Inc |
| Double Take Promotional Products | Rdp Technical Services |
| Enticent Inc | Rocky Mountain Erection Co Inc |
| ESPN Inc | Ropes & Gray LLP |
| First Flash Line | Ses Americom |
| Gootee Construction Inc | Shoreview Fm Group |
| Greater Flint Building Services LLC | Sierra Automated Systems & Eng |
| HSBC Corporate Trust and Loan Agency | Sound Check Inc |
| Interparking | Soundexchange Inc |
| John Mitch Dolan | The Illumen Group Inc |
| Jones Radio Network | The Walt Disney Company |
| JP Morgan | Walton Electric Membership Corporat |
| Kabc-TV | Wilmington Trust |
| Katz Media Corp | Wilmington Trust Co |
| Limelight Networks | Wirtz Realty Corp |

## SCHEDULE 1(p)
### United States Trustee for the Southern District of New York (and Key Staff Members)

Andrea Schwartz
Andy Velez-Rivera
Brian S. Masumoto
Elisabetta Gasparini
Greg M. Zipes
Linda A. Riffkin
Marylou Martin
Nazar Khodorovsky
Paul K. Schwartzberg
Richard C. Morrissey
Serene Nakano
Susan Golden
Tracy Hope Davis

# SCHEDULE 1(q)
## Utility Providers

1Velocity
233 Broadcast LLC
Aable Telecom
AAT Communications
ACC Business
Adtel LLC
Airgas East Inc.
Airgas Great Lakes
Airgas Mid South Inc.
Airgas Southwest
Alabama Gas Co.
Alabama Power Co.
Aliant Telecom
Allied Teltronics
Allied Waste Services of Arkansas
Alltel Communications LLC
American Messaging
American Messaging Services LLC
American Registry for Internet Numbers
Americom Telephone Systems Inc. of Pa
Amerigas
Appalachian Electric Cooperative
Appalachian Oil Co. Inc.
Appalachian Power
Artistic Waste Services Inc.
Arvig Communication Systems
AT&T
AT&T Global Network Services
AT&T Messaging
AT&T Mobility
AT&T Teleholdings Inc.
Atmos Energy Corp.
ATX Communications
ATX Telecommunications Services
Audiolab Electronics
Baker, City of (LA)
Bandwidth Industries Inc.
Baton Rouge Water Co. Utility Payment
Processing
Bay Ring Communications
Baystate State Gas Co.
Berkeley Electric Cooperative Inc.

Bessemer Utilities
Birmingham Water Works Board
Black Warrior Electric Membership Co.
Blue Ridge Cable Technologies Inc.
Boise Utility Billing, City of (ID)
Broadcast Services Inc.
Broadview Networks Inc.
Brookhollow II LP
Buckeye Telesystem Inc.
Buffalo Water Board (NY)
Buffalo, City of (NY)
Burton, City of (MI)
C&S Communications
Cable One
CallWave Inc.
Cambridge, City of (MN)
Campora Propane Inc.
Cavalier Telephone LLC
CB Richard Ellis/Carmody LLC
Center Operating Co.
Centerpoint Energy
Central Arkansas Water Utility Billing
Services
Central Maine Power Co.
CenturyTel Inc.
Charter Communications
Chickasaw Telecom Inc.
Cleco Power LLC
Clinton Utilities Board (TN)
CMC Telecom Inc.
CMSInter.net LLC
Cogent Communications Inc.
Collins Communications
Colonade Group, The
Colorado Springs Utilities
Colorado Springs, City of (CO)
Comcast
Comcast Cable
Comcast Corp.
ComEd
Commonwealth Supply Co.
Communication & Control Inc.

Communication Technologies Inc.
CommuniGroup
Connoisseur Media of Erie LLC
Constellation NewEnergy Inc.
Consumers Energy
Cornerstone Communications Inc.
Covad Direct
Cox Communications Inc.
D&E Communications Inc.
Dallas Stars Hockey Club
Dallas Water Utilities (TX)
Data Technology Solutions LLC
Datatel
Deer Point Tower Venture LLC
Delhi Charter Township (MI)
Delta Properties
Deltacom Inc.
Des Moines Radio Group
Des Moines Water Works
Desert Sands Broadcasting Inc.
Dex Media East
Dex Media West LLC
Dial Communications Global Media Inc.
Direct Energy Business LLC
Direct Energy GP Inc.
DirecTV
Dixie Electric Membership Corp.
Dominion Virginia Power
Dover, City of (NH)
DTE Energy
Duke Energy
Dutel Telecommunications Inc.
East Central Energy
East Central Sanitation
East Providence, City of (RI)
Eatel
Edisto Electric Cooperative Inc.
Electric Power Board of Chattanooga
Embarq
Embarq Florida Inc.
Entergy
Entergy Arkansas Inc.
Ephrata, Borough of (PA)
Eureka Water Co.
Evans Communications Inc.
Excel Commercial

Excel Telecommunications
Fairhaven Gas
Fairpoint Communications Inc.
Farm Plan
Ferrellgas Inc.
First Electric Cooperative
FK South LLC
Frontier Communications
Gas Co.
Genesys Conferencing Inc.
Grand Rapids, City of (MI)
Graysville Water & Gas
Green & Chapman Inc.
GRI Telecom Inc.
Griffith Energy Services Inc.
Hayes Landfill Inc.
Henry County REMC (IN)
Herring Gas Co. Inc.
Hetch Hetchy Water & Power
Hodge Telecommunication Services Inc.
Holidaygas
HTN Communications LLC
Hughes Network Systems LLC
Idaho Power Co.
Ideacom Technologies Inc.
Idearc Media Corp.
Ikon Office Solutions
Improbable Missions Force
Indiana American Water Co. Inc.
Integra Telecom
Integrys Energy Services Inc.
Integrys Energy Services of NY Inc.
Intercall
Intermountain Gas Co.
Internal Sound & Communications Inc.
Internet America Inc.
Inter-Tel Net Solutions Inc.
Iowa Telecom Communications LLC
Ironton Telephone Co.
Irving Energy Distribution & Marketing
IT Partners
Jackson Electric Corp.
Jessem LLC
Joanna Langfield Productions Inc.
Johnson City Power Board (TN)
Johnson City Utility System (TN)

KAUT-TV
KDWB
Kentwood Springs
Key Equipment Lease
KFOR-TV
Knoxville Utilities Board (TN)
Kochville, Township of (MI)
Kokomo Gas & Fuel Co.
Kokomo Wastewater Utility, City of (IN)
KSL Television
LA Arena Funding LLC
Lafayette Utilities System (LA)
Lansing Board of Water & Light (MI)
Laser Care
Lenoir City Utilties Board (TN)
Liberty Square Inc.
Lobo Internet Service
Long Island Power Authority
Los Angeles Department of Water & Power
Los Angeles Times Communications LLC
Maine Public Service Co.
Mansfield, City of (TX)
Matrix Business Technologies
Matrix Solutions
Matrix Telecom Inc.
MCI
MCI Comm Service
MCI Telecommunications
MCI Worldcom
Megapath Inc.
Memphis Light Gas & Water Division
Met Ed
Metro Communications LLC
Metro Water Services
Metropolitan Pier & Exposition Authority
Mid Atlantic Sports Network
Mid Maine Communications Inc.
Mid State Teledata  LLC
MidAmerican Energy Co.
Midland Power Cooperative
Minneapolis Marriott
Mizenko Mobile & Wireless
Mobile Radio of Kokomo Inc.
Modesto Irrigation District (CA)
Modesto, City of (CA)
Morgan Birge & Associates

Motower Multilink Corp.
Moundville Telephone Co. Inc.
Mount Joy Township Authority (PA)
Mountain View Electric Association Inc.
Murray City Corp.
NAII LLC
Nashville Electric Service
Nashville Tower
National Fuel Gas Distribution Corp.
National Grid
National Public Radio Inc.
NationLink Wireless
New Hampshire Electric Cooperative Inc.
New Hampshire Treasurer, State of
New Hampshire, State of
New London, City of (CT)
New Mexico Gas Co. Inc.
Nextel
Nextel Communications
Norman, City of (OK)
North Little Rock, City of (AR)
North San Joaquin Water Conservation
District
Northeast Paging / Ucom
Northeast Utilities
Northlands Communications
Northwestern REC (PA)
NOS Communications Inc.
NSTAR Electric & Gas Corp.
Nuvox
NYSE Arca Options
NYSEG
Oak Ridge FM Inc.
O'Gara Satellite Systems Inc.
Oklahoma City, City of (OK)
Oklahoma Gas & Electric Co.
One Communications
Opex Communications Inc.
Overbay Communications
Pacific Gas & Electric Co.
Paetec Business Services
Palmetto Propane
Penelec
Penguardia Productions Inc.
Pennsylvania American Water Co. Inc.
Penteledata LP I

Pepco
Personalized Communications Inc.
Piedmont Natural Gas
Pine Tree Networks
Pioneer Telephone Cooperative Inc.
Plaisance Water System
PNM Electric & Gas Services
PPL Electric Utilities Corp.
Praxair
Primus
Public Service Co. of NH
Public Service Electric & Gas
QLT Consumer Lease Services Inc.
Questar Gas Co.
Qwest
R&R Realty Group
Radioshack Corp.
RCN Corp.
Redifuel
Renda Broadcasting Co.
Riverview, City of (MI)
RJ Energy Services Inc.
Robys Propane Gas Inc.
Rocky Mountain Power
Ron Lanzer Soft Water
San Francisco Public Utilities
Sandia Television Corp.
Santa Fe, City of (NM)
Satellite Center Inc., The
Schwanger Bros & Co. Inc.
SCMS - Southern Coastal Marketing
Services Inc.
Service Electric Cable TV Inc.
Service Electric Telephone Co. LLC
SES Americom
Sevier County Electric System (TN)
Shoreview FM Group
Sierra Pacific Power Co.
Sierra Telephone Co. Inc.
Signal Voice & Data Inc.
SkyTel
SMG Knoxville Convention Center
Sonora JS West Co.
South Carolina Electric & Gas Co.
South Middleton Township (PA)
Southwest Cyberport Inc.

Southwest Gas Corp.
Spalding Entertainment LLC
Speakeasy Inc.
Spectrum Solutions Inc.
Spirit Telecom
Sports Backhaul Network
Springfield Water & Sewer Commission
(MA)
Sprint
Strategic Energy LLC
Suburban Propane LP
Summit Township Water Authority (PA)
SunCom
SW Louisiana Electric Membership Corp.
Syracuse, City of (NY)
Tabas Co. Inc.
TDS Metrocom LLC
TDS Telecom Service Corp.
Telcove Operations LLC
Telebeeper of New Mexico Inc.
Telecomm USA
Telepacific Communications
Telrite Corp.
Tennessee American Water Co.
Time Warner Cable LLC
Time Warner Cable of NY
Time Warner Telecom Holdings Inc.
T-Mobile
Transnational Communications International
Tri County Electric Cooperative Inc.
Trico Electric Cooperative Inc.
Truckee Meadows Water Authority (TX)
TRZ Communications Services Inc.
TTI Inc.
Tucson Electric Power Co. Inc.
Tucson Utility Services, City of (AZ)
Turlock Irrigation District (CA)
Tuscaloosa, City of (AL)
TW Telecom
TXU Energy
UGI Penn Natural Gas Inc.
UGI Utilities Inc.
Unicel
United Water Idaho Inc.
Unitil
University of Notre Dame

University of Oklahoma
University of Tennessee
US Cellular
USA Mobility Wireless Inc.
Vangard Wireless LP
Vectren Energy Delivery of Indiana Inc.
Verizon
Verizon Business
Verizon CABS
Verizon California
Verizon Internet Solutions
Verizon North Inc.
Verizon Northwest
Verizon Select Services Inc.
Verizon Wireless
Verizon Wireless Messaging
VoiceNation LLC
Walton Electric Membership Corp.
Washington St. Tammany Electric
Cooperative Inc. (LA)
Washington Suburban Sanitary (MD)
Waste Connections of Oklahoma Inc.
Waste Management of Acadiana
Waste Management of Pennsylvania
WBNG TV Inc.

West Baton Rouge Parish Natural Gas &
Water Systems
Western Massachusetts Electric Co.
Western NY Public Broadcasting
Association
WFMZ
WFUR Radio Station
Wiline Accounts Receivable
Windstream
Wise Electric Cooperative Inc.
WKRZ-FM
WM LampTracker Inc.
WNLC / WKNL
Wolfe Communication Systems Inc.
Woodland Lakes (Apartments)
WVUE-TV
WYES-TV
Xcel Energy
XO Communications
XO Communications Services Inc.
Xpedite Systems Inc.
Xtelesis Corp.
Yankee Gas
Zayo Bandwidth LLC
Zone Telecom Inc.

# SCHEDULE 2

## Relationships with Potential Parties in Interest

### Creditors [1]

Ace American Insurance Company
AIG Bank Loan Fund LTD.
Aladdin Flexible Investment
Allstate Life Insurance Co
American Broadcasting Co
American Express
Ares Ix CLO LTD.
AT&T
Babson CLO LTD.
Bank of America  N.A.
Black Diamond CLO
Calyon New York Branch
Centurion CDO 8 LTD.
CIT Group
Citicorp Vendor Finance, Inc
Contrarian Funds LLC
Credit Industriel Et Comme.
Credit Lyonnais
Credit Suisse
Csam Funding
Denali Capital
Deutsche Bank Ag
Eaton Vance Grayson & Co
Fidelity Advisor
First Trust
Four Corners CLO II LTD.
Franklin Floating Rate
Galaxy IV CLO LTD.
General Electric Capital Corp.
Goldman Sachs Credit Partners LP
GSC Partners CDO Fund V
Harbourview CLO
HSBC
ING Senior Income Fund
John Hancock Trust
JPMorgan

KKR Financial CLO
Massachusetts Mutual Life
Mellon Investor Services LLC
Merrill Lynch Capital Corp
MetLife
Michigan
Mizuho Corporate Bank  LTD.
Mjx Venture IV CDO Limited
National City Corp
Norinchukin Bank
Normura
Nuveen Senior Income Fund
Octagon Investment Partners
Olympic CLO I LTD.
Oppenheimer Master Loan Fund
Pacific Life Insurance Co
PNC Bank
Primus CLO I LTD.
Putnam 14-High Yield Trust
Qwest
Race Point II CLO
Radio Disney Network
Riversource Cent CDO
Sankaty High Yield Partners
Scotiabank Ireland LTD.
Sovereign Bank
Stanfield Vantage CLO LTD.
State of Michigan
Stone Tower CDO Ii LTD.
Sumitomo Mitsui Banking Corp
Suntrust Bank
Symphony CLO I LTD.
The Bank of New York Mellon
Van Kampen Senior Loan Fund
Verizon Wireless
Wachovia Bank National Assoc.
Wells Fargo & Company
Whitehorse IILTD.

---

[1] A&M is currently advising or has previously advised these parties or their affiliates as creditors or various official creditors' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

## Members of Noteholders Group [2]

Allstate Life Insurance Co
Citigroup Alternative Investments LLC
Credit Suisse
Eaton Vance Grayson & Co
JPMorgan
Merrill Lynch Capital Corp
Nuveen Senior Income Fund
Oppenheimer Master Loan Fund
Putnam 14-High Yield Trust

## Professionals & Advisors [3]

AON Risk Services Inc of Florida
CB Richard Ellis [4]
Deloitte & Touche LLP
Dewey & Leboeuf LLP
Ernst & Young LLP
FTI Consulting Inc
Hogan & Hartson LLP
Kirkland & Ellis LLP
Lazard Freres
Morgan Lewis & Bockius LLP
Reed Smith LLP
Ropes & Gray LLP
Sidley Austin LLP
Simpson Thacher &  Bartlett
Stroock & Stroock & Lavan LLP
Towers Perrin Hr Services
Winston & Strawn LLP

## Clients of A&M and/or its Affiliates [5]

Ace American Insurance Company
AIG Bank Loan Fund LTD.
Alabama Power Company

Allstate Life Insurance Co
American Express
AON Risk Services Inc of Florida
AT&T
Bank of America   N.A.
Blue Shield of California
Brinker International
Broadcasting Company
Calyon New York Branch
CB Richard Ellis
CBS Radio Inc
CG Meridian, LLC
Chevron Corp
CIT GROUP
Citicorp Vendor Finance, Inc
Clear Channel
Comcast Cable
Credit Suisse
Dell Marketing LP
Deutsche Bank AG
Entergy Arkansas, Inc
Entertainment Communications Network
Ernst & Young LLP
Fidelity Advisor
General Electric Capital Corp.
Goldman Sachs Credit Partners LP
Great American Insurance Co
Highland Capital Management LP
HSBC
ING Senior Income Fund
John Hancock Trust
JPMorgan
Mellon Investor Services LLC
Merrill Lynch Capital Corp
MetLife
National City Corp
Office Depot
Quest Business Solutions
Qwest
Sankaty High Yield Partners Iii
Stanfield Vantage CLO LTD.
The Bank of New York Mellon
The Royal Bank of Scotland
Time Warner Cable
Towers Perrin Hr Services
Triple Net Properties, LLC
Univision Communications
Verizon
Vornado Two Penn Plaza L.L.C

[2] A&M is currently advising or has previously advised various official or unofficial noteholders' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

[3] These professionals have represented clients in matters where A&M was also an advisor (or provided crisis management) to the same client.  In certain cases, these professionals may have engaged A&M on behalf of such client.

[4] These professionals represent A&M and/or an affiliate on wholly unrelated matters.

[5] A & M and/ or an affiliate is currently providing or has previously provided certain consulting services to these parties or their affiliates in wholly unrelated matters.

Wachovia Bank National Assoc.
Wells Fargo & Company
WestLB AG NY Branch
WGN Continental Broadcasting Co.

**Significant Equity Holders**[6]
Ace American Insurance Company
AIG Bank Loan Fund LTD.
Amalgamated Gadget, L.P
American Express
Ares Ix CLO LTD.
Babson CLO LTD.
Bank of America   N.A.
Black Diamond CLO
Blackstone Debt Advisors LP
Blue Shield of California
Canyon Capital CLO
CBS Radio Inc
CIT Group
Citadel Broadcasting Company
Citicorp Vendor Finance, Inc
Contrarian Funds LLC
Credit Suisse
Deutsche Bank AG
Ernst & Young LLP
Fidelity Advisor
Forstmann & Little Company
General Electric Capital Corp.
Goldman Sachs Credit Partners LP
GSC Partners CDO Fund V
Hotchkis & Wiley Capital Mgmt, LLC
HSBC
ING Senior Income Fund
JPMorgan
Katz Media Corp
KKR Financial CLO
Lazard Freres
Legg Mason Partners
Massachusetts Mutual Life
Mellon Investor Services LLC
Merrill Lynch Capital Corporation
Michigan
Mizuho Corporate Bank LTD.
Nomura Bond & Loan Fund

Oppenheimer Master Loan Fund
PNC Bank
Primus CLO I LTD
Putnam 14-High Yield Trust
Sandler Capital
Stanfield Vantage CLO LTD.
Suntrust Bank
Symphony CLO I LTD.
The Bank of New York Mellon
The Royal Bank of Scotland
Verizon Business
Vista Leveraged Income Fund
Vornado Two Penn Plaza L.L.C
Wachovia Bank National Assoc.
Wasatch CLO LTD.
Wells Capital Mgmt
Wells Fargo & Company

**Significant Joint Venture Partners**[7]
Goldman Sachs Credit Partners LP
John Hancock Trust
JPMorgan
KKR Financial CLO
MetLife
Putnam 14-High Yield Trust
Sprint PCS

**Board Member**[8]
David W. Checketts
Farid Suleman
Michael J. Regan
Sandra J. Horbach
Theodore J. Forstmann

---

[6] These parties or their affiliates are significant equity holders of other clients or   former clients of A&M or its affiliates in wholly unrelated matters.

[7] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[8] These parties or their affiliates are board members of other clients  or former clients of A&M or their affiliates in wholly unrelated matters.

# EXHIBIT C

## Engagement Letter



June 18, 2009

Ms. Jacquelyn J. Orr
General Counsel & Vice President
Citadel Broadcasting Corporation
142 West 57th Street, 11th Floor
New York, NY 10019

Dear Jackie:

This letter confirms and sets forth the terms and conditions of the engagement between Alvarez & Marsal North America, LLC ("A&M") and Citadel Broadcasting Corporation (the "Company"), including the scope of the services to be performed and the basis of compensation for those services. Upon execution of this letter by each of the parties below and receipt of the retainer described below, this letter will constitute an agreement between the Company and A&M.

1.  <u>Description of Services</u>

    (a)  A&M shall provide consulting services to the Company, consulting with its Chief Executive Officer, General Counsel and Chief Financial Officer and upon request, the Company's Board of Directors in connection with the Company's restructuring efforts. It is anticipated that A&M's activities may include the following:

         (i)   assistance in planning and preparation for a potential chapter 11 bankruptcy filing;

         (ii)  assistance, upon request, with the evaluation of financial restructuring-related issues and with the preparation of related documentation, including, without limitation 13-week cash flow projections, cash collateral projections and DIP financing projections as related to a potential chapter 11 filing;

         (iii) assistance with claims management services and/or;

         (iv)  other activities as are approved by the Company or the Board of Directors and agreed to by A&M.

The services to be rendered by A&M may include the preparation of projections and other forward-looking statements, and numerous factors can affect the actual results of the Company's operations, which may materially and adversely differ from those projections. In addition, A&M will be relying on information provided by the Company in the preparation of those projections and other forward-looking statements. A&M makes no representation or guarantee that an appropriate restructuring proposal can be formulated for the Company, that restructuring is the best course of action for the Company or, if formulated, that any proposed restructuring plan will be accepted by the Company's creditors, shareholders and other constituents. Further, A&M assumes no responsibility for the implementation or selection of any restructuring proposal which it assists the Company in formulating.

In rendering its services to the Company, A&M will report directly to the General Counsel, Chief Financial Officer and/or Board of Directors and will make recommendations to and consult with the Board of Directors and/or such senior officers.

(b)    Jeffery Stegenga, a Managing Director of A&M, will be responsible for the overall engagement. Michael Kang, a Managing Director will lead the day-to-day activities of the engagement. Mr. Stegenga and Mr. Kang will be assisted by other A&M personnel. In connection with the services to be provided hereunder, from time to time A&M may utilize the services of employees of its affiliates. Such affiliates are wholly owned by A&M's parent company and employees. A&M personnel providing services to the Company may also work with other A&M clients in conjunction with unrelated matters. A&M shall not retain the services of any subcontractors without the Company's prior written consent.

2.    <u>Compensation</u>

(a)    A&M will receive fees based on the following hourly rates:

| Managing Directors | $625 - $775 |
| Directors | $450 - $625 |
| Associates | $300 - $450 |
| Analysts | $225 - $300 |

Such rates shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

(b)    Claims management services will also bill on an hourly basis from $250 to $525.

(c)    All travel time will be billed at 50% of the rates described above.

(d)    In addition, A&M will be reimbursed for its documented reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, computer research, messenger and telephone charges. All fees and expenses will be billed and payable on a bi-weekly basis or, at A&M's discretion, more frequently. All backup documentation for expenses shall be provided to the Company upon request.

(e)    The Company shall promptly remit to A&M a retainer in the amount of $200,000, which shall be credited against any amounts due at the termination of this engagement and returned upon the satisfaction of all obligations hereunder.

3.    <u>Term</u>

The engagement will commence as of the date hereof and may be terminated by either party without cause by giving 30 days written notice to the other party. A&M normally does not withdraw from an engagement unless the Company misrepresents or fails to disclose material facts, fails to pay fees or expenses, or makes it unethical or unreasonably difficult for A&M to continue to represent the Company, or unless other just cause exists. In the event of any such termination, any fees and expenses due to A&M shall be remitted promptly (including fees and expenses that accrued prior to but were invoiced subsequent to such termination). The Company may immediately terminate A&M's services hereunder at any time for Cause by giving written notice to A&M. Upon any such termination, the Company shall be relieved of all of its payment obligations under this Agreement, except for the payment of fees and expenses through the effective date of termination (including fees and expenses that accrued prior to but were invoiced subsequent to such termination) and its obligations under paragraph 7 and 8. For purposes of this Agreement, "Cause" shall mean if A&M breaches any of its material obligations hereunder and does not cure such breach within 30 days of the Company having given written notice of such breach to A&M describing in reasonable detail the nature of the alleged breach. A&M shall be entitled to immediately terminate its services hereunder for Good Reason. For purposes of this Agreement, termination for "Good Reason" shall mean either its resignation caused by a breach by the Company of any of

its material obligations under this Agreement that is not cured within 30 days of A&M having given written notice of such breach to the Company describing in reasonable detail the nature of the alleged breach or a filing of a petition under Chapter 11 of the United States Bankruptcy Code in respect of the Company unless within 45 days thereafter (or, if sooner, prior to the date on which a plan of reorganization is confirmed or the case is converted to one under Chapter 7), the Company has obtained judicial authorization to continue the engagement on the terms herein pursuant to an order which has become a final, nonappealable order.

4. <u>Relationship of the Parties</u>

The parties intend that an independent contractor relationship will be created by this engagement letter. Neither A&M nor any of its personnel or subcontractors is to be considered an employee or agent of the Company and the personnel and subcontractors of A&M are not entitled to any of the benefits that the Company provides for the Company employees. The Company acknowledges that A&M's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of the AICPA, SEC or other state or national professional or regulatory body.

5. <u>No Third Party Beneficiary</u>

The Company acknowledges that all advice (written or oral) given by A&M to the Company in connection with this engagement is intended solely for the benefit and use of the Company (limited to its Board of Directors and management) in considering the matters to which this engagement relates. The Company agrees that no such advice shall be used for any other purpose or reproduced, disseminated, quoted or referred to at any time in any manner or for any purpose other than accomplishing the tasks referred to herein without A&M's prior approval (which shall not be unreasonably withheld), except as required by law.

6. <u>Conflicts</u>

A&M is not currently aware of any relationship that would create a conflict of interest with the Company or those parties-in-interest of which you have made us aware, Because A&M is a consulting firm that serves clients on a national basis in numerous cases, both in and out of court, it is possible that A&M may have rendered or will render services to or have business associations with other entities or people which had or have or may have relationships with the Company, including creditors of the

Company. In the event you accept the terms of this engagement, A&M will not represent, and A&M has not represented, the interests of any such entities or people in connection with this matter.

7. Confidentiality/Non-Solicitation

A&M shall keep as confidential all non-public information received from the Company in conjunction with this engagement, except: (i) as requested by the Company or its legal counsel; (ii) as required by legal proceedings or (iii) as reasonably required in the performance of this engagement. All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public other than as a result of a breach of this provision. The Company, on behalf of itself and its subsidiaries and affiliates and any person which may acquire all or substantially all of its assets agrees that, until two (2) years subsequent to the termination of this engagement, it will not solicit, recruit, hire or otherwise engage any employee of A&M who worked on this engagement while employed by A&M ("Solicited Person"); provided that the term "Solicited Person" shall not include any employee of A&M who responds to an advertisement for employment posted by the Company. Should the Company or any of its subsidiaries or affiliates or any person who acquires all or substantially all of its assets extend an offer of employment to or otherwise engage any Solicited Person and should such offer be accepted, A&M shall be entitled to a fee from the party extending such offer equal to the Solicited Person's hourly client billing rate at the time of the offer multiplied by 4,000 hours for a Managing Director, 3,000 hours for a Senior Director and 2,000 hours for any other A&M employee. The fee shall be payable at the time of the Solicited Person's acceptance of employment or engagement.

8. Indemnification

The attached indemnification agreement is incorporated herein by reference and shall be executed upon the acceptance of this Agreement. Termination of this engagement shall not affect these indemnification provisions, which shall remain in full force and effect.

9. Miscellaneous

This engagement letter (together with the attached indemnity provisions): (a) shall be governed and construed in accordance with the laws of the State of New York, regardless of the laws that might otherwise govern under applicable principles of conflict of laws thereof; (b) incorporates the

entire understanding of the parties with respect to the subject matter hereof; and (c) may not be amended or modified except in writing executed by both parties hereto. The Company and A&M agree to waive trial by jury in any action, proceeding or counterclaim brought by or on behalf of the parties hereto with respect to any matter relating to or arising out of the engagement or the performance or non-performance of A&M hereunder. The Company and A&M agree, to the extent permitted by applicable law, that any Federal Court sitting within the Southern District of New York shall have exclusive jurisdiction over any litigation arising out of this Agreement; to submit to the personal jurisdiction of the Courts of the United States District Court for the Southern District of New York; and to waive any and all personal rights under the law of any jurisdiction to object on any basis (including, without limitation, inconvenience of forum) to jurisdiction or venue within the State of New York for any litigation arising in connection with this Agreement. In the event the Company files under Chapter 11, the Company and A&M agree that the bankruptcy court shall have jurisdiction over any and all matters arising under or in connection with this engagement letter and the indemnity provisions in connection with the services rendered by A&M hereunder. Notwithstanding anything herein to the contrary, A&M may reference or list the Company's name and/or a general description of the services in A&M's marketing materials, including, without limitation, on A&M's website.

If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms.

Very truly yours,

Alvarez & Marsal North America, LLC

By: _____

Michael D. Kang
Managing Director

Accepted and agreed:

Citadel Broadcasting Corporation

By: _____

Jacquelyn J. Orr, General Counsel

June 18, 2009

## INDEMNIFICATION AGREEMENT

This indemnity is made part of an agreement, dated June 18, 2009 (which together with any renewals, modifications or extensions thereof, is herein referred to as the "Agreement") by and between Alvarez & Marsal North America, LLC ("A&M") and Citadel Broadcasting Corporation (the "Company"), for services to be rendered to the Company by A&M.

A. The Company agrees to indemnify and hold harmless each of A&M, its affiliates and their respective shareholders, members, managers, employees, agents, subcontractors and representatives (each, an "Indemnified Party" and collectively, the "Indemnified Parties") against any and all losses, claims, damages, liabilities, penalties, obligations and expenses, including the costs for counsel or others (including employees of A&M, based on their then current hourly billing rates) in investigating, preparing or defending any action or claim, whether or not in connection with litigation in which any Indemnified Party is a party, or enforcing the Agreement (including these indemnity provisions), as and when incurred, caused by, relating to, based upon or arising out of (directly or indirectly) the Indemnified Parties' acceptance of or the performance or nonperformance of their obligations under the Agreement; provided, however, such indemnity shall not apply to any such loss, claim, damage, liability or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily from such Indemnified Party's gross negligence or willful misconduct. The Company also agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company for or in connection with the engagement of A&M, except to the extent that any such liability for losses, claims, damages, liabilities or expenses are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily from such Indemnified Party's gross negligence, bad faith or willful misconduct. The Company further agrees that it will not, without the prior consent of an Indemnified Party, settle or compromise or consent to the entry of any judgment in any pending or threatened claim, action, suit or proceeding in respect of which such Indemnified Party seeks indemnification hereunder (whether or not such Indemnified Party is an actual party to such claim, action, suit or proceedings) unless such settlement, compromise or consent includes an unconditional release of such Indemnified Party from all liabilities arising out of such claim, action, suit or proceeding.

B. These indemnification provisions shall be in addition to any liability which the Company may otherwise have to the Indemnified Parties. In the event that, at any time whether before or after termination of the engagement or the Agreement, as a result of or in connection with the Agreement or A&M's and its personnel's role under the Agreement, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Company will reimburse the Indemnified Party for its out of pocket expenses, including the reasonable fees and expenses of its counsel and will compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

C. If any action, proceeding or investigation is commenced to which any Indemnified Party proposes to demand indemnification hereunder, such Indemnified Party will notify the Company with reasonable promptness; provided, however, that any failure by such Indemnified Party to notify the Company will not relieve the Company from its obligations hereunder, except to the extent that such failure shall have actually prejudiced the defense of such action. The Company shall promptly pay expenses reasonably incurred by any Indemnified Party in defending, participating

in, or settling any action, proceeding or investigation in which such Indemnified Party is a party or is threatened to be made a party or otherwise is participating in by reason of the engagement under the Agreement, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise. Each Indemnified Party hereby undertakes, and the Company hereby accepts its undertaking, to repay any and all such amounts so advanced if it shall ultimately be determined that such Indemnified Party is not entitled to be indemnified therefor. If any such action, proceeding or investigation in which an Indemnified Party is a party is also against the Company, the Company may, in lieu of advancing the expenses of separate counsel for such Indemnified Party, provide such Indemnified Party with legal representation by the same counsel who represents the Company, provided such counsel is reasonably satisfactory to such Indemnified Party, at no cost to such Indemnified Party; provided, however, that if such counsel or counsel to the Indemnified Party shall determine that due to the existence of actual or potential conflicts of interest between such Indemnified Party and the Company such counsel is unable to represent both the Indemnified Party and the Company, then the Indemnified Party shall be entitled to use separate counsel of its own choice, and the Company shall promptly advance its reasonable expenses of such separate counsel upon submission of invoices therefor. Nothing herein shall prevent an Indemnified Party from using separate counsel of its own choice at its own expense. The Company will be liable for any settlement of any claim against an Indemnified Party made with the Company's written consent, which consent shall not be unreasonably withheld.

D.  In order to provide for just and equitable contribution if a claim for indemnification pursuant to these indemnification provisions is made but it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such indemnification may not be enforced in such case, even though the express provisions hereof provide for indemnification, then the relative fault of the Company, on the one hand, and the Indemnified Parties, on the other hand, in connection with the statements, acts or omissions which resulted in the losses, claims, damages, liabilities and costs giving rise to the indemnification claim and other relevant equitable considerations shall be considered; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnified Parties pursuant to the Agreement. No person found liable for a fraudulent misrepresentation shall be entitled to contribution hereunder from any person who is not also found liable for such fraudulent misrepresentation.

E.  In the event the Company and A&M seek judicial approval for the assumption of the Agreement or authorization to enter into a new engagement agreement pursuant to either of which A&M would continue to be engaged by the Company, the Company shall promptly pay expenses reasonably incurred by the Indemnified Parties, including attorneys' fees and expenses, in connection with any motion, action or claim made either in support of or in opposition to any such retention or authorization, whether in advance of or following any judicial disposition of such motion, action or claim, promptly upon submission of invoices therefor and regardless of whether such retention or authorization is approved by any court. The Company will also promptly pay the Indemnified Parties for any expenses reasonably incurred by them, including attorneys' fees and expenses, in seeking payment of all amounts owed it under the Agreement (or any new engagement agreement) whether through submission of a fee application or in any other manner.

F.  Neither termination of the Agreement nor termination of A&M's engagement nor the filing of a petition under Chapter 7 or 11 of the United States Bankruptcy Code (nor the conversion of an existing case to one under a different chapter) shall affect these indemnification provisions, which shall hereafter remain operative and in full force and effect.

G.  The rights provided herein shall not be deemed exclusive of any other rights to which the Indemnified Parties may be entitled under the certificate of incorporation or bylaws of the

June 18, 2009

Company, any other agreements, any vote of stockholders or disinterested directors of the Company, any applicable law or otherwise.

Alvarez & Marsal North America, LLC

By: _____
       Michael D. Kang
       Managing Director

Citadel Broadcasting Corporation

By: _____

Name: _____
          Jacquelyn J. Orr

Title: _____
        General Counsel & VP