Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR**
**AND INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

PLEASE TAKE NOTICE that on February 3, 2010 at 10:00 a.m. (EST), Citadel

Broadcasting Corporation and its debtor affiliates (collectively, the "***Debtors***"),[1] by their

---

[1]    The Debtors in these chapter 11 cases are:  Alphabet Acquisition Corp..; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio, LLC; DC Radio, LLC; Detroit Radio, LLC; International Radio, Inc; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets, LLC; Minneapolis Radio, LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets, LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Today Entertainment, Inc.; Radio Watermark, Inc.; San Francisco Radio Assets, LLC; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; WBAP-KSCS Radio Group, Ltd.; and WPLJ Radio, LLC.  The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  Information regarding the Debtors' business and the background of these chapter 11

undersigned counsel, shall appear before the Honorable Burton R. Lifland, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, Room 623, or soon thereafter as counsel may be heard, and present the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Lazard Frères & Co. LLC as Financial Advisor and Investment Banker Nunc Pro Tunc to the Petition Date*.

PLEASE TAKE FURTHER NOTICE that you need not appear at the hearing if you do not object to the relief requested in the application.

PLEASE TAKE FURTHER NOTICE that the hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the hearing or at a later hearing.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the application must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, must be set forth in writing describing the basis therefor and must be filed with the Court electronically in accordance with General Orders M-182 and M-193 by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3-½ inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-182 or by first-class mail upon each of the following: (a) counsel to the Debtors,

---

cases can be found in the Declaration of Randy L. Taylor Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York in Support of First-Day Motions and Applications (the "***First Day Declaration***"), filed on December 20, 2009, the date the Debtors filed their petitions (the "***Petition Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

K&E 16082423.7

Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, 10022-4611, Attn.: Joshua A. Sussberg; (b) Lazard Frères & Co. LLC, 30 Rockefeller Plaza, New York, NY 10020, Attn.: Jack Merimee; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn.: Brian Masumoto; and (d) counsel to the agent under the Debtors' prepetition secured term loan, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017-3954, Attn.: Mark Thompson, so as to be received no later than **4:00 p.m. (ET) on January 27, 2010.**

PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the chambers of the Honorable Burton R. Lifland, the order may be signed and approved by the Court without a hearing.

New York, New York
Dated: January 8, 2010

/s/ Jonathan S. Henes
Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Proposed Attorneys for the Debtors and
Debtors in Possession

K&E 16082423.7

Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR AND**
**INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE BURTON R. LIFLAND, UNITED STATES BANKRUPTCY JUDGE:

Citadel Broadcasting Corporation ("***Citadel***") and its debtor affiliates, as debtors and

debtors in possession (collectively, the "***Debtors***"),[2] respectfully represent:

---

[2]   The Debtors in these chapter 11 cases are: Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ

4

## Relief Requested

1.	By this application, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***"), (a) authorizing the employment and retention of Lazard Frères & Co. LLC ("***Lazard***") as the Debtors' financial advisor and investment banker *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter (as defined below) and (b) approving the terms of Lazard's employment and retention, including the proposed Fee Structure (as defined below) and the indemnification provisions set forth in the Engagement Letter, subject to the standards set forth in section 328 of the Bankruptcy Code.  In support of the application, the Debtors submit the Declaration of Barry Ridings, Lazard's Vice Chairman of U.S. Investment Banking (the "***Ridings Declaration***"), which is attached hereto as **Exhibit B**.

## Basis for Relief

2.	As described in the First Day Declaration, to effectively restructure their businesses and effectuate a successful plan of reorganization, the Debtors require the services of a capable and experienced financial advisory and investment banking firm.  Lazard's resources and capabilities, together with its prepetition experience advising the Debtors, complements the

---

Radio, LLC.  The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  Information regarding the Debtors' business and the background of these chapter 11 cases can be found in the Declaration of Randy L. Taylor Pursuant to Rule 1007-2 of the Local Rules for the Southern District of New York in Support of First-Day Pleadings (the "***First Day Declaration***"), filed on December 20, 2009, the date the Debtors filed their petitions (the "***Petition Date***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").

K&E 16082423.7

services offered by the Debtors' other restructuring professionals and render its retention integral to the Debtors' success in these chapter 11 cases. Accordingly, the Debtors propose to engage Lazard as their financial advisor and investment banker in these chapter 11 cases, which the Debtors respectfully submit is in the best interest of the Debtors, their estates and other parties in interest.

A.     **Lazard's Qualifications**

3.     Lazard is the U.S. operating subsidiary of a preeminent international financial advisory, investment banking and asset management firm with its principal office located at 30 Rockefeller Plaza, New York, NY. Lazard is registered as a broker-dealer with the United States Securities and Exchange Commission and the Financial Industry Regulatory Authority. Together with its predecessors and affiliates, Lazard has been advising clients around the world for over 150 years. Lazard's professionals have considerable expertise and experience in providing financial advisory and investment banking services to financially distressed companies and to creditors, equity holders and other constituencies in reorganization proceedings and complex financial restructurings, both in and out of court.

4.     For instance, Lazard's professionals are providing or have provided financial advisory, investment banking and other services in connection with many chapter 11 cases, including: *In re Lehman Brothers Holdings, Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Dec. 17, 2008); *In re Tropicana Entm't, LLC*, No. 08-10856 (Bankr. D. Del. May 30, 2008); *In re TOUSA, Inc.*, No. 08-10928 (Bankr. S.D. Fla., Mar. 26, 2008); *In re New Century TRS Holdings, Inc.*, No. 07-10416 (Bankr. D. Del. Apr. 25, 2007); *In re Northwest Airlines Inc.*, No. 05-17930 (Bankr. S.D.N.Y. July 20, 2006); *In re Calpine Corp.*, No. 05-60200 (Bankr. S.D.N.Y. May 1, 2006).

K&E 16082423.7

B.     **Lazard's Prepetition Services**

5.     Before the Petition Date, the Debtors engaged Lazard to provide general investment banking and financial advice in connection with the Debtors' attempts to complete a strategic restructuring, reorganization or recapitalization on May 20, 2009.   Since the commencement of its engagement, Lazard has, among other things, familiarized itself with the Debtors' businesses, evaluated the Debtors' liquidity positions and assisted in identifying areas to improve and preserve liquidity, evaluated the Debtors' range of financial and strategic alternatives, including the possible sale of the Debtors to a third party, and presented certain analyses and recommendations to the Debtors' management and Citadel's board of directors.  In addition, Lazard played a key role in negotiation with the Debtors' prepetition secured lenders, which efforts led to over 60% of such lenders supporting the framework for a global restructuring solution.

6.     As a result of the prepetition work performed on behalf of the Debtors, Lazard has developed a significant body of institutional knowledge of the Debtors and their businesses and is now intimately familiar with the Debtors' financial affairs, operations, capital structure, financing documents and other related material information.  Accordingly, Lazard is uniquely situated to efficiently and effectively serve the Debtors in these chapter 11 cases.

C.     **Services to Be Provided**

7.     The Debtors request the employment and retention of Lazard to provide financial advisory and investment banking services under the terms of the engagement letter between Citadel and Lazard, dated as of May 20, 2009 (the "***Engagement Letter***," a copy of which is attached hereto as **Exhibit C**).  Subject to further order of the Court and consistent with the terms

of the Engagement Letter, Lazard will provide financial advisory and investment banking services as necessary and requested by the Debtors, including, without limitation, the following:[3]

(a)     review and analyze the Debtors' business, operations and financial projections;

(b)     evaluate the Debtors' potential debt capacity in light of its projected cash flows;

(c)     assist in the determination of a capital structure for the Debtors;

(d)     assist in the determination of a range of values for Debtors on a going concern basis;

(e)     advise the Debtors on tactics and strategies for negotiating with stakeholders;

(f)     render financial advice to the Debtors and participate in meetings or negotiations with stakeholders and/or rating agencies or other appropriate parties in connection with any restructuring;

(g)     advise the Debtors on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to restructuring;

(h)     advise and assist the Debtors in evaluating potential financing transactions and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on  behalf of the Debtors, contact potential sources of capital as the Debtors may designate and assist the Debtors in implementing such a financing;

(i)     assist the Debtors in preparing documentation within Lazard's area of expertise that is required in connection with the restructuring;

(j)     assist the Debtors in identifying and evaluating candidates for a potential sale transaction, advise the Debtors in connection with negotiations and aiding in the consummation of a sale transaction;

(k)     attend meetings of Citadel's board of directors and its committees with respect to matters on which Lazard has been engaged to advise the Debtors;

---

[3] The summary of the Engagement Letter included in this application is provided for purposes of convenience only and is qualified in its entirety by reference to the Engagement Letter.  To the extent that this application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control.

K&E 16082423.7

(l)      provide testimony, as necessary, with respect to matters on which Lazard has been engaged to advise the Debtors in any proceeding before the Bankruptcy Court; and

(m)     provide the Debtors with other financial restructuring advice.

8.     The Debtors respectfully request that the retention of Lazard be made effective *nunc pro tunc* to the Petition Date so that Lazard may be compensated for the services it provides before this application is heard by the Court. Lazard has provided services to the Debtors in advance of approval of this application in anticipation that its retention would be approved *nunc pro tunc* to the Petition Date. The Debtors submit that these circumstances are of a nature warranting retroactive approval. *In re AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999) (noting that bankruptcy courts have discretion to authorize *nunc pro tunc* approval of professional retentions); *In re Keren*, 189 F.3d 86, 87 (2d. Cir. 1999) (explaining factors to consider in determining whether *nunc pro tunc* approval is appropriate).

**D.     Professional Compensation**

9.     Lazard's decision to advise and assist the Debtors in connection with these chapter 11 cases is conditioned upon its ability to be retained in accordance with Larard's customary terms and conditions of employment, including the compensation arrangement set forth in the Engagement Letter (the "***Fee Structure***").

10.     Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, guidelines established by the

K&E 16082423.7

Office of the United States Trustee for the Southern District of New York (the "**_U.S. Trustee_**

**_Guidelines_**") and any other applicable procedures and orders of the Court.[4]

11.    More specifically, the Fee Structure provides for the following compensation:[5]

(a)    Monthly Fee:  A monthly fee of $175,000 in cash (the "**_Monthly Fee_**"), payable on the 3rd day of each month until the earlier of the completion of the Restructuring or the termination of Lazard's engagement.  Monthly Fees paid with respect to the first four months of Lazard's engagement shall be credited (without duplication) against any Restructuring Fee, Sale Transaction Fee, Minority Sale Transaction Fee or Financing Fee (other than the Specified Investor Financing Fee) payable; _provided that_, such credit shall only apply to the extent that such fees are approved in their entirety by the Court.

(b)    Restructuring Fee:  A fee equal to $6,000,000 payable upon consummation of a Restructuring (a "**_Restructuring Fee_**").

(c)    Sale Transaction Fee:

(i)    If, whether in connection with the consummation of a Restructuring or otherwise, the Debtors consummate a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Debtors, Lazard shall be paid a fee (the "**_Sale Transaction Fee_**") equal to the greater of (A) the fee calculated based on the Aggregate Consideration as set forth in Schedule I to the Engagement Letter or (B) the Restructuring Fee.

(ii)    If, whether in connection with the consummation of a Restructuring or otherwise, the Debtors consummate any Sale Transaction not covered by clause (i) above, the Debtors shall pay Lazard a fee (the "**_Minority Sale Transaction Fee_**") based on the Aggregate Consideration calculated as set forth in Schedule I to the Engagement Letter.  One-half of any Minority Sale Transaction Fee shall be credited against any Restructuring Fee or Sale Transaction Fee.

(iii)    Any Sale Transaction Fee or Minority Sale Transaction Fee shall be payable upon consummation of the applicable Sale Transaction.

---

[4]    The Debtors intend to file a motion to establish procedures for interim compensation and reimbursement of expenses for professionals (the "Interim Compensation Procedures").

[5]    Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Engagement Letter.

(d)    <u>Financing Fee</u>:

    (i)    If the Debtors consummate a Financing for which cash proceeds are provided or made available (including any "undrawn" portions) by the entities identified on Schedule II to the Engagement Letter, upon consummation the Debtors shall pay Lazard a fee (the "***Specified Financing Fee***") equal to 1% of the gross proceeds provided or made available (including any "undrawn" portions) by such entities, up to a maximum of $4,000,000. To the extent that such Financing also includes proceeds provided or made available (including any "undrawn" portions) by persons or entities not identified on Schedule II to the Engagement Letter, the fee with respect to such portion of the proceeds provided or made available (including any "undrawn" portions) by parties other than those identified on Schedule II to the Engagement Letter shall be calculated in accordance with Section 10(d)(ii) below. Any Specified Financing Fee shall not be credited against any Restructuring Fee or Sale Transaction Fee subsequently payable.

    (ii)    If the Debtors consummate any Financing involving entities other than, or in addition to, those set forth on Schedule II to the Engagement Letter, upon consummation the Debtors shall pay Lazard a fee (the "***Financing Fee***") equal to the amount set forth in Schedule III to the Engagement Letter with respect to any cash proceeds provided or made available (including any "undrawn" portions) by persons or entities other than those on Schedule II to the Engagement Letter. One-half of any Financing Fee(s) shall be credited against any Restructuring Fee or Sale Transaction Fee subsequently payable.

12.    In addition to any fees payable to Lazard and, regardless of whether any transaction occurs, the Debtors shall promptly reimburse Lazard for all (a) reasonable expenses (including travel and lodging, data processing and communications changes, courier services and other appropriate expenditures) and (b) other reasonable fees and expenses, including expenses of counsel, if any.

13.    The Fee Structure is consistent with, and typical of, compensation arrangements entered into by Lazard and other comparable firms in connection with the rendering of similar services under like circumstances. After such comparison, the Debtors believe that the Fee Structure is reasonable, market-based and designed to fairly compensate Lazard for its work.

K&E 16082423.7

14.     Additionally, the Fee Structure reflects the difficulty and challenging nature of Lazard's engagement.  As such, Lazard's restructuring expertise, as well as its capital markets knowledge, financing skills and mergers and acquisitions expertise, some or all of which may be required by the Debtors during the term of Lazard's engagement in these chapter 11 cases, were important factors in determining the Fee Structure.  The Debtors believe that the ultimate benefit of Lazard's services cannot be measured by reference to the number of hours to be expended by Lazard's professionals in the performance of such services and the Fee Structure is not a "bonus" or fee enhancement.  Rather, the Debtors and Lazard have agreed upon the Fee Structure anticipating that a substantial commitment of professional time and effort will be required of Lazard and its professionals in connection with these chapter 11 cases and in light of the fact that (a) such commitment may foreclose other opportunities for Lazard and (b) the actual time and commitment required of Lazard and its professionals to perform its services under the Engagement Letter may vary substantially, thereby creating "peak load" issues for Lazard.

15.     Lazard will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and the Interim Compensation Procedures, if approved.

16.     The Debtors intend for Lazard to receive payment of its fees on a fixed-rate and percentage basis, which is customary in the investment banking industry.  The Debtors have been informed by Lazard that it is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys or to keep time records on a "project category" basis.  To the extent Lazard would be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the

K&E 16082423.7

U.S. Trustee Guidelines or any other applicable procedures and orders of the Court, the Debtors request that Lazard be permitted to submit summary time records kept in one-half hour increments in applications for payment of compensation. Accordingly, to the extent necessary, based on the foregoing, the Debtors respectfully seek waiver of the information requirements set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

17.     The Debtors do not owe Lazard any fees for services performed or expenses incurred under the Engagement Letter before the Petition Date. According to the books and records of Lazard, during the 90 days before the commencement of these chapter 11 cases, Lazard received $536,033.36 for professional services performed and expenses incurred.

**E.     Indemnification**

18.     As part of the overall compensation payable to Lazard under the terms of the Engagement Letter, the Debtors have agreed to certain indemnification and related obligations, which appear in an Indemnification Letter attached to the Engagement Letter (the "***Indemnification Letter***" and, together with the Engagement Letter, the "***Lazard Agreement***"). The Indemnification Letter provides, among other things, that the Debtors will indemnify and hold harmless Lazard and its affiliates and its and their respective directors, officers, agents, employees and controlling persons under certain circumstances specified in the Indemnification Letter.

19.     Both the Debtors and Lazard believe that such provisions are customary and reasonable for financial advisory and investment banking engagements, both out-of-court and in chapter 11 cases. *See, e.g.*, *In re Northwest Airlines Inc.*, Case No. 05-17930 (Bankr. S.D.N.Y. July 20, 2006); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. May 2, 2006); *In re*

*Delphi Corp.*, Case No. 05-44481 (Bankr. S.D.N.Y. Nov. 30, 2005); *In re Tower Auto., Inc.*, Case No. 05-10578 (Bankr. S.D.N.Y. June 15, 2005).

20.     The Engagement Letter's reimbursement and indemnification provisions were negotiated by Citadel and Lazard at arm's-length and in good faith.  Further, the indemnification provisions, viewed in conjunction with the other terms of Lazard's proposed retention, are reasonable and in the best interests of the Debtors in light of the fact that the Debtors require Lazard's services to successfully restructure.  Accordingly, the Debtors request that the Court approve Lazard's retention, including the reimbursement and indemnification provisions reflected in the Indemnification Letter.

## F.     No Duplication of Services

21.     The Debtors intend that the services of Lazard will complement, and not duplicate, the services being rendered by other professionals retained in these chapter 11 cases, including Alvarez & Marsal North America, LLC.  Lazard understands that the Debtors have retained and may retain additional professionals during the term of the engagement and will work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

## G.     Lazard's Disinterestedness

22.     To the best of the Debtors' knowledge and except to the extent disclosed in the Ridings Declaration, Lazard does not (a) hold or represent an interest adverse to the Debtors' estates or (b) have any connection to the Debtors, their creditors or other relevant parties.

## Supporting Authority

23.     The Debtors seek approval of the Engagement Letter and the Fee Structure contained therein pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors "with the court's approval, may employ or authorize the employment of a

professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ."  11 U.S.C. § 328(a).  Accordingly, section 328 permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

123 F.3d 861, 862 (5th Cir. 1997) (internal citations and emphasis omitted).

24.  Further, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, certain modifications were made to section 328(a) of the Bankruptcy Code, which now provides as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, <u>on a fixed or percentage fee basis, or on a contingent fee basis</u>.

<u>See</u> 11 U.S.C. § 328(a) (emphasis added).  Thus, section 328(a) of the Bankruptcy Code, as amended, now makes clear that debtors may retain, subject to bankruptcy court approval, a professional on a fixed-fee basis such as the Fee Structure.

15

25.     As set forth above, and notwithstanding approval of the Engagement Letter under section 328 of the Bankruptcy Code, Lazard intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

26.     The Debtors believe that the Fee Structure appropriately reflects the nature and scope of services to be provided by Lazard, Lazard's substantial experience with respect to investment banking and financial advisory services and fee structures typically utilized by Lazard and other leading investment banks and financial advisors who do not bill their clients on an hourly basis.  Courts in this district and other districts have routinely approved similar fee arrangements in chapter 11 cases of comparable size and complexity.  *See, e.g.*, *In re Charter Commc'ns, Inc.*, Case No. 09-11435 (Bankr. S.D.N.Y. Apr. 15, 2009); *In re Tronox Inc.*, Case No. 09-10156 (Bankr. S.D.N.Y. Apr. 7, 2009); *In re Northwest Airlines Inc.*, Case No. 05-17930 (Bankr. S.D.N.Y. July 20, 2006); *In re Calpine Corp.*, Case No. 05-60200 (Bankr. S.D.N.Y. May 2, 2006); *In re Delphi Corp.*, Case No. 05-44481 (Bankr. S.D.N.Y. Nov. 30, 2005); *and In re Tower Auto., Inc.*, Case No. 05-10578 (Bankr. S.D.N.Y. June 15, 2005).

27.     Furthermore, denying the relief requested herein would deprive the Debtors of the assistance of a highly qualified investment banking firm, which would disadvantage the Debtors and all parties-in-interest.  The Debtors would be forced to engage a new financial advisor and investment banker lacking the same understanding of the Debtors' business and restructuring initiatives — both already in progress.  Engaging a new financial advisor and investment banker would therefore require the Debtors to expend additional time and resources — all of which are

K&E 16082423.7

in short supply. Accordingly, the Debtors respectfully submit that the services provided by Lazard are critical to the success of these chapter 11 cases and request that the Court approve the Engagement Letter in substantially the form attached hereto.

28.     In light of the foregoing, and given the numerous issues that Lazard may be required to address in the performance of its services hereunder, Lazard's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market prices for Lazard's services for engagements of this nature, the Debtors believe that the terms and conditions of the Engagement Letter (including the Fee Structure) and the Indemnification Letter are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## Jurisdiction

29.     Pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), the Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

30.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 10-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## Motion Practice

31.     This application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this application. Moreover, in addition to all entities otherwise entitled to receive notice, the Debtors

K&E 16082423.7

have given notice of this application to all entities believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order. Accordingly, the Debtors submit that this application satisfies Local Rule 9013-1.

## Notice

32. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this application to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent under the Debtors' prepetition secured term loan; (d) the indenture trustees for the Debtors' prepetition 8.0% and original Convertible Subordinated Notes; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the Federal Communications Commission. A copy of the motion is also available on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/citadel. The Debtors respectfully submit that no other or further notice need be provided.

## No Prior Request

33. No prior motion for the relief requested herein has been made to this or any other court.

K&E 16082423.7

WHEREFORE, the Debtors respectfully entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to employ and retain Lazard as investment banker and financial advisor *nunc pro tunc* to the Petition Date and (b) such other and further relief as it deems just and proper.

Dated: January 8, 2010

/s/ *Randy L. Taylor*
Randy L. Taylor
Senior Vice President and Chief Financial Officer[1]
Citadel Broadcasting Corporation

---

[1]  The Ridings Declaration is the primary source relied upon for the facts set forth herein.

# EXHIBIT A

## Proposed Order

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER AUTHORIZING THE DEBTORS' EMPLOYMENT AND
## RETENTION OF LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR
## AND INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "***Application***")[1] of Citadel Broadcasting Corporation and its

debtor affiliates (collectively, the "***Debtors***")[2] for entry of an order, pursuant to sections 327 and

328(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rule 2014-1 of the Local Rules

for the United States Bankruptcy Court for the Southern District of New York (the "***Local***

***Rules***"), authorizing the Debtors to employ and retain Lazard Frères & Co. LLC ("***Lazard***") as

investment banker and financial advisor *nunc pro tunc* to the Petition Date, pursuant to the terms

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[2] The Debtors in these chapter 11 cases are: Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Debtors; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ Radio, LLC. The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128. The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.

of the engagement letter between the Debtors and Lazard, dated as of May 20, 2009 (the "***Engagement Letter***"), and the related indemnification agreement between the Debtors and Lazard, dated as of May 20, 2009 (the "***Indemnification Letter***" and, together with the Engagement Letter, the "***Lazard Agreement***"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C § 157(b); and venue being proper before this Court pursuant to 28 U.S.C § 1408 and 1409; and the Court being satisfied that notice of the Application and opportunity for a hearing on the Application was appropriate under the particular circumstances and that no other or further notice need be provided; and the Court having reviewed the Application and determined that the employment of Lazard by the Debtors is necessary and in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the terms of the Lazard Agreement are reasonable terms for purposes of section 328(a) of the Bankruptcy Code; and the Court having considered the declaration of Barry Ridings, Vice Chairman of U.S. Investment Banking of Lazard (the "***Ridings Declaration***") filed in support of the Application and attached thereto as **Exhibit B**; and the Court being satisfied that Lazard neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and the Court having determined that Lazard is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

K&E 16082423.7

1.      ORDERED, that the Application is granted as set forth herein, *nunc pro tunc* to the Petition Date; and it is further

2.      ORDERED, that the Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, to employ and retain Lazard as their investment banker in accordance with the terms and conditions set forth in the Lazard Agreement, effective *nunc pro tunc* to the Petition Date; and it is further

3.      ORDERED, that Lazard's compensation as set forth in the Lazard Agreement, including, without limitation, the Restructuring Fee, the Sale Transaction Fee, the Minority Sale Transaction Fee, the Financing Fee, the Specified Financing Fee and the Monthly Fee (each as defined in the Lazard Agreement), is approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Lazard Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; and it is further

4.      ORDERED, that Lazard shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code; *provided*, *however*, that notwithstanding anything to the contrary set forth above, the United States Trustee retains all rights to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

5.      ORDERED, that Lazard shall be excused from keeping time records for services rendered in one-tenth of an hour increments, and instead shall only be required to maintain time records in half hour increments; and it is further

K&E 16082423.7

6.     ORDERED, that none of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law; and it is further

7.     ORDERED, that the terms of the Lazard Agreement are approved in all respects except as limited or modified herein; and it is further

8.     ORDERED, that Section 11 of the Engagement Letter is hereby amended by deleting the portion of the last sentence thereof, starting with the words "nothing herein is intended…"  Notwithstanding any provision to the contrary in the Engagement Letter, Lazard is being engaged as and shall be deemed to be an independent contractor, it being understood that Lazard shall have no authority to bind, or otherwise act as agent, executor, administrator, trustee, lawyer or guardian for the Debtors, nor shall Lazard have the authority to manage money or property of the Debtors.

9.     ORDERED, that in the event Lazard seeks reimbursement for attorneys' fees pursuant to the terms of the Lazard Agreement, the invoices and supporting time records from such attorneys shall be included in Lazard's own application and such invoices and time records shall be subject to the United States Trustee guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

10.    ORDERED, that the Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Lazard Agreement and will indemnify and hold harmless Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees and controlling persons, and each of their respective successors and assigns (collectively, the "*Indemnified Persons*"), pursuant to the Lazard Agreement and, during the pendency of these chapter 11 cases, subject to the following conditions:

4

(i)        All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Lazard Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court; *provided, however*, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person;

(ii)      In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Lazard Agreement if the Debtors, their estates or the official committee of unsecured creditors assert a claim, to the extent that the Court determines by final order that such claim resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person; and

(iii)     In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Lazard Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

11.    ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

12.    ORDERED, that to the extent this Order is inconsistent with the Lazard Agreement, this Order shall govern; and it is further

5

13.     ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2010

_____
Honorable Burton R. Lifland
United States Bankruptcy Judge

K&E 16082423.7

# **EXHIBIT B**

## **Ridings Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) Case No. 09-17442 (BLR) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**DECLARATION OF BARRY RIDINGS IN SUPPORT OF THE
DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
LAZARD FRÈRES & CO. LLC AS FINANCIAL ADVISOR
AND INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

Barry Ridings, being duly sworn according to law, upon his oath, deposes and says:

1.      I am a Managing Director of Lazard Frères & Co. LLC ("*Lazard"* or the "*Firm*"), which has its principal office at 30 Rockefeller Plaza, New York, New York.  I am authorized to execute this declaration on behalf of Lazard.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.[1]

2.      This declaration is being submitted in connection with the proposed retention of Lazard as financial advisor and investment banker for Citadel Broadcasting Corporation and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") to perform services as set forth in the application seeking to retain Lazard (the "*Application*").

3.      Lazard is the U.S. operating subsidiary of a preeminent international financial advisory and asset management firm.  Lazard, together with its predecessors and affiliates, has been advising clients around the world for over 150 years.  Lazard has dedicated professionals who provide restructuring services to its clients.

---

[1]    Certain disclosures herein relate to matters within the personal knowledge of other professionals at Lazard and are based on information provided by them.

4.      The current managing directors, directors, vice presidents and associates of Lazard have extensive experience working with financially troubled companies in complex financial restructurings out-of-court and in chapter 11 proceedings.  Lazard and its principals have been involved as advisor to debtor, creditor and equity constituencies and government agencies in many reorganization cases.  Since 1990, Lazard professionals have been involved in over 250 restructurings, representing over $1 trillion in debtor assets.

5.      In connection with its proposed retention by the Debtors in these cases, Lazard undertook to determine whether Lazard had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.   Specifically, Lazard obtained from the Debtors and/or their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "***Potential Parties in Interest***") and such parties are listed on **Schedule 1** annexed hereto.

6.      Lazard has researched its electronic client files and records to determine its connections with the Potential Parties in Interest.  Pursuant to our engagement letter with Citadel Broadcasting Corporation, Lazard may provide services to non-debtor affiliates of the Debtors.  To the extent that I have been able to ascertain that Lazard has been retained within the last three years to represent any of the other Potential Parties in Interest (or their apparent affiliates, as the case may be) in matters unrelated to these cases, such parties are listed on **Schedule 2** annexed hereto.  Lazard's representation of each entity listed on **Schedule 2** (or its apparent affiliate, as the case may be), however, was or is only on matters that are unrelated to these cases and, except as described in paragraph 8 below, the Debtors.   Other than as listed on Schedule 2, I am unaware of any engagements of Lazard by the Potential Parties in Interest within the last three years.  Given the size of the Firm and the breadth of Lazard's client base, it is possible that

Lazard may now or in the future be retained by one or more of the Potential Parties in Interest in unrelated matters without my knowledge. To the extent that Lazard discovers any, or enters into any new, material relationship with Potential Parties in Interest, it will supplement this disclosure to the Court promptly.

7.     In addition to the parties listed on **Schedule 2**, Lazard may also represent, or may have represented, affiliates of Potential Parties in Interest and Lazard may have worked with, continue to work with, and/or have mutual clients with, certain accounting and law firms who appear on the Potential Parties in Interest list.   Lazard may also represent, or may have represented in the past, committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that appear on the Potential Parties in Interest list.

8.     Lazard notes that in 2006 it represented The Walt Disney Company ("***Disney***") in connection with the separation of the ABC Radio business from Disney and related combination of the ABC Radio business with Citadel Broadcasting Corporation.   All of the services that Lazard provided to Disney in connection with such transaction were unrelated to these cases. Lazard does not believe that this prior engagement by Disney constitutes a conflict, or causes it not to be disinterested, with respect to these cases.

9.     Although we have researched the Potential Parties in Interest list, the Debtors may have customers, creditors, competitors and other parties with whom they maintain business relationships that are not included as Potential Parties-in-Interest and with whom we may maintain business relationships.   Additionally, as noted above, Lazard is the U.S. operating subsidiary of an international financial advisory and asset management firm and thus has several legally separate and distinct affiliates.   Although it is possible that employees of certain affiliates

4

may assist Lazard in connection with Lazard's engagement, as Lazard is the only entity being retained by the Debtors, we have researched only the electronic client files and records of Lazard, not of all of its affiliates, to determine connections with any Potential Parties in Interest.

10.     Lazard also has an asset management affiliate, Lazard Asset Management LLC ("*LAM*").     While Lazard receives payments from LAM generated by LAM's business operations, LAM is operated as a separate and distinct affiliate and is separated from the Firm's other businesses, including Lazard's financial advisory services group and its managing directors and employees advising the Debtors, by an ethical wall.     As part of its regular business operations, LAM may act as investment advisor for or trade securities (including in discretionary client accounts, and through LAM's operation of hedge funds and mutual funds, in which cases investment decisions are made by LAM), including on behalf of creditors, equity holders or other parties in interest in these cases, and Lazard or its affiliates, managing directors and employees. Some of these LAM accounts and funds may now or in the future hold debt or equity securities of the Debtors.  Lazard has in place compliance procedures to ensure that no confidential or non-public information concerning the Debtors has been or will be available to employees of LAM.[2]

11.     Other than as disclosed herein, Lazard has no relationship with the Debtors of which I am aware after due inquiry.

---

[2]     Effective May 10, 2005, Lazard transferred its alternative investments business (which includes fund management and investment) and capital markets business (which includes equity research, syndicate, sales and trading) to new privately-held companies, Lazard Alternative Investments LLC ("*LAI*") and Lazard Capital Markets LLC ("*LCM*"), respectively, which are neither owned nor controlled by Lazard.  LAI and LCM are owned and operated by LFCM Holdings LLC ("*LFCM*"), which is owned in large part by Lazard managing directors.  LFCM is separate from Lazard and its businesses, including its financial advisory services group and its managing directors and employees advising the Debtors. LFCM does not hold any proprietary interest in any of the Debtors' debt or equity securities.  Potential Parties-in-Interest may be customers of LFCM or investors in funds managed by subsidiaries of LFCM and LCM may have acted as underwriter in connection with offerings by Potential Parties-in-Interest (to the extent LCM has so acted as underwriter in the last three years such parties have been listed on **Schedule 2**).

K&E 16082423.7

12.     Lazard has provided and agrees to continue to provide assistance to the Debtors in accordance with the terms and conditions set forth in the application, the Lazard engagement letter and related indemnification letter, which is annexed to the application as **Exhibit A**. Accordingly, I make this declaration in support of an order authorizing such retention.

13.     It is the intention of Lazard to seek compensation for its services as described in the Application and the Engagement Letter in accordance with the Bankruptcy Code, the Bankruptcy Rules, the United States Trustees' Guidelines, any and all rules of this Court, and the compensation procedures proposed by the Debtors.

14.     Lazard charges its clients for reasonably incurred, out-of-pocket expenses associated with an assignment.  All such expense billings are in accordance with Lazard's customary practices.

15.     Based upon the foregoing, I believe Lazard is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors or their estates.

I declare under the penalty of perjury that the forgoing is true and correct, to the best of my knowledge.

K&E 16082423.7

LAZARD FRERES & CO. LLC

By: _____

Name: Barry Ridings

Title: Managing Director

# **SCHEDULE 1**

## **List of Schedules**

| Schedule | Category |
| --- | --- |
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Significant Contract Counterparties |
| 1(d) | Significant Customers |
| 1(e) | Greater than 5% Equity Holders |
| 1(f) | Indenture Trustees |
| 1(g) | Holders of Bonds and Beneficiaries of Letters of Credit |
| 1(h) | Lease Counterparties |
| 1(i) | Lenders |
| 1(j) | Litigation Parties |
| 1(k) | Professionals |
| 1(l) | Significant Vendors |
| 1(m) | Sureties, Insurers and Obligees |
| 1(n) | Tax Authorities |
| 1(o) | Top Fifty Unsecured Creditors |
| 1(p) | United States Trustee for the Southern District of New York (and Key Staff Members) |
| 1(q) | Utility Providers |

# SCHEDULE 1(a)

## CURRENT AND RECENT FORMER ENTITIES AFFILIATED WITH THE DEBTORS

222 JV Clear Channel
2L Corp.
Alphabet Acquisition Corp.
Atlanta Radio LLC
Aviation I LLC
CG Meridian Entertainment
CG Meridian LLC
Chicago FM Radio Assets LLC
Chicago License LLC
Chicago Radio Assets LLC
Chicago Radio Holding LLC
Chicago Radio LLC
Citadel Broadcasting Co.
Citadel Broadcasting Corp.
DC Radio Assets LLC
DC Radio LLC
Deer Point Tower Venture LLC
Detroit Radio LLC
iBiquity Digital Corp.
Innovative Radio Solutions LLC
International Radio Inc.
KBAP-KSCS Radio Group Ltd.
KLOS Radio LLC
KLOS Syndications Assets LLC
KLOS-FM Radio Assets LLC
LA License LLC
LA Radio LLC
Last Bastion Trust LLC, The
Minneapolis Radio Assets LLC
Minneapolis Radio LLC
Nashville Tower
Network Licenses LLC
NY License LLC

NY Radio Assets LLC
NY Radio LLC
Oklahoma Radio Partners LLC
Radio Assets LLC
Radio Disney Network
Radio License Holding I LLC
Radio License Holding II LLC
Radio License Holding III LLC
Radio License Holding IV LLC
Radio License Holding IX LLC
Radio License Holding V LLC
Radio License Holding VI LLC
Radio License Holding VII LLC
Radio License Holding VIII LLC
Radio License Holding X LLC
Radio License Holding XI LLC
Radio License Holding XII LLC
Radio Networks LLC
Radio Today Entertainment Inc.
Radio Watermark Inc.
REACH Media Inc.
San Francisco Radio Assets LLC
San Francisco Radio LLC
SF License LLC
Shoreview FM Group
Wasatch Radio LLC
WBAP-KSCS Acquisition Partner LLC
WBAP-KSCS Assets LLC
WBAP-KSCS Radio Acquisition LLC
WBAP-KSCS Radio Group Ltd.
White Cloud Aviation LLC
WPLJ Radio LLC

# **SCHEDULE 1(b)**

## **CURRENT AND RECENT FORMER DIRECTORS AND OFFICERS**

Brown, Katherine
Checketts, David W.
Ellis, Judith A.
Forstmann, J. Anthony
Forstmann, Theodore J.
Freedline, Robert G.
Holmes, Gordon A.
Horbach, Sandra J.
Miles, Michael A.
Orr, Jacquelyn J.
Regan, Michael J.
Reifenheiser, Thomas V.
Rose, Charles P., Jr.
Siegel, Herbert J.
Smith, Wayne T.
Stratford, Patricia
Suleman, Farid
Taylor, Randy L
.

# SCHEDULE 1(c)

## SIGNIFICANT CONTRACT COUNTERPARTIES

12 Stops Inc.
260-261 Madison Avenue
ABC Inc.
ABC News
AFTRA National Code
American Tower Corp.
Apex Broadcasting Inc.
Arbitron Inc.
Baisden Enterprises
Baisden, Michael
BAL Corporate Aviation LLC
Barnard Co. Inc.
Beckmann, Frank
Big Boy
Brooks, Kix
Brzezinski, Mika
Buffalo Bills Inc.
C Student Entertainment
Crimson Tide Sports Marketing
CSM Investors Inc.
Cuzco LLC
Disney CORE Services
District of Columbia Joint Tower Venture
Emmis Communications Corp.
Empire State Building Co. LLC
Forgotten Town LLC
Fourth & Roma Properties Trust
Gilbert, Edward F.
Gilbert, Mary Lou
Hanco Ltd.
Host Communications
Interstate North Office Park
ISP-International Sports Properties Inc.
Jack Diamond Enterprises
Jenifer Street LP
KABC Announcers and Freelance (AFTRA)
KABC/KLOS office clerical (STDU)
KGO Staff Announcers and Newspersons (AFTRA)
KGO Televison Inc.
KLOS Staff Announcers and Freelance (AFTRA)

KSFO Staff Announcers and Freelance (AFTRA)
KSL Mountain Top
Kurt, Alexander
Lakepointe West LLC
Learfield Communications Inc.
Liberty Square Inc.
LKBOC LLC-11-08 JP Morgan Chase
Me and Marconi Inc.
Mericle Properties
NABET
Network Staff Newspersons (AFTRA)
Oak Ridge FM Inc.
One City Center
Port of San Francisco, Commercial Property Manager
Premiere Radio Networks Inc.
Price Development
R&R Investor Ltd.
Reach Media
REIT Management & Research LLC
Richard RB Ellis
Richland Towers Inc.
RK Lowe Revocable Trust
Scarborough, Job
SES Americom Inc.
Smith, Paul W.
Tennessee Titans
TMP Tiffany Square
Triple Net Properties LLC
Triple Net-Campau Building Co.
Vornado Two Penn Plaza LLC
WABC Staff Announcers (AFTRA)
WABC Staff Newspersons (AFTRA)
West Coast Regional Code
Wicks Broadcast Solutions LLC
WJZW Announcers (AFTRA)
WLS Television Inc.
WLS/WZZN Announcers and Newspersons
WMAL and WRQX Announcers and Newspersons
WPLJ FM Talent Agreement
YSS LLC

# SCHEDULE 1(d)

## SIGNIFICANT CUSTOMERS

AT&T Inc.
Brinker International
Charter Communications
Chevron Corp.
Chris Christie for NJ Governor
Comcast Cable
Comcast Corp.
Cox Communications
David Stanley Dodge
Dunkin Donuts
Edelman, Ric
Incentrev Inc.
Joseph A. Bank
JP Morgan Chase
Kroger Co., The
Marketing Architects
McDonald's Corp.
Meijer Inc.
Michelin Tires
Michigan State Lottery
Mutual Fund Store
Mutual Fund Store
National City Corp.
Pepsi Cola
Sandia Resort & Casino
Shane Co.
Sit 'N Sleep Inc.
Six Flags Inc.
Sleepy's
So Cal Toyota
Soaring Eagle Casino
Sprint PCS
Subway
Tennessee Lottery
Time Warner Cable
Tl Partnership
Verizon Wireless

# SCHEDULE 1(e)

## GREATER THAN 5% EQUITY HOLDERS

Amalgamated Gadget LP
Forstmann Little & Co. Equity Partnership-VI LP
Forstmann Little & Co. Subordinated Debt and Equity Management Buyout Partnership-VII LP
Forstmann, Theodore J.
Hotchkis & Wiley Capital Management LLC
Wells Fargo & Co.

# **SCHEDULE 1(f)**

## **INDENTURE TRUSTEES**

HSBC Corporate Trust & Loan Agency
JP Morgan
Wilmington Trust FSB

# **SCHEDULE 1(g)**

## **HOLDERS OF BONDS AND BENEFICIARIES OF LETTERS OF CREDIT**

260-261 Madison Avenue LLC
Ace American Insurance Co.
Alabama Power Co.
BAL Corporate Aviation LLC
Bank of America Leasing & Capital
Entergy Arkansas Inc.
Michigan, State of
New York, State of
United States Fire Insurance Co.
Utah, State of

# SCHEDULE 1(h)

## LEASE COUNTERPARTIES

B&H Investments
CitiCorp Vendor Finance Inc.
De Lage Landen Financial Services
Documation
Gulf Coast Office Products
Pacific Office Automation, Inc.
The Ultimate Software Group, Inc.
Tuscaloosa Toyota

# SCHEDULE 1(i)

## LENDERS

40/86 Advisors Inc.
505 CLO I Ltd.
Acas CLO 2007-1 Ltd.
AIG Annuity Insurance Co.
AIG Bank Loan Fund Ltd.
AIG Global Investment Corp.
AIG Saturn CLO Ltd.
AIG-Sunamerica Senior Floating Rate Fund Inc.
Aim Floating Rate Fund
Aimco CLO Series 2005-A
Aimco CLO Series 2006-A
Airlie CLO 2006-I Ltd.
Airlie Opportunity Capital Management LP
Aladdin Capital Management LLC
Aladdin Flexible Investment Fund SPC Series 2007-1
Allstate Investment Management Co.
Allstate Life Insurance Co.
Alzette European CLO
American Capital Ltd.
American International Group Inc.
American Money Management Corp.
Ameriprise Certificate Co.
Ammc CLO III Ltd.
Ammc CLO IV Ltd.
Ammc CLO VI Ltd.
Ammc VII Ltd.
Ammc VIII Ltd.
Apidos Capital Management LLC
Apidos CDO II
Apidos CDO III
Apidos CDO IV
Apidos CDO V
Apidos Cinco CDO
Apidos Quattro CDO
Ares Enhanced Ln Inv III Ltd.
Ares Enhanced Loan Investment Strategy Ir Ltd.
Ares III Ivr CLO Ltd.
Ares IX CLO Ltd.
Ares Management LP
Ares VII CLO Ltd.

Ares VIII CLO Ltd.
Ares Vir CLO Ltd.
Ares Vr CLO Ltd.
Ares XI CLO Ltd.
Ares XII CLO Ltd.
Armstrong Loan Funding Ltd.
Artus Loan Fund 2007-I Ltd.
Atlantis Funding Ltd.
Atrium V
Avalon Capital Ltd. 3
Avery Point CLO Ltd.
Avery Street CLO Ltd.
Babson Capital Management LLC
Babson CLO Ltd. 2004 I
Babson CLO Ltd. 2004-II
Babson CLO Ltd. 2005-I
Babson CLO Ltd. 2005-II
Babson CLO Ltd. 2005-III
Babson CLO Ltd. 2006-1
Babson CLO Ltd. 2006-II
Babson CLO Ltd. 2007-I
Babson CLO Ltd. 2008-I
Babson Credit Strategies CLO Ltd.
Baltic Funding LLC
Bank of America NA
Bank of New York Mellon Corp., The
BDCM Fund Adviser LLC
Belhurst CLO Ltd.
Black Diamond CLO 2005-1 Ltd.
Black Diamond CLO 2006-1 Cayman Ltd.
Blackstone Debt Advisors LP
Blue Shield of California
Boston Harbor CLO 2004-1 Ltd.
Callidus Capital Management LLC
Callidus Debt Partners CLO Fund VI Ltd.
Callidus Debt Partners CLO Fund VII Ltd.
Calyon
Calyon, New York Branch
Canaras Capital Management LLC
Canaras Summit CLO Ltd.
Canyon Capital Advisors LLC
Canyon Capital CLO 2004-1 Ltd.
Canyon Capital CLO 2006-1 Ltd.

Canyon Capital CLO 2007-1 Ltd.
Capitalsource Bank
Castle Hill III CLO Ltd.
Castle Hill II-Ingots Ltd.
Castle Hill I-Ingots Ltd.
Caywood-Scholl Cap Management LLC
Celts CLO 2007-1 Ltd.
Cent CDO 10 Ltd.
Cent CDO 15 Ltd.
Cent CDO XI Ltd.
Centaurus Loan Trust
Centurion CDO 8 Ltd.
Centurion CDO 9 Ltd.
Centurion CDO VI Ltd.
Centurion CDO VII Ltd.
Champlain CLO Ltd.
Chatham Light II CLO Ltd.
Chelsea Park CLO Ltd.
Churchill Pacific Asset Management LLC
CIFC Funding 2007-III
Cit Asset Management LLC
Cit Group/Equipment Financing Inc.
Citigroup Alternative Investments LLC
Clydesdale CLO 2003 Ltd.
Clydesdale CLO 2004 Ltd.
Clydesdale CLO 2005 Ltd.
Clydesdale CLO 2006 Ltd.
Clydesdale CLO 2007-1 Ltd.
Clydesdale Strategic CLO I Ltd.
CM Life Insurance Co.
Coa Caerus CLO Ltd.
Cole Brook CBNA Loan Funding LLC
Columbus Nova Credit Investments
Management LLC
Columbusnova CLO IV Ltd. 2007 II
Columbusnova CLO Ltd. 2006-1
Columbusnova CLO Ltd. 2006-II
Columbusnova CLO Ltd. 2007-1
Commercial Industrial Finance Corp.
Confluent 2 Ltd.
Contrarian Capital Management LLC
Contrarian Funds LLC
Cornerstone CLO Ltd.
Credit Agricole SA
Credit Industriel et Commercial
Credit Lyonnais, New York Branch

Credit Suisse Asset Management
Credit Suisse Group AG
Credit Suisse, Cayman Islands Branch
Csam Funding III
Csam Funding IV
Cypresstree Investment Management Co.
Inc.
DC Funding Partners LLC
Del Mar CLO I Ltd.
Denali Capital CLO V Ltd.
Denali Capital CLO VI Ltd.
Denali Capital CLO VII Ltd.
Deutsche Bank AG
Deutsche Bank AG, Cayman Islands Branch
Deutsche Bank Trust Co. Americas
DiMaio Ahmad Capital LLC
Diversified Credit Portfolio Ltd.
Dryden VIII-Leveraged Loan CDO 2005
Dryden XI-Leveraged Loan CDO 2006
Dryden XVI-Leveraged Loan CDO 206
Dryden XXI Leveraged Loan CDO Llc
Duane Street CLO 1 Ltd.
Duane Street CLO II Ltd.
Duane Street CLO III Ltd.
Duane Street CLO IV Ltd.
Duane Street CLO V Ltd.
Eagle Creek CLO Ltd.
Eaton Vance CDO IX Ltd.
Eaton Vance CDO VIII  Ltd.
Eaton Vance Floating Rate Income Trust
Eaton Vance Grayson & Co.
Eaton Vance Institutional Senior Loan Fund
Eaton Vance Loan Opportunities Fund Ltd.
Eaton Vance Management
Eaton Vance Medallion Floating Rate
Income Portfolio
Eaton Vance Senior Debt Portfolio
Eaton Vance Senior Floating Rate Trust
Eaton Vance Variable Trust Floating Rate
Income Fund
Emerson Place CLO Ltd.
Essex Park CDO Ltd.
Fall Creek CLO Ltd.
Feingold O'Keeffe Capital LLC
Fidelity Advisor Series I-Advisor Floating
Rate High Income Fund

Fidelity Investments
First Trust Four Corners Senior Floatingrate Income Fund II
First Trust/Four Corners Senior Floatingrate Income Fund
Firstlight Financial Corp.
Firstlight Funding I Ltd.
Four Corners Capital Management LLC
Four Corners CLO 2005-I Ltd.
Four Corners CLO II Ltd.
Foxe Basin CLO 2003 Ltd.
Franklin Advisers Inc.
Franklin CLO V Ltd.
Franklin CLO VI Ltd.
Franklin Floating Rate Daily Access Fund
Franklin Floating Rate Master Series
Franklin Total Return Fund
Fraser Sullivan Investment Management LLC
Galaxy CLO 2003-1 Ltd.
Galaxy IV CLO Ltd.
Galaxy V CLO Ltd.
Galaxy VI CLO Ltd.
Galaxy VII CLO Ltd.
Galaxy VIII CLO Ltd.
Galaxy X CLO Ltd.
Gannett Peak CLO I Ltd.
GE Business Financial Service
General Electric Capital Corp.
Genesis CLO 2007-1 Ltd.
Goldman Sachs Asset Management LP
Goldman Sachs Credit Partners LP
Goldman Sachs Group Inc., The
Goldman Sachs-Abs Loans 2007 Ltd.
Golub Capital Funding Clo-8 Ltd.
Golub Capital Management CLO 2007-1 Ltd.
Golub Capital Management LLC
Grand Central Asset Trust Cameron I Ser Ies
Grand Central Asset Trust Pfv Series
Granite Ventures I Ltd.
Granite Ventures II Ltd.
Granite Ventures III Ltd.
Grant Grove CLO Ltd.
Great American Insurance Co.

Great American Life Insurance Co.
Green Island CBNA Loan Funding LLC
Greyrock CDO Ltd.
GSC Group Inc.
Gsc Partners CDO Fund V Ltd.
Gsc Partners CDO Fund VI Ltd.
Gsc Partners CDO Fund VIII Ltd.
Gsc Partners Gemini Fund Ltd.
GSO Capital Partners  LP
Hamlet II Ltd.
Harbourview CLO 2006-1
Hartford Floating Rate Fund, The
Hartford Investment Management Co.
Hewett S Island CLO VII Ltd.
Hillmark Capital Management LP
Hudson Canyon Funding II Subsidiary Holding Co. II Llc
Ing Capital LLC
Ing Corporate Opportunities Segregated Portfolio
Ing Gis Distressed Fund Spc
Ing International II -Senior Bank Loaneuro
Ing Investment Management CLO I Ltd.
Ing Investment Management CLO III Ltd.
Ing Investment Management CLO Iv Ltd.
Ing Investment Management CLO V Ltd.
Ing Investment Management LLC
Ing Investments LLC
Ing Prime Rate Trust
Ing Senior Income Fund
Invesco Institutional NA Inc.
Inwood Park CDO Ltd.
Jefferies Capital Management Inc.
Jersey Street CLO  Ltd.
JP Morgan Investment Management Inc.
JP Morgan Whitefriars Inc.
Jpmcb-Secondary Loan And Distressed Credit Trading
Jpmim-Louisiana State Employees Retirement System
Jpmorgan Bank
Jpmorgan Chase Bank NA
Katonah 2007-I CLO Ltd.
Katonah Debt Advisors LLC
Katonah III Ltd.
Katonah IV Ltd.

Katonah V Ltd.
Katonah VII Ltd.
Katonah VIII CLO Ltd.
Katonah X CLO Ltd.
Kingsland Capital Management LLC
Kingsland I Ltd.
Kingsland II Ltd.
Kingsland III Ltd.
Kingsland IV Ltd.
Kingsland V Ltd.
KKR Financial CLO 2007-1 Ltd.
KKR Financial Corp.
Landmark III CDO Ltd.
Landmark IV CDO Ltd.
Landmark IX CDO Ltd.
Landmark V CDO Ltd.
Landmark VI CDO Ltd.
Landmark VII CDO Ltd.
Latitude CLO I
Latitude CLO II Ltd.
Latitude CLO III Ltd.
Lcm I LP
Lcm II LP
Lcm III Ltd.
Lcm IV Ltd.
Lcm V Ltd.
Lcm VI Ltd.
Legg Mason Partners Corporate Loan Fund Inc.
Lehman Brothers Asset Management LLC
Lightpoint CLO III Ltd.
Lightpoint CLO VIII Ltd.
Limerock CLO I
Loan Funding IX LLC
Loan Funding VI LLC
Loan Funding XI LLC
Loyalis Schade NV
Lufkin Advisors LLC
Lyon Capital Management
Madison Park Funding II Ltd.
Madison Park Funding V Ltd.
Maplewood Cayman Ltd.
Marlborough Street CLO Ltd.
Massachusetts Financial Services Co.
Massachusetts Mutual Life Insurance Co.
McDonnell Investment Management LLC

McDonnell-Illinois State Board of Investment
Merrill Lynch & Co. Inc.
Merrill Lynch Capital Corp.
Mizuho Corporate Bank Ltd.
MJX Asset Management LLC
Mjx Venture IV CDO Ltd.
Monument Park CDO Ltd.
Moselle CLO SA
Mt Wilson CLO II Ltd.
Mt Wilson CLO Ltd.
Muir Grove CLO Ltd.
Nacm CLO Ii
Nash Point CLO
Nautique Funding Ltd.
Navigare Funding III CLO Ltd.
Navigare Partners LLC
Ncm Fsim 2008-1 LLC
New York Life Investment Management
Nicholas-Applegate Capital Management LLC
Nomura Bond & Loan Fund
Nomura Corporate Research & Assset Management Inc.
Nomura-Ncram Loan Trust
Norinchukin Bank, The
Norinchukin Bank-New York
Normura-Ncram Senior Loan Trust 2005
Ntcc Multi-Advisor Funds-High Yield Fund-Stone Harbor Investment Partners LP
Nuveen Multi-Strategy Income And Growth Fund
Nuveen Multi-Strategy Income and Growth Fund 2
Nuveen Senior Income Fund
Ocean Trails CLO I
Octagon Credit Investors LLC
Octagon Investment Partners Vii Ltd. Series 2004-7x Class B2l
Octagon Investment Partners VIII Ltd.
Olympic CLO I Ltd.
Oppenheimer Master Loan Fund LLC
Oppenheimer Senior Floating Rate Fund
Oppenheimer Funds Inc.
Ore Hill Partners LLC
Pacific Investment Management Co.

Pacific Life Insurance Co.
Pangaea Asset Management LLC
Par IV Capital Management LLC
Petrusse European CLO SA
Potential CLO I Ltd.
Primus Asset Management Inc.
Primus CLO I Ltd.
Primus CLO II Ltd.
Princeton Advisory Group Inc.
Prospect Park CDO Ltd.
Prudential Investment Management Inc.
Putah8-Interpolis Pensioenen Global High Yield Pool
Putnam 14-High Yield Trust
Putnam 29x-Funds Trust Floating Rate Income Fund
Putnam 60-High Yield Advantage Fund
Putnam 67-Putnam Variable Trust-Putnam Vt High Yield Fund
Putnam 73-Premier Income Trust
Putnam 74-Master Intermediate Income Trust
Putnam 75-Diversified Income Trust
Putnam 961-Variable Trust Diversified Income Fund
Putnam Advisory Co. LLC
Putnam Diversified Income Trust Cayman Master Fund
Putnam Investment Management LLC
R2 Top Hat Ltd.
Race Point II CLO
Race Point III CLO
Race Point IV CLO Ltd.
Regatta Funding Ltd.
Riverside Park CLO Ltd.
Riversource 106 Bond Series Inc.-Floating Rate Fund
Riversource Cent CDO 12 Ltd.
Riversource Cent CDO 14 Ltd.
Riversource Investments LLC
Riversource Strategic Income Allocation Fund
Rosedale CLO Ltd.
Royal Bank of Scotland Plc
Royal Bank of Scotland Plc, New York Branch

Sagamore CLO Ltd.
San Francisco City & County Employees Retirement System
San Gabriel CLO I Ltd.
Sandler Capital Management
Sandler Capital Structure Opportunities Master Fund Ltd.
Sankaty Credit Opportunities IV LP
Sankaty Credit Opportunities Offshore Master IV LP
Sankaty High Yield Partners II LP
Sankaty High Yield Partners III LP
Sankaty-Future Fund Board of Guardians
Sankaty-Future Fund Board of Guardians
Sapphire Valley CDO I Ltd.
Saratoga CLO I Ltd.
Sargas CLO I Ltd.
Scepter Holdings Inc.
Scotia Capital Inc.
Scotiabank Ireland Ltd.
Sf-3 Segregated Portfolio
Sfr Ltd.
Shasta CLO I Ltd.
Shenkman Capital Management Inc.
Shenkman-Cuna Mutual Insurance Society
Sierra CLO II Ltd.
Silverado CLO 2006-I Ltd.
Silverado CLO 2006-Ii Ltd.
Sovereign Bank
Sss Funding II LLC
Stanfield Capital Partners LLC
Stanfield Vantage CLO Ltd.
Stanfield Veyron CLO Ltd.
Stone Harbor High Yield Bond Fund
Stone Harbor Investment Funds-High Yieldbond Fund
Stone Harbor Investment Partners LP
Stone Harbor Investment Partners-Hugheson Ltd.
Stone Harbor Leveraged Loan Portfolio
Stone Harbor Libor Plus Total Return Fund
Stone Harbor-Commonwealth of Pennsylvania State Employees Retiretment
Stone Harbor-Libra Global Ltd.
Stone Harbor-Municipal Employees Retirement System of Michigan

Stone Harbor-National Elevator Industry Pension Plan
Stone Harbor-San Joaquin County Emp Ret Assoc
Stone Harbor-Sterling Core Plus Bond Fund
Stone Harbor-Ubs Uk Pension and Life Assurance Scheme
Stone Harbor-Wallace H Coulter Foundation
Stone Tower CDO II Ltd.
Stone Tower CDO Ltd. Bsc Migr
Stone Tower CLO III Ltd.
Stone Tower CLO IV Ltd.
Stone Tower CLO V  Ltd.
Stone Tower CLO VI Ltd.
Stone Tower CLO VII Ltd.
Stone Tower Debt Advisors LLC
Stoney Lane Funding I Ltd.
Sumitomo Mitsui Banking Corp.
Sumitomo Mitsui Banking Corp., New York
Summit Lake CLO Ltd.
SunTrust Bank
Symphony Asset Management LLC
Symphony CLO I Ltd.
Symphony CLO III Ltd.
Symphony CLO IV Ltd.
Symphony CLO V Ltd.
Symphony CLO VI Ltd.
Tall Tree Investment Management LLC
Temp11520-Fts Ii F Franklin Floating Rate II Fund
Tralee CDO I Ltd.
Tribeca Park CLO Ltd.
Trimaran Advisors LLC
Trimaran CLO IV Ltd.
Trimaran CLO V Ltd.
Trimaran CLO VI Ltd.
Trimaran CLO VII Ltd.
Trs Babson I LLC
Union Square CDO Ltd.
Van Kampen Asset Management
Van Kampen Senior Income Trust
Van Kampen Senior Loan Fund
Veer Cash Flow CLO Ltd.

Venture II CDO 2002 Ltd.
Venture III CDO Ltd.
Venture IX CDO Ltd.
Venture V CDO Ltd.
Venture VI CDO Ltd.
Venture VII CDO Ltd.
Venture VIII CDO Ltd.
Victoria Court CBNA Loan Funding LLC
Vinacasa CLO Ltd.
Vista Leveraged Income Fund
Wachovia Bank NA
Wamco 2357-Legg Mason Partners Capital and Income Fund
Wamco 3073-John Hancock Trust Floating Rate Income Trust
Wamco 3074-John Hancock Fund II-Floating Rate Income Fund
Wamco 984-Western Asset Funds Inc. Core Plus Bond Portfolio
Wamco Ltd. A/C 2592
Wamco Western Asset Floating Rate High Income Fund LLC
Wasatch CLO Ltd.
Wells and Co. Master Pension Trust
Wells Capital Management Inc.
Wells Capital Management-12222133
Wells Capital Management-16959700
Wells Capital Management-16959701
Wells-13702900
West Gate Horizons Advisors LLC
Western Asset Management Co.
WestLB AG, New York Branch
Wg Horizons CLO I
Whitehorse Capital Partners LP
Whitehorse II Ltd.
Whitehorse III Ltd.
Whitehorse IV Ltd.
Whitehorse V Ltd.
Whitney CLO I Ltd.
Wind River CLO I Ltd.
Wind River CLO II-Tate Investors Ltd.
Yorkville CBNA Loan Funding LLC

# SCHEDULE 1(j)

## LITIGATION PARTIES

ABC News
Acacia Media Technologies Inc.
Aldav LLC
American Broadcasting Cos. Inc.
Banks, Doug
Beneficial Mortgage Co. of Connecticut
Bergson Tire Co. Inc.
Bowe, Aleca
Brown, Ewing
Brown, Jeanne
Burkes, Jeanette
Capstar Radio Operating Co.
Chase Bank USA, N.A.
Church, Terri
Clear Channel
Clear Channel
Clear Channel
CloudTrigger
Club "W" Inc.
Colorofchange.org
Comerford, William M.
Cook, Linda
Crowley, Bob
DePetrillo, Thomas
Dolan, John Mitchell
Douglas, Calvin
FDB Family Trust
Galeyan, Mary
Gelb, Robert
Gigliotti, Richard
Gomes, Bonnie
Hamstra, Carol
Haskew Co., The

Haskew, Jerre
Hilton, Heather
Hogg, Ian
In-Hand Productions Inc.
Kevorkian, Tracy
Kourkounis, Kiley
Marshall, Robin
McClinton, Valerie
McKoy, J. Michael
MRS Cleaning Co.
NABET
National Association of Broadcast
Employees and Technicians
New York State Attorney General
New York State Department of Labor
NYSE Regulation
Plinke, Terry
Prentiss, Kimberly
Robinson, James
Rodriques, Anthony
Rucker, James
Ryan, Marty G.
Salesforce.com Inc.
Stanley Steemer International Inc.
Thomas, Tracy
Turner, George M.
US Department of Labor, Office of Federal
Contract Compliance
Visser, Donovan
Walt Disney Co., The
Yaegle, Lisa
Zevetchin, Davide G.
Zevetchin, Kimberley J.

# SCHEDULE 1(k)

## PROFESSIONALS

Alvarez & Marsal Inc.
Anthony Ostlund Baer & Louwagie PA
Credit Suisse Securites (USA) LLC
Deloitte & Touche
FTI Consulting Inc.
Hogan & Hartson LLP
Lazard Freres
Simpson Thacher & Bartlett MNP LLP
Stroock & Stroock & Lavan LLP

# SCHEDULE 1(l)

## SIGNIFICANT VENDORS

AFTRA Health & Retirement Fund
Alabama Power Co.
American Broadcasting Co.
American Express
American Express Purchase
American Express T&E
American Tower Corp.
Ando Media LLC
Aon Risk Services Inc. of Florida
Arbitron Inc.
ASCAP
Associated Press, The
AT&T
Baisden Enterprises Inc.
Barnard & Co.
BMI Radio
Broadcast Music Inc.
Broadridge
Brookhollow II LP
Buffalo Bills Inc.
C Student Entertainment
Cananwill Inc.
CB Richard Ellis/Carmody LLC
CBS Radio Corp.
CBS Radio Inc.
CBS/Infinity
Cglic Bloomfield Easc
Chisholm Trail Broadcasting
City Center West
Csm Investors Inc.
Cumulus Broadcasting LLC
Dell Marketing LP
Deloitte & Touche LLP
Dewey & Leboeuf LLP
DMR
Empire State Building Co.
Entertainment Communications Network Inc.
Entravision Communications Corp.
ESPN Inc.
Federal Communications Commission
FK South LLC
Forgotten Town LLC

Fourth & Roma Properties Trust
Franchise Tax Board
FTI Consulting Inc.
GAC
Girgner Inc.
Hannity, Sean
Hicks Sports Group LLC
Host Communications Inc.
ICBC Corp.
Img Communications Inc.
Internal Revenue Service
Interstate North Office Park LP
Jack Diamond Enterprises Inc.
Jenifer Street LP
Katz Media Corp.
KGO TV Inc.
Leventhal Senter & Lerman PLLC
Levin, Mark
Limelight Networks Inc.
Los Angeles Dodgers LLC
Marketron Broadcast Solutions LLC
Mediaspan FMW Inc.
Mellon Investor Services LLC
Metlife Inc.
Michigan Department of Treasury
Michigan, State Of
Millennium Radio Group
Minnesota Revenue
Montgomery County (MD)
National Grid PLC
New Mexico Taxation and Revenue Department
Nielsen Broadcast Data Systems
Oak Ridge FM Inc.
Office Depot
Penguardia Productions Inc.
Premiere Radio Networks
Quest Business Solutions
Qwest
Reach Media Inc.
SES Americom
Sesac Inc.
Soundexchange Inc.

Spanish Broadcasting System
Symetra Life Insurance Co.
Tennessee Titans
Verizon
Verizon Business
VII 444 Madison Lessee LLC

Vornado 2 Penn Plaza
Wenken Inc.
WGN Continental Broadcasting Co.
WLS-TV Inc.
YSS LLC AFTRA Health & Retirement
Fund

# SCHEDULE 1(m)

## SURETIES, INSURERS  AND OBLIGEES

ACE American Insurance Co.
Axis Insurance Co.
Beazley Insurance Co. Inc.
Continental Casualty Co.
Federal Insurance Co.
Great American Insurance Co. of New York
Illinois National Insurance Co.
Insurance Group of the State of Pennsylvania, The
Lexington Insurance Co.
National Union Fire Insurance Co.
St. Paul Fire Marine Insurance Co.
Travelers Insurance Co. Ltd.
Tudor Insurance Co.
XL Insurance Co. Ltd.

**TAX AUTHORITIES**

Ada County Assessor (ID)
Ada County Treasurer (ID)
Alabama Department of Revenue
Alabama, State of
Albuquerque, City of
Ames, John R., as Dallas County Tax Assessor (TX)
Arizona Department of Economic Security
Arizona Department of Revenue
Arizona Secretary of State
Arkansas Employment Security Department
Arkansas, State of
Arlington, City of (TX)
Augusta, City of (ME)
Baker, City of (LA)
Barrington, Town of (NH)
Baton Rouge, City of
Berks Earned Income Tax Bureau
Bernalillo County Treasurer (NM)
Bethlehem, City of (PA)
Birmingham, City of (AL)
Boise County Tax Collector (ID)
Boise Utility Billing, City of (ID)
Broome County Clerks Office (NY)
Brown, Jeff, as Tuscaloosa County MV License Commissioner (AL)
Buena Vista Township Treasurer (MI)
Buffalo, City of (NY)
Burton, City of (MI)
Cairns, Robert C., as South Middleton Township Tax Collector (PA)
California Corporate Services
California DMV Renewal
California Employment Development Department
California Franchise Tax Board
California State Board of Equalization
Cambridge, City of (MN)
Cannon Township (MI)
Capital Tax Collection Bureau
Cayce, City of (SC)
Cedar Creek Township (MI)
Charleston County (SC)

Charleston County Treasurer (SC)
Chattanooga, City of
Chelsea, Town of (ME)
Chicago City Clerk
Chicago Department of Revenue, City of
Chicago, City of (IL)
Childs, David as Dallas County Tax Assessor Collector (TX)
Cleveland County Treasurer (OK)
Cobb County Tax Commissioner (GA)
Cochrane, Peyton C., as Tuscaloosa County Tax Collector (AL)
Colorado Department of Revenue
Colorado Department of Treasury
Colorado Springs, City of (CO)
Connecticut, State of
Cook County Department of Revenue (IL)
Cranston, City of (RI)
Cumberland Valley School District (PA)
Dakota County PT&R (MN)
Dekalb County Tax Commissioner (GA)
Delaware Secretary of State
Delhi Charter Township (MI)
Desoto County Tax Collector (MS)
Detroit Treasurer, City of (MI)
DeWitt, Town of (NY)
Dover, City of (NH)
Dunn, Grover, as Jefferson County Assistant Tax Collector (AL)
East Providence, City of (RI)
El Paso County Clerk/Recorder (CO)
El Paso County Treasurer (CO)
Eliot, Town of (ME)
Ephrata Area School District (PA)
Erie County Tax (NY)
Fairhaven, Town of (MA)
Flint, Charter Township of (MI)
Florida Department of Revenue
Fruitland Township (MI)
Georgia Department of Labor
Georgia Department of Revenue
Georgia Office of Secretary of State
Gilford Township Treasurer (MI)

Grand Rapids, City of (MI)
Greater Merced Chamber of Commerce
Greene Township Tax Collector (PA)
Groton, Town of (CT)
Hale County, Tax Collector of (AL)
Hall County Tax Commissioner (GA)
Hamilton County Clerk (TN)
Hamilton County Trustee (TN)
Henry County REMC (IN)
Henry County Treasurer (IN)
Homewood, City of (AL)
Howard County Treasurer (IN)
Hulsey, Travis A., as Jefferson County Director of Revenue (AL)
Idaho Secretary of State
Idaho State Tax Commission
Illinois Department of Employment Security
Illinois Department of Revenue
Illinois Secretary of State
Indiana Bureau of Motor Vehicles
Indiana Department of Revenue
Indiana Worker Training Fund
Indiana, State of
Internal Revenue Service
Iowa Department of Revenue
Iowa State Treasurer
Isanti County Treasurer (MN)
Jefferson County Department of Revenue (AL)
Jefferson County Tax Collector (AR)
Johnston, Town of (RI)
Kingfisher County Treasurer (OK)
Knox County Clerk (TN)
Knoxville, City of (TN)
Kochville, Township of (MI)
Kokomo Wastewater Utility, City of (IN)
Kokomo, City of (IN)
Lafayette Economic Development Authority (LA)
Lafayette Parish School Board
Lafayette Parish Tax Collector
Lancaster County Tax Collection Bureau (PA)
Lancaster County Treasurer (PA)
Lansing, City of (MI)
Lehigh, County of (PA)

Lexington Treasurer, County of (SC)
Little Rock, City of (AR)
Livingston Parish Tax Collector (LA)
Lodi, Borough of (NJ)
Long, Nelson H., as Berks County Treasurer (PA)
Lonoke County Tax Collector (AR)
Los Angeles County Tax Collector
Los Angeles, County of (CA)
Loudon County Trustee (TN)
Louisiana Department of Revenue
Louisiana Secretary of State
Louisiana, State of
Luba, Mildred, as Hanover Township Tax Collector (PA)
Maine State Treasurer
Maine, State of
Manheim Township Commissioners (PA)
Manheim Township School District (PA)
Mansfield, City of (TX)
Mariposa County Tax Collector (CA)
Mars Hill, Town of (ME)
Maryland Department of Assessment & Taxation
Massachusetts Department of Revenue
Massachusetts Registry of Motor Vehicles
Mattila, Paul, as Shelby County Trustee (TN)
Memphis, City of (TN)
Michigan Collection Division, State of
Michigan Department of State
Michigan Department of Treasury
Michigan, State of
Miller, George L., Trustee
Minnesota Unemployment Insurance
Modesto, City of (CA)
Montgomery County (MD)
Montville, Town of (CT)
Mount Forest Township Treasurer (MI)
Mount Joy Township Authority (PA)
Muskegon Heights, City of (MI)
Nevada Department of Taxation
Nevada Secretary of State
Nevada, State of
New Hampshire State Treasurer
New Hampshire, State of

New Jersey State Treasurer
New London, City of (CT)
New Mexico Lottery Authority
New Mexico Motor Vehicle Division
New Mexico Office of The Secretary of State
New Mexico Taxation & Revenue Department
New Mexico, State of
New Orleans Parks & Parkways, City of
New Orleans, City of
New York Commissioner of Finance
New York Commissioner of Motor Vehicles
New York Department of State
New York State Assessment Receivables
New York State Comptroller
New York State Corporation Tax
New York State Department of Labor
New York State Department of Motor Vehicles
New York State Department of State
New York State Department of Taxation & Finance
New York State Sales Tax
New York State Unemployment Insurance
New York, State of
Newton Real Estate & Property Tax Service
Norman, City of (OK)
North Kingstown, Town of (RI)
North Little Rock, City of (AR)
Northport, City of (AL)
Oakland Business Tax (CA)
Oklahoma City, City of (OK)
Oklahoma County Treasurer (OK)
Oklahoma Employment Security Commission
Oklahoma Tax Commission
Orleans Parish Criminal Sherrif's Office
Pennsylvania Department of Revenue
Pennsylvania, Commonwealth of
Pickens County Appraisal Department (AL)
Pima County Assessor (AZ)
Pima County Treasurer (AZ)
Plaquemine Parish Sheriff & Ex-Officio Tax Collector
Polk County Treasurer (IA)

Pompey, Town of (NY)
Portland, City of (ME)
Portsmouth, Town of (RI)
Presque Isle, City of (ME)
Pulaski County Treasurer (AR)
Randall, Lorraine, as Madison County Tax Collector (NY)
Raymond, Town of (ME)
Reading, City of (PA)
Reno, City of (NV)
Rhode Island & Providence Plantations, State of
Rhode Island Department of Labor & Training
Rhode Island Division of Taxation, State of
Rhode Island General Treasurer
Rhode Island Secretary of State
Saint Landry Parish Sheriff
Saint Martin Parish Sheriff's Office
Saline County Collector (AR)
Salisbury Township (PA)
Salt Lake County Assessor
Salt Lake County Treasurer
San Francisco Sheriff Civil Section
San Francisco Tax Collector
San Joaquin County Tax Collector (CA)
Santa Fe County Treasurer (NM)
Santa Fe, City of (NM)
Seabrook, Town of (NH)
Seekonk, Town of (MA)
Sevier County Trustees Office (TN)
Shelby County Clerk (TN)
Smallwood, J.T., as Jefferson County Tax Collector (AL)
South Carolina State Treasurer's Office
South Carolina, State of
South Middleton Township (PA)
South Salt Lake, City of
Springfield, City of (IL)
St. Bernard Parish (LA)
St. James, Parish of (LA)
Stanislaus County Superior Court (CA)
Stanislaus County Treasurer (CA)
State Record, The (NC)
Stockton Record, The (CA)
Stockton, City of (CA)

Sullivan County Trustee (TN)
Summit County Clerk of Courts (OH)
Summit County Treasurer (UT)
Summit Township Tax Collector (PA)
Summit Township Water Authority (PA)
Susquehanna Valley Central School District (NY)
Syracuse, City of (NY)
Tennessee Department of Labor & Workforce Development
Tennessee Department of Revenue
Tennessee Secretary of State
Tennessee, State of
Texas Department of Licensing & Regulation
Texas Department of Public Safety
Texas Department of State Health Services
Texas State Comptroller
Texas Workforce Commission
Tohono O'Odham Gaming Authority
Tooele County Assessors Office (UT)
Tucson Utility Services, City of (AZ)
Tucson, City of
Tuolumne County Tax Collector (CA)
Tuscaloosa County Special Tax Board (AL)
Tuscaloosa, City of (AL)

United States Treasury
Utah County Treasurer
Utah State Tax Commission
Utah, State of
Vasta, Victor J., as DeWitt County Receiver of Taxes (NY)
Vergennes Township (MI)
Virginia Department of Taxation
Walton County Tax Commissioner (GA)
Washington County Clerk (TN)
Washington DC Department of Motor Vehicles
Washington DC Treasurer
Washington State Department of Revenue
Washoe County Treasurer (NV)
West Baton Rouge Tax Collector
West Warwick, Town of (RI)
Westerly Fire District (RI)
Westerly, Town of (RI)
White, Donald R., as Alameda County Tax Collector (CA)
Winslow, Town of (ME)
Worcester, City of (MA)
Zeeland Charter Township (MI)

# SCHEDULE 1(o)

## TOP FIFTY UNSECURED CREDITORS

201 St Charles Place LLC
Andomedia LLC
ASCAP
Associated Press
AT&T
Austin Insulators Inc
Broadcast Music Inc
C Student Entertainment
Canvas Systems LLC
Chicago Scenic Studios
City Electric Supply
Double Take Promotional Products
Enticent Inc
ESPN Inc
First Flash Line
Gootee Construction Inc
Greater Flint Building Services LLC
HSBC Corporate Trust and Loan Agency
Interparking
John Mitch Dolan
Jones Radio Network
JP Morgan
Kabc-TV
Katz Media Corp
Limelight Networks

Marketron Broadcast Solutions
Mcvay Media
Mediaspan
Miller Kaplan Arase & Co LLP
Nashville Tower
Network Hardware Resale LLC
Nielsen Broadcast Data Systems
Paradigm Talent Agency
Press Association Inc
Rachal Construction
Radio Advertising Bureau Inc
Rdp Technical Services
Rocky Mountain Erection Co Inc
Ropes & Gray LLP
Ses Americom
Shoreview Fm Group
Sierra Automated Systems & Eng
Sound Check Inc
Soundexchange Inc
The Illumen Group Inc
The Walt Disney Company
Walton Electric Membership Corporat
Wilmington Trust
Wilmington Trust Co
Wirtz Realty Corp

## SCHEDULE 1(p)
### UNITED STATES TRUSTEE FOR THE SOUTHERN DISTRICT OF NEW YORK (AND KEY STAFF MEMBERS)

Andrea Schwartz
Andy Velez-Rivera
Brian S. Masumoto
Elisabetta Gasparini
Greg M. Zipes
Linda A. Riffkin
Marylou Martin
Nazar Khodorovsky
Paul K. Schwartzberg
Richard C. Morrissey
Serene Nakano
Susan Golden
Tracy Hope Davis

1Velocity
233 Broadcast LLC
Aable Telecom
AAT Communications
ACC Business
Adtel LLC
Airgas East Inc.
Airgas Great Lakes
Airgas Mid South Inc.
Airgas Southwest
Alabama Gas Co.
Alabama Power Co.
Aliant Telecom
Allied Teltronics
Allied Waste Services of Arkansas
Alltel Communications LLC
American Messaging
American Messaging Services LLC
American Registry for Internet Numbers
Americom Telephone Systems Inc. of Pa
Amerigas
Appalachian Electric Cooperative
Appalachian Oil Co. Inc.
Appalachian Power
Artistic Waste Services Inc.
Arvig Communication Systems
AT&T
AT&T Global Network Services
AT&T Messaging
AT&T Mobility
AT&T Teleholdings Inc.
Atmos Energy Corp.
ATX Communications
ATX Telecommunications Services
Audiolab Electronics
Baker, City of (LA)
Bandwidth Industries Inc.
Baton Rouge Water Co. Utility Payment Processing
Bay Ring Communications
Baystate State Gas Co.
Berkeley Electric Cooperative Inc.
Bessemer Utilities

Birmingham Water Works Board
Black Warrior Electric Membership Co.
Blue Ridge Cable Technologies Inc.
Boise Utility Billing, City of (ID)
Broadcast Services Inc.
Broadview Networks Inc.
Brookhollow II LP
Buckeye Telesystem Inc.
Buffalo Water Board (NY)
Buffalo, City of (NY)
Burton, City of (MI)
C&S Communications
Cable One
CallWave Inc.
Cambridge, City of (MN)
Campora Propane Inc.
Cavalier Telephone LLC
CB Richard Ellis/Carmody LLC
Center Operating Co.
Centerpoint Energy
Central Arkansas Water Utility Billing Services
Central Maine Power Co.
CenturyTel Inc.
Charter Communications
Chickasaw Telecom Inc.
Cleco Power LLC
Clinton Utilities Board (TN)
CMC Telecom Inc.
CMSInter.net LLC
Cogent Communications Inc.
Collins Communications
Colonade Group, The
Colorado Springs Utilities
Colorado Springs, City of (CO)
Comcast
Comcast Cable
Comcast Corp.
ComEd
Commonwealth Supply Co.
Communication & Control Inc.
Communication Technologies Inc.
CommuniGroup

Connoisseur Media of Erie LLC
Constellation NewEnergy Inc.
Consumers Energy
Cornerstone Communications Inc.
Covad Direct
Cox Communications Inc.
D&E Communications Inc.
Dallas Stars Hockey Club
Dallas Water Utilities (TX)
Data Technology Solutions LLC
Datatel
Deer Point Tower Venture LLC
Delhi Charter Township (MI)
Delta Properties
Deltacom Inc.
Des Moines Radio Group
Des Moines Water Works
Desert Sands Broadcasting Inc.
Dex Media East
Dex Media West LLC
Dial Communications Global Media Inc.
Direct Energy Business LLC
Direct Energy GP Inc.
DirecTV
Dixie Electric Membership Corp.
Dominion Virginia Power
Dover, City of (NH)
DTE Energy
Duke Energy
Dutel Telecommunications Inc.
East Central Energy
East Central Sanitation
East Providence, City of (RI)
Eatel
Edisto Electric Cooperative Inc.
Electric Power Board of Chattanooga
Embarq
Embarq Florida Inc.
Entergy
Entergy Arkansas Inc.
Ephrata, Borough of (PA)
Eureka Water Co.
Evans Communications Inc.
Excel Commercial
Excel Telecommunications
Fairhaven Gas

Fairpoint Communications Inc.
Farm Plan
Ferrellgas Inc.
First Electric Cooperative
FK South LLC
Frontier Communications
Gas Co.
Genesys Conferencing Inc.
Grand Rapids, City of (MI)
Graysville Water & Gas
Green & Chapman Inc.
GRI Telecom Inc.
Griffith Energy Services Inc.
Hayes Landfill Inc.
Henry County REMC (IN)
Herring Gas Co. Inc.
Hetch Hetchy Water & Power
Hodge Telecommunication Services Inc.
Holidaygas
HTN Communications LLC
Hughes Network Systems LLC
Idaho Power Co.
Ideacom Technologies Inc.
Idearc Media Corp.
Ikon Office Solutions
Improbable Missions Force
Indiana American Water Co. Inc.
Integra Telecom
Integrys Energy Services Inc.
Integrys Energy Services of NY Inc.
Intercall
Intermountain Gas Co.
Internal Sound & Communications Inc.
Internet America Inc.
Inter-Tel Net Solutions Inc.
Iowa Telecom Communications LLC
Ironton Telephone Co.
Irving Energy Distribution & Marketing
IT Partners
Jackson Electric Corp.
Jessem LLC
Joanna Langfield Productions Inc.
Johnson City Power Board (TN)
Johnson City Utility System (TN)
KAUT-TV
KDWB

Kentwood Springs
Key Equipment Lease
KFOR-TV
Knoxville Utilities Board (TN)
Kochville, Township of (MI)
Kokomo Gas & Fuel Co.
Kokomo Wastewater Utility, City of (IN)
KSL Television
LA Arena Funding LLC
Lafayette Utilities System (LA)
Lansing Board of Water & Light (MI)
Laser Care
Lenoir City Utilties Board (TN)
Liberty Square Inc.
Lobo Internet Service
Long Island Power Authority
Los Angeles Department of Water & Power
Los Angeles Times Communications LLC
Maine Public Service Co.
Mansfield, City of (TX)
Matrix Business Technologies
Matrix Solutions
Matrix Telecom Inc.
MCI
MCI Comm Service
MCI Telecommunications
MCI Worldcom
Megapath Inc.
Memphis Light Gas & Water Division
Met Ed
Metro Communications LLC
Metro Water Services
Metropolitan Pier & Exposition Authority
Mid Atlantic Sports Network
Mid Maine Communications Inc.
Mid State Teledata  LLC
MidAmerican Energy Co.
Midland Power Cooperative
Minneapolis Marriott
Mizenko Mobile & Wireless
Mobile Radio of Kokomo Inc.
Modesto Irrigation District (CA)
Modesto, City of (CA)
Morgan Birge & Associates
Motower Multilink Corp.
Moundville Telephone Co. Inc.

Mount Joy Township Authority (PA)
Mountain View Electric Association Inc.
Murray City Corp.
NAII LLC
Nashville Electric Service
Nashville Tower
National Fuel Gas Distribution Corp.
National Grid
National Public Radio Inc.
NationLink Wireless
New Hampshire Electric Cooperative Inc.
New Hampshire Treasurer, State of
New Hampshire, State of
New London, City of (CT)
New Mexico Gas Co. Inc.
Nextel
Nextel Communications
Norman, City of (OK)
North Little Rock, City of (AR)
North San Joaquin Water Conservation District
Northeast Paging / Ucom
Northeast Utilities
Northlands Communications
Northwestern REC (PA)
NOS Communications Inc.
NSTAR Electric & Gas Corp.
Nuvox
NYSE Arca Options
NYSEG
Oak Ridge FM Inc.
O'Gara Satellite Systems Inc.
Oklahoma City, City of (OK)
Oklahoma Gas & Electric Co.
One Communications
Opex Communications Inc.
Overbay Communications
Pacific Gas & Electric Co.
Paetec Business Services
Palmetto Propane
Penelec
Penguardia Productions Inc.
Pennsylvania American Water Co. Inc.
Penteledata LP I
Pepco
Personalized Communications Inc.

Piedmont Natural Gas
Pine Tree Networks
Pioneer Telephone Cooperative Inc.
Plaisance Water System
PNM Electric & Gas Services
PPL Electric Utilities Corp.
Praxair
Primus
Public Service Co. of NH
Public Service Electric & Gas
QLT Consumer Lease Services Inc.
Questar Gas Co.
Qwest
R&R Realty Group
Radioshack Corp.
RCN Corp.
Redifuel
Renda Broadcasting Co.
Riverview, City of (MI)
RJ Energy Services Inc.
Robys Propane Gas Inc.
Rocky Mountain Power
Ron Lanzer Soft Water
San Francisco Public Utilities
Sandia Television Corp.
Santa Fe, City of (NM)
Satellite Center Inc., The
Schwanger Bros & Co. Inc.
SCMS - Southern Coastal Marketing Services Inc.
Service Electric Cable TV Inc.
Service Electric Telephone Co. LLC
SES Americom
Sevier County Electric System (TN)
Shoreview FM Group
Sierra Pacific Power Co.
Sierra Telephone Co. Inc.
Signal Voice & Data Inc.
SkyTel
SMG Knoxville Convention Center
Sonora JS West Co.
South Carolina Electric & Gas Co.
South Middleton Township (PA)
Southwest Cyberport Inc.
Southwest Gas Corp.
Spalding Entertainment LLC

Speakeasy Inc.
Spectrum Solutions Inc.
Spirit Telecom
Sports Backhaul Network
Springfield Water & Sewer Commission (MA)
Sprint
Strategic Energy LLC
Suburban Propane LP
Summit Township Water Authority (PA)
SunCom
SW Louisiana Electric Membership Corp.
Syracuse, City of (NY)
Tabas Co. Inc.
TDS Metrocom LLC
TDS Telecom Service Corp.
Telcove Operations LLC
Telebeeper of New Mexico Inc.
Telecomm USA
Telepacific Communications
Telrite Corp.
Tennessee American Water Co.
Time Warner Cable LLC
Time Warner Cable of NY
Time Warner Telecom Holdings Inc.
T-Mobile
Transnational Communications International
Tri County Electric Cooperative Inc.
Trico Electric Cooperative Inc.
Truckee Meadows Water Authority (TX)
TRZ Communications Services Inc.
TTI Inc.
Tucson Electric Power Co. Inc.
Tucson Utility Services, City of (AZ)
Turlock Irrigation District (CA)
Tuscaloosa, City of (AL)
TW Telecom
TXU Energy
UGI Penn Natural Gas Inc.
UGI Utilities Inc.
Unicel
United Water Idaho Inc.
Unitil
University of Notre Dame
University of Oklahoma
University of Tennessee

US Cellular
USA Mobility Wireless Inc.
Vangard Wireless LP
Vectren Energy Delivery of Indiana Inc.
Verizon
Verizon Business
Verizon CABS
Verizon California
Verizon Internet Solutions
Verizon North Inc.
Verizon Northwest
Verizon Select Services Inc.
Verizon Wireless
Verizon Wireless Messaging
VoiceNation LLC
Walton Electric Membership Corp.
Washington St. Tammany Electric Cooperative Inc. (LA)
Washington Suburban Sanitary (MD)
Waste Connections of Oklahoma Inc.
Waste Management of Acadiana
Waste Management of Pennsylvania
WBNG TV Inc.
West Baton Rouge Parish Natural Gas & Water Systems
Western Massachusetts Electric Co.
Western NY Public Broadcasting Association
WFMZ
WFUR Radio Station
Wiline Accounts Receivable
Windstream
Wise Electric Cooperative Inc.
WKRZ-FM
WM LampTracker Inc.
WNLC / WKNL
Wolfe Communication Systems Inc.
Woodland Lakes (Apartments)
WVUE-TV
WYES-TV
Xcel Energy
XO Communications
XO Communications Services Inc.
Xpedite Systems Inc.
Xtelesis Corp.
Yankee Gas

Zayo Bandwidth LLC
Zone Telecom Inc.

# SCHEDULE 2

<u>LAZARD FRÈRES & CO. LLC</u>

222 JV Clear Channel
ABC Inc.
ABC News
Ace American Insurance Co.
AIG Annuity Insurance Co.
AIG Bank Loan Fund Ltd.
AIG Global Investment Corp.
AIG Saturn CLO Ltd.
AIG-Sunamerica Senior Floating Rate Fund Inc.
American Broadcasting Cos. Inc.
American Express
American Express Purchase
American Express T&E
American International Group Inc.
Ameriprise Certificate Co.
Capitalsource Bank
Charter Communications[1]
Clear Channel
Clear Channel
Clear Channel
Columbus Nova Credit Investments Management LLC
Columbusnova CLO IV Ltd. 2007 II
Columbusnova CLO Ltd. 2006-1
Columbusnova CLO Ltd. 2006-II
Columbusnova CLO Ltd. 2007-1
Constellation NewEnergy Inc.
Credit Suisse Asset Management[2]
Credit Suisse Group AG
Credit Suisse Securites (USA) LLC
Credit Suisse, Cayman Islands Branch
Csam Funding III
Csam Funding IV
Dex Media East
Dex Media West
Disney CORE Services
Duke Energy

---

[1] Lazard is advising Charter Communications and certain of its affiliates in connection with their chapter 11 cases.

[2] Retention on behalf of Credit Suisse, Cayman Islands Branch, in its capacity as administrative agent for certain lenders to The Star Tribune Company and its affiliates.

ESPN Inc.
Franklin Advisers Inc.
Franklin CLO V Ltd.
Franklin CLO VI Ltd.
Franklin Floating Rate Daily Access Fund
Franklin Floating Rate Master Series
Franklin Total Return Fund
GE Business Financial Service
General Electric Capital Corp.
Ing Capital LLC
Ing Corporate Opportunities Segregated Portfolio
Ing Gis Distressed Fund Spc
Ing International II -Senior Bank Loaneuro
Ing Investment Management CLO I Ltd.
Ing Investment Management CLO III Ltd.
Ing Investment Management CLO Iv Ltd.
Ing Investment Management CLO V Ltd.
Ing Investment Management LLC
Ing Investments LLC
Ing Prime Rate Trust
Ing Senior Income Fund
JP Morgan[3]
JP Morgan Chase
JP Morgan Investment Management Inc.
JP Morgan Whitefriars Inc.
Jpmcb-Secondary Loan And Distressed Credit Trading
Jpmim-Louisiana State Employees Retirement System
Jpmorgan Bank
Jpmorgan Chase Bank NA
KKR Financial CLO 2007-1 Ltd.
KKR Financial Corp.
Lehman Brothers Asset Management LLC[4]
Mellon Investor Services LLC
Nextel
Nextel Communications
Northeast Utilities
NYSE Regulation
Prudential Investment Management Inc
Radio Disney Network
RCN Corp.
Royal Bank of Scotland Plc

---

[3] Retention on behalf of JPMorgan Chase Bank, N.A. in its capacity as administrative agent for certain lenders to
McLeodUSA Inc. and its affiliates.

[4] Lazard is advising Lehman Brothers and certain of its affiliates in connection with their chapter 11 cases.

Royal Bank of Scotland Plc, New York Branch
Scotia Capital Inc.[5]
Scotiabank Ireland Ltd.
Sierra Pacific Power Co.
Sprint
Sprint PCS
St. Paul Fire Marine Insurance Co.
Sumitomo Mitsui Banking Corp.
Sumitomo Mitsui Banking Corp., New York
SunCom
The Walt Disney Company
Travelers Insurance Co. Ltd.
TXU Energy
Vectren Energy Delivery of Indiana Inc.
Wachovia Bank NA
Walt Disney Co., The
WGN Continental Broadcasting
Wells and Co. Master Pension Trust[6]
Wells Capital Management Inc.
Wells Capital Management-12222133
Wells Capital Management-16959700
Wells Capital Management-16959701
Wells Fargo & Co.
Wells-13702900
Wilmington Trust[7]
Wilmington Trust Co
Wilmington Trust FSB

Lazard has been also engaged by another lender to the Debtors to advise it on matters unrelated to the Debtors; it is our understanding that this lender does not hold a material portion of the Debtors' debt.

<u>LAZARD CAPITAL MARKETS LLC</u>

Alabama Power Co.
American Express

---

[5] Retention on behalf of The Bank of Nova Scotia, in its capacity as administrative agent for certain lenders to Masonite International and its affiliates.

[6] Retention on behalf of Wells Fargo Bank N.A. in its capacity as administrative and collateral agent for (i) the Emergency Steel Loan Guaranty Board and the West Virginia Housing Development Fund and certain lenders under a loan agreement to Wheeling-Pittsburgh Corporation and its affiliates and (ii) certain lenders to BearingPoint, Inc. and its affiliates.

[7] Retention on behalf of Wilmington Trust FSB as administrative agent for certain lenders to Eddie Bauer Holdings, Inc. and its affiliates.

American Express Purchase
American Express T&E
Atmos Energy Corp.
Broadridge
Comcast
Comcast Cable
Comcast Corp.
Centerpoint Energy
CenturyTel Inc.
Columbus Nova Credit Investments Management LLC
Columbusnova CLO IV Ltd. 2007 II
Columbusnova CLO Ltd. 2006-1
Columbusnova CLO Ltd. 2006-II
Columbusnova CLO Ltd. 2007-1
Dominion Virginia Power
Entergy
Entergy Arkansas Inc.
Primus
Prudential Investment Management Inc
Xcel Energy
XL Insurance Co. Ltd.

# EXHIBIT C

## Engagement Letter

# LAZARD

LAZARD FRÈRES & CO. LLC
30 ROCKEFELLER PLAZA
NEW YORK, NY 10020
PHONE 212 · 632 · 6000
www.lazard.com

May 20, 2009

Citadel Broadcasting Corporation
City Center West, Suite 400
7201 West Lake Mead Blvd.
Las Vegas, Nevada 89128

Attention:     Farid Suleman
               Chief Executive Officer and Chairman

Dear Ladies and Gentlemen:

This letter agreement (the "Agreement") confirms the understanding and agreement between Lazard Frères & Co. LLC ("Lazard") and Citadel Broadcasting Corporation and its controlled subsidiaries (collectively with any entity formed or used for the purposes set forth herein, the "Company").

## *Assignment Scope:*

As of April 3, 2009, the Company, subject to subsequent Board approval which has been obtained, retained Lazard as its sole (except as provided in 1(h) below) financial advisor to provide the Company with general restructuring advice and to advise it in connection with any Restructuring, Sale Transaction and/or Financing (each as defined below) on the terms and conditions set forth herein. As used in this Agreement, the term "Restructuring" shall mean, collectively, any restructuring, reorganization (whether or not pursuant to Chapter 11 of the United States Bankruptcy Code) and/or recapitalization of all or a significant portion of the Company's outstanding indebtedness (including bank debt, bond debt, and other on and off balance sheet indebtedness), trade claims, leases (both on and off balance sheet), litigation related claims and obligations and unfunded pension or other liabilities (collectively, the "Existing Obligations") that is achieved, without limitation, through a solicitation of waivers and consents from the holders of Existing Obligations (collectively, the "Stakeholders"); rescheduling of the maturities of Existing Obligations; a change in interest rates, repurchase, settlement or forgiveness of Existing Obligations; conversion of Existing Obligations into equity; an exchange offer involving the issuance of new securities in exchange for Existing Obligations; the issuance of new securities, sale or disposition of assets, sale of debt or equity securities or other interests or other similar transaction or series of transactions. By signing this Agreement, we hereby accept our appointment as your financial advisor under the terms hereof.

*Description of Services:*

1. Lazard agrees, in consideration of the compensation provided in Section 2 below, to perform such of the following financial advisory and investment banking services as the Company may reasonably request, including:

(a) Reviewing and analyzing the Company's business, operations and financial projections;

(b) Evaluating the Company's potential debt capacity in light of its projected cash flows;

(c) Assisting in the determination of a capital structure for the Company;

(d) Assisting in the determination of a range of values for the Company on a going concern basis;

(e) Advising the Company on tactics and strategies for negotiating with the Stakeholders;

(f) Rendering financial advice to the Company and participating in meetings or negotiations with the Stakeholders and/or rating agencies or other appropriate parties in connection with any Restructuring;

(g) Advising the Company on the timing, nature, and terms of new securities, other consideration or other inducements to be offered pursuant to the Restructuring;

(h) Advising and assisting the Company in evaluating potential Financing[1] transactions and, subject to Lazard's agreement so to act and, if requested by Lazard, to execution of appropriate agreements, on behalf of the Company, contacting potential sources of capital as the Company may designate and assisting the Company in implementing such a Financing; it being understood that Credit Suisse will also advise and assist the Company in connection with the portion of any potential Financing transaction provided by the parties identified on Schedule II;

(i) Assisting the Company in preparing documentation within our area of expertise that is required in connection with the Restructuring;

(j) Assisting the Company in identifying and evaluating candidates for a potential Sale Transaction, advising the Company in connection with negotiations and aiding in the consummation of a Sale Transaction[2];

---

[1] As used in this Agreement, the term "Financing" means any transaction or series of transactions involving the public or private issuance, sale, or placement of equity, equity-linked, or debt securities, instruments, or obligations of the Company, including without limitation any debtor-in-possession financing or exit financing in connection with a case under the Bankruptcy Code.
[2] As used in this Agreement, the term "Sale Transaction" means any transaction or series of transactions involving (a) an acquisition, merger, consolidation, or other business combination pursuant to which the business or assets of the Company are, directly or indirectly, combined with

(k)     Attending meetings of the Company's Board of Directors and its committees with respect to matters on which we have been engaged to advise you;

(l)     Providing testimony, as necessary, with respect to matters on which we have been engaged to advise you in any proceeding before the Bankruptcy Court; and

(m)    Providing the Company with other financial restructuring advice.

*Fees:*

2.  As consideration for the services to be provided, the Company shall pay Lazard the following fees:

(a)     A fee of $350,000 payable on execution of this Agreement. Fees paid under this Section 2(a) shall be credited (without duplication) against any Restructuring Fee, Sale Transaction Fee, Minority Sale Transaction Fee or Financing Fee (other than the Specified Investor Financing Fee) (each as defined below) payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in entirety by the Bankruptcy Court, if applicable.

(b)     A monthly fee of $175,000 (the "Monthly Fee"), payable on June 3rd and the 3rd day of each month thereafter until the earlier of the completion of the Restructuring or the termination of Lazard's engagement pursuant to Section 10. Monthly Fees paid with respect to the first four months of this engagement shall be credited (without duplication) against any Restructuring Fee, Sale Transaction Fee, Minority Sale Transaction Fee, or Financing Fee (other than the Specified Investor Financing Fee) (each as defined below) payable; provided, that, in the event of a Chapter 11 filing, such credit shall only apply to the extent that such fees are approved in entirety by the Bankruptcy Court, if applicable.

(c)     A fee equal to $6,000,000, payable upon the consummation of a Restructuring (the "Restructuring Fee"); provided, however, that if a Restructuring is to be completed through a "pre-packaged" or "pre-arranged" plan of reorganization, the Restructuring Fee shall be earned and shall be payable upon the earlier of (i) execution of definitive agreements with respect to such plan and (ii) delivery of binding consents to such plan by a sufficient number of creditors and/or bondholders, as the

another company; (b) the acquisition, directly or indirectly, by a buyer or buyers (which term shall include a "group" of persons as defined in Section 13(d) of the Securities Exchange Act of 1934, as amended), of equity interests or options, or any combination thereof constituting a majority of the then outstanding stock of the Company or possessing a majority of the then outstanding voting power of the Company (except as may occur with current Stakeholders as a result of a Restructuring); (c) any other purchase or acquisition, directly or indirectly, by a buyer or buyers of significant assets, securities or other interests of the Company or (d) the formation of a joint venture or partnership with the Company or direct investment in the Company for the purpose of effecting a transfer of an interest in the Company to a third party. Notwithstanding anything to the contrary set forth in this Agreement, any sale or placement of newly issued securities or securities held in treasury shall be deemed a Financing and not a Sale Transaction.

case may be, to bind the creditors or bondholders, as the case may be to the plan; provided, further, that in the event that Lazard is paid a fee in connection with a "pre-packaged" or "pre-arranged" plan and such plan is not consummated, Lazard shall return such fee to the Company.

(d)    (i) If, whether in connection with the consummation of a Restructuring or otherwise, the Company consummates a Sale Transaction incorporating all or a majority of the assets or all or a majority or controlling interest in the equity securities of the Company, Lazard shall be paid a fee (the "Sale Transaction Fee") equal to the greater of (A) the fee calculated based on the Aggregate Consideration as set forth in Schedule I hereto or (B) the Restructuring Fee.

(ii) If, whether in connection with the consummation of a Restructuring or otherwise, the Company consummates any Sale Transaction not covered by clause (i) above, the Company shall pay Lazard a fee (the "Minority Sale Transaction Fee") based on the Aggregate Consideration calculated as set forth in Schedule I hereto. One-half of any fee paid under this Section 2(d)(ii) shall be credited against any fees subsequently payable under Section 2(c) or Section 2(d)(i).

(iii) Any Sale Transaction Fee or Minority Sale Transaction Fee shall be payable upon consummation of the applicable Sale Transaction.

(e)    (i) If the Company consummates a Financing for which cash proceeds are provided or made available (including any "undrawn" portions) by the entities identified on Schedule II hereto, upon consummation the Company shall pay Lazard a fee (the "Specified Financing Fee") equal to 1% of the gross proceeds provided or made available (including any "undrawn" portions) by such entities, up to a maximum of $4,000,0000. To the extent that such Financing also includes proceeds provided or made available (including any "undrawn" portions) by persons or entities not identified on Schedule II, the fee with respect to such portion of the proceeds provided or made available (including any "undrawn" portions) by parties other than those identified on Schedule II shall be calculated in accordance with Section 2(e)(ii) below. Any Financing Fee(s) paid under this Section (e)(i) shall not be credited against any Restructuring Fee or Sale Transaction Fee subsequently payable.

(ii) If the Company consummates any Financing involving entities other than, or in addition to, those set forth on Schedule II, upon consummation the Company shall pay Lazard a fee (the "Financing Fee") equal to the amount set forth in Schedule III with respect to any cash proceeds provided or made available (including any "undrawn" portions) by persons or entities other than those on Schedule II. One-half of any Financing Fee(s) paid under this Section 2(e)(ii) shall be credited against any Restructuring Fee or Sale Transaction Fee subsequently payable.

(f)     For the avoidance of any doubt, fees may be payable pursuant to each of clause (c), (d) and (e) and more than one fee may be payable pursuant to clauses (d) and (e) above.

(g)     In addition to any fees that may be payable to Lazard and, regardless of whether any transaction occurs, the Company shall promptly reimburse Lazard for all: (A) reasonable expenses (including travel and lodging, data processing and communications charges, courier services and other appropriate expenditures) and (B) other reasonable fees and expenses, including expenses of counsel, if any.

(h)     As part of the compensation payable to Lazard hereunder, the Company agrees to the indemnification, contribution and related provisions (the "Indemnification Letter") attached to this Agreement as Addendum A and incorporated herein in their entirety.

(i)     All amounts referenced hereunder reflect United States currency and shall be paid promptly in cash after such amounts accrue hereunder.

_Retention in Chapter 11 Proceedings:_

3. In the event of the commencement of chapter 11 proceedings, the Company agrees that it will use best efforts to obtain prompt authorization from the Bankruptcy Court to retain Lazard on the terms and conditions set forth in this Agreement under the provisions of Section 328(a) of the Bankruptcy Code. Subject to being so retained, Lazard agrees that during the pendency of any such proceedings, it shall continue to perform its obligations under this Agreement and that it shall file interim and final applications for allowance of the fees and expenses payable to it under the terms of this Agreement pursuant to the applicable Federal Rules of Bankruptcy Procedure, and the local rules and order of the Bankruptcy Court. The Company shall supply Lazard with a draft of the application and proposed retention order authorizing Lazard's retention sufficiently in advance of the filing of such application and proposed order to enable Lazard and its counsel to review and comment thereon. Lazard shall be under no obligation to provide any services under this agreement in the event that the Company becomes a debtor under the Bankruptcy Code unless Lazard's retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by final order of the Bankruptcy Court, which order is acceptable to Lazard. The application shall note that in so agreeing to seek Lazard's retention under Section 328(a) of the Bankruptcy Code, the Company acknowledges that it believes that Lazard's general restructuring experience and expertise, its knowledge of the capital markets and its merger and acquisition capabilities will inure to the benefit of the Company in pursuing any Restructuring, Sale Transaction or Financing, that the value to the Company of Lazard's services hereunder derives in substantial part from that expertise and experience and that, accordingly, the structure and amounts of the deferred contingent deferred fees, including the Restructuring Fee, Sale Transaction Fee, the Specified Financing Fee and Financing Fee are reasonable regardless of the number of hours to be expended by Lazard's professionals in the performance of the services to be provided hereunder and that such fees shall not be considered to be "bonuses" or fee enhancements under applicable

law.

*Other:*

4. No fee payable to any other person, by you or any other party, shall reduce or otherwise affect any fee payable hereunder to us.

5. The Company will furnish or cause to be furnished to Lazard such current and historical financial information and other information regarding the business of the Company as Lazard may request in connection with this engagement. The Company represents and warrants to Lazard that all of the foregoing information will be accurate and complete at the time it is furnished, and agrees to keep Lazard advised of all developments materially affecting the Company or its financial position. In performing its services pursuant to this Agreement, including in connection with any valuation of the Company, Lazard shall be entitled to rely upon information furnished to it by the Company or that is publicly available, may assume the accuracy and completeness of such information and shall not assume any responsibility for independent verification of any such information. Lazard will not, as part of its engagement, undertake any independent valuation or appraisal of any of the assets or liabilities of the Company or of any third party, or opine or give advice to the Board of Directors, the Company or management or shareholders with respect thereto.

6. In performing its services pursuant to this Agreement, Lazard is not assuming any responsibility for the decision of the Company or any other party to pursue (or not to pursue) any business strategy or to effect (or not to effect) any Restructuring, Sale Transaction, Financing or other transaction. Lazard shall not have any obligation or responsibility to provide "crisis management" for or business consultant services to the Company, and shall have no responsibility for designing or implementing operating, organizational, administrative, cash management or liquidity improvements; nor shall Lazard be responsible for providing any tax, legal or other specialist advice.

7. It is understood and agreed that nothing contained in this Agreement shall constitute an express or implied commitment by Lazard or Lazard Capital Markets LLC or any of their respective affiliates to underwrite, place or purchase any securities in a financing or otherwise, which commitment shall only be set forth in a separate underwriting, placement agency or purchase agreement, as applicable, relating to the financing.

8. Simultaneously herewith, the parties hereto are entering into the Indemnification Letter. The Indemnification Letter shall survive any termination or expiration of this Agreement.

9. In order to coordinate our efforts on behalf of the Company during the period of our engagement hereunder, the Company will promptly inform Lazard of any discussions, negotiations, or inquiries regarding a potential transaction, including any such discussions or inquiries that have occurred during the six month period prior to the date of this Agreement. In the event that Lazard receives an inquiry concerning any transaction, we will promptly inform the Company of such inquiry.

10. Our engagement hereunder will automatically expire upon consummation of a Restructuring and may be earlier terminated by you or us at any time without liability or

continuing obligation to you or us, except that following such termination and any expiration of this Agreement (a) we shall remain entitled to any fees accrued pursuant to Section 2 but not yet paid prior to such termination or expiration, as the case may be, and to reimbursement of expenses incurred prior to such termination or expiration, as the case may be, and (b) in the case of termination by the Company and any expiration of this Agreement, we shall remain entitled to full payment of all fees contemplated by Section 2 hereof in respect to any Restructuring, any Sale Transaction and any Financing announced or resulting from negotiations occurring during the period from the date hereof until one year following such termination or expiration, as the case may be.

11. The Company recognizes that Lazard has been engaged only by the Company and that the Company's engagement of Lazard is not deemed to be on behalf of and is not intended to confer rights upon any shareholder, partner or other owner of the Company, any creditor, lender or any other person not a party hereto as against Lazard or any of its affiliates or any of their respective directors, officers, members, agents, employees or representatives. Unless otherwise expressly agreed, no one, other than senior management or the Board of Directors of the Company is authorized to rely upon the Company's engagement of Lazard or any statements, advice, opinions or conduct by Lazard. Without limiting the foregoing, any advice, written or oral, rendered to the Company's Board of Directors or management in the course of the Company's engagement of Lazard are solely for the purpose of assisting senior management or the Board of Directors of the Company, as the case may be, in evaluating the Restructuring, Sale Transaction or Financing, and does not constitute a recommendation to any stakeholder of the Company that such stakeholder might or should take in connection with the Restructuring, Sale Transaction or Financing. Any advice, written or oral, rendered by Lazard may not be disclosed publicly or made available to third parties without the prior written consent of Lazard. Notwithstanding the foregoing, nothing herein shall prohibit you from disclosing to any and all persons the tax treatment and tax structure of any transaction and the portions of any materials that relate to such tax treatment or tax structure. Lazard's role herein is that of an independent contractor; nothing herein is intended to create or shall be construed as creating a fiduciary relationship between Lazard and the Company or its Board of Directors.

12. In connection with the services to be provided hereunder, Lazard may employ the services of its affiliates that are engaged in financial advisory work and Lazard Capital Markets LLC and may share with any such entity any information concerning the Company, provided that Lazard and such entities shall hold any nonpublic information confidential in accordance with their respective customary policies relating to nonpublic information. Any such entity so employed shall be entitled to all of the benefits afforded to Lazard hereunder and under the Indemnification Letter and shall be entitled to be reimbursed for its costs and expenses on the same basis as Lazard.

13. The provisions hereof shall inure to the benefits of and be binding upon the successors and assigns of the Company, Lazard and any other person entitled to indemnity under the Indemnification Letter. You agree that the Company's obligations pursuant to this Agreement shall be joint and several. This Agreement and the related Indemnification Letter embody the entire agreement and understanding among the parties hereto and supersedes any and all prior agreements, arrangements, and understandings, related to the matters provided for herein.

14. This Agreement and any claim related directly or indirectly to this Agreement (including any claim concerning advice provided pursuant to this Agreement) shall be governed by and construed in accordance with the laws of the State of New York without regard to the principle of conflicts of law. No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York, and each of the parties hereby submits to the jurisdiction of such courts. The Company hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable in any legal proceeding. The Company waives all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to or arising out of the engagement of Lazard pursuant to, or the performance by Lazard of the services contemplated by, this Agreement.

If the foregoing Agreement is in accordance with your understanding of the terms of our engagement, please sign and return to us the enclosed duplicate hereof.

Very truly yours,

LAZARD FRERES & CO. LLC

By: _____
Barry Ridings
Vice Chairman of U.S. Investment Banking

Accepted and Agreed to as of the date first written above.

Citadel Broadcasting Corporation, on behalf of itself
and its controlled subsidiaries

By: _____
Farid Suleman
Chief Executive Officer and Chairman
5/27/09

## SCHEDULE I

Fees for Sale Transactions

The following table outlines the Sale Transaction fee schedule. The total fee is calculated by breaking down the Aggregate Consideration and multiplying each increment by the corresponding incremental fee. For example, for a transaction in which the Aggregate Consideration paid is $60 million, the fee would be $625,000 + $550,000 + $175,000 which totals $1.35 million.

| Aggregate Consideration ($ in millions) | Incremental Fee % |
|---|---|
| $0  - $25 | 2.50% |
| $25 - $50 | 2.20% |
| $50 - $100 | 1.75% |
| $100 - $200 | 1.30% |
| $200 - $300 | 1.10% |
| $300 - $400 | 1.00% |
| $400 - $500 | 0.90% |
| $500 - $600 | 0.86% |
| $600 - $700 | 0.82% |
| $700 - $800 | 0.78% |
| $800 - $900 | 0.74% |
| $900 + | 0.70% |

For purposes hereof, the term "Aggregate Consideration" means (x) the total amount of cash and the fair market value (on the date of payment) of all of the property paid or payable (including amounts paid into escrow) in connection with the Sale Transaction (or any related transaction), including amounts paid or payable in respect of convertible securities, preferred equity securities, warrants, stock appreciation rights, option or similar rights, whether or not vested, plus (y) the principal amount of all indebtedness for borrowed money or other liabilities of the Company or relevant Company entity, as applicable,  as set forth on the most recent balance sheet, or, in case of the sale of assets, all indebtedness for borrowed money or other liabilities assumed by the third party.  Aggregate Consideration shall also include the aggregate amount of any dividends or other distributions declared by the Company or relevant Company entity, as applicable, after the date hereof other than normal quarterly cash dividends, and, in the case of the sale of assets, the net value of any current assets not sold by the Company or relevant Company entity, as applicable.  For purposes of calculating Aggregate Consideration, (i) all shares will be deemed transferred where a Sale Transaction is effected by the transfer of shares, (a) constituting more than 30% of the then outstanding equity securities of or equity interest in the Company or relevant Company entity, as applicable, or (b) possessing more than 30% of the then outstanding voting power of the outstanding equity securities of or equity interest in the Company or relevant Company entity, as applicable, and (ii) the value of securities (whether debt or equity) that are freely tradable in an established public market will be determined on the basis of the average closing  price in such market for the 10 trading days prior to the closing of the Sale Transaction (the "Valuation Date"); and the value of securities that have no established

public market or other property will be the fair market value of such securities or other property on such Valuation Date and any restricted stock (i.e., stock in a public company not freely tradeable) received shall be valued at 85% of the public market price of such stock. Aggregate Consideration shall also be deemed to include pension liabilities and guarantees of monies borrowed assumed directly or indirectly by the third party. If the Aggregate Consideration is subject to increase by contingent payments related to future events, the portion of our fee relating thereto shall be calculated by us in good faith and paid to us upon consummation of the Sale Transaction.

## SCHEDULE II

### Fees for Financings

A Financing Fee pursuant to paragraph 2(e)(i) shall be paid under this Agreement in connection with any Financing proceeds provided or made available (including any "undrawn" portions) by the following:

> The Carlyle Group
> KKR
> BC Partners
> Broadpoint Capital
> TPG Capital
> MatlinPatterson Global Advisors, LLC

Schedule III

Fees for Financing

     The following table outlines the Financing Fees to be paid pursuant to paragraph 2(e)(ii). The Financing Fee is calculated by breaking down the total gross proceeds provided or made available (including any "undrawn" portions) in a Financing and multiplying each increment by the corresponding incremental fee. For example, for an equity financing in which the total gross proceeds is $250 million, the fee would be $10,000,000 + $2,000,000 which totals $12,000,000. The Financing Fee for each Financing will be calculated separately.

| Type of New Funds | Fee % |
|---|---|
| Equity (common, preferred, etc.) for aggregate gross proceeds of $200 million or less | 5% |
| Equity (common, preferred, etc.) for aggregate gross proceeds of greater than $200 and up to $350 million | 4% |
| Equity (common, preferred, etc.) for aggregate gross proceeds in excess of than $350 million | 3.5% |
| Debt only (senior, convertible, etc.), excluding DIP financing | 2.5% |
| Debtor-in-Possession Financing | 1.5% |

May 20, 2009

Citadel Broadcasting Corporation
City Center West, Suite 400
7201 West Lake Mead Blvd.
Las Vegas, Nevada 89128

Attention:    Farid Suleman
                Chief Executive Officer and Chairman

Gentlemen:

       In connection with our engagement to advise and assist Citadel Broadcasting Corporation and its controlled subsidiaries (collectively, "you") with the matters set forth in the engagement letter of even date herewith, you and we are entering into this letter agreement. It is understood and agreed that in the event that Lazard Frères & Co. LLC or any of our affiliates, or any of our or their respective directors, officers, members, employees, agents or controlling persons, if any (each of the foregoing, including Lazard Frères & Co. LLC, being an "Indemnified Person"), become involved in any capacity in any action, claim, proceeding or investigation brought or threatened by or against any person, including your securityholders, related to, arising out of or in connection with our engagement, you will promptly reimburse each such Indemnified Person for its legal and other expenses (including the cost of any investigation and preparation) as and when they are incurred in connection therewith. You will indemnify and hold harmless each Indemnified Person from and against any losses, claims, damages, liabilities or expenses to which any Indemnified Person may become subject under any applicable federal or state law, or otherwise, related to, arising out of or in connection with our engagement, whether or not any pending or threatened action, claim, proceeding or investigation giving rise to such losses, claims, damages, liabilities or expenses is initiated or brought by you or on your behalf and whether or not in connection with any action, claim, proceeding or investigation in which you or any such Indemnified Person are a party, except to the extent that any such loss, claim, damage, liability or expense is finally found by a court of competent jurisdiction to have resulted from such Indemnified Person's bad faith or gross negligence. You also agree that no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you or your securityholders or creditors related to, arising out of or in connection with our engagement except to the extent that any loss, claim, damage or liability is finally found by a court of competent jurisdiction to have resulted from such Indemnified Person's bad faith or gross negligence. If multiple claims are brought against any Indemnified Person in an arbitration related to, arising out of or in connection with our engagement, and indemnification is permitted under applicable law with respect to at least one such claim, you agree that any arbitration award shall be conclusively deemed to be based on claims as to which indemnification is permitted and provided for hereunder, except to the extent the arbitration award expressly states that the award, or any portion thereof, is based solely on a claim as to which indemnification is not available.

If for any reason the foregoing indemnification is held unenforceable (other than due to a failure to meet the standard of care set forth above), then you shall contribute to the loss, claim, damage, liability or expense for which such indemnification is held unenforceable in such proportion as is appropriate to reflect the relative benefits received, or sought to be received, by you and your securityholders and creditors on the one hand and the Indemnified Persons on the other hand in the matters contemplated by our engagement as well as the relative fault of yourselves and such persons with respect to such loss, claim, damage, liability or expense and any other relevant equitable considerations. You agree that for the purposes hereof the relative benefits received, or sought to be received, by you and your securityholders and creditors and the Indemnified Persons shall be deemed to be in the same proportion as (i) the total value paid or proposed to be paid by or to you and your securityholders and creditors, as the case may be, pursuant to any transaction (whether or not consummated) for which we have been engaged to perform investment banking services bears to (ii) the fees paid or proposed to be paid to us in connection with such engagement; provided, however, that, to the extent permitted by applicable law, in no event shall we or any other Indemnified Person be required to contribute an aggregate amount in excess of the aggregate fees actually paid to us for such investment banking services. Your reimbursement, indemnity and contribution obligations under this agreement shall be joint and several, shall be in addition to any liability which you may otherwise have, shall not be limited by any rights we or any other Indemnified Person may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of yourselves, ourselves, and any other Indemnified Persons.

You agree that, without our prior written consent (which will not be unreasonably withheld, conditioned, or delayed), you will not settle, compromise or consent to the entry of any judgment in any pending or threatened claim, action, proceeding or investigation in respect of which indemnification or contribution could be sought hereunder (whether or not we or any other Indemnified Persons are an actual or potential party to such claim, action, proceeding or investigation), unless such settlement, compromise or consent includes an unconditional release of each Indemnified Person from all liability arising out of such claim, action, proceeding or investigation. No waiver, amendment or other modification of this agreement shall be effective unless in writing and signed by each party to be bound thereby. This agreement and any claim related directly or indirectly to this agreement shall be governed and construed in accordance with the laws of the State of New York (without giving regard to the conflicts of law provisions thereof). No such claim shall be commenced, prosecuted or continued in any forum other than the courts of the State of New York located in the City and County of New York or the United States District Court for the Southern District of New York, and each of us hereby submits to the jurisdiction of such courts. You hereby waive on behalf of yourself and your successors and assigns any and all right to argue that the choice of forum provision is or has become unreasonable. You (on your own behalf and, to the extent permitted by applicable law, on behalf of your securityholders and creditors) waive all right to trial by jury in any action, proceeding or counterclaim (whether based upon contract, tort or otherwise) related to, arising out of or in connection with our engagement. This agreement shall remain in effect indefinitely, notwithstanding any termination or expiration of our engagement.

LAZARD

Very truly yours,

LAZARD FRERES & CO. LLC

By _____
Barry Ridings
Vice Chairman of U.S. Investment Banking

AGREED TO AND ACCEPTED
as of the date first
above written:

Citadel Broadcasting Corporation, on behalf of itself
and its controlled subsidiaries

By _____

5/27/09