**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) Case No. 09-17442 (BRL) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "***Application***")[1] of the debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of an order authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "***A&M***") as restructuring advisor *nunc pro tunc* to the Petition Date, all as more fully described in the Application; and the Court having jurisdiction to consider this Application and the relief requested therein in accordance with 28 U.S.C §§ 157

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

[2] The Debtors in these chapter 11 cases are: Alphabet Acquisition Corporation; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Debtors; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; iBiquity Digital Corporation; International Radio, Inc.; KBAP-KSCS Radio Group, Ltd.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets LLC; Minneapolis Radio LLC; Network Licenses, LLC; NY License, LLC; NY Radio Assets LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Watermark, Inc.; REACH Media Inc.; San Francisco Radio Assets, LLC; Inc.; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; and WPLJ Radio, LLC. The principal corporate locations of the Debtors are: 142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128. The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.

and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and the Court having reviewed the Application and the Declaration of Michael D. Kang in support thereof (the "**_Kang Declaration_**"); and a hearing having been held to consider the relief requested in the Application (the "**_Hearing_**"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is approved as set forth herein.

2. In accordance with sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain A&M, and A&M is authorized to perform and be compensated, as restructuring advisor to the Debtors on the terms and conditions set forth in the Application and the Engagement Letter, which are hereby approved, _nunc pro tunc_ to the Petition Date.

3. A&M shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules and Local

Bankruptcy Rules and any such procedures as may be fixed by order of the Court, without regard to whether A&M has been retained under section 327 and 328(a) of the Bankruptcy Code.

4. The provisions of Indemnification Letter are approved in their entirety, subject to the following until the earlier of (a) the date that a plan of reorganization is confirmed by final order of this Court or (b) the date that these chapter 11 cases are closed:

> (a) All requests of Indemnified Persons for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court; provided, however, that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim or expense has been finally determined by a court of competent jurisdiction to have resulted from the bad-faith, gross negligence or willful misconduct on the party of that or any other Indemnified Person.
>
> (b) In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Indemnification Letter if the Debtors, their estates, or the official committee of unsecured creditors assert a claim for, and the Court determines by final order that such claim arose primarily out of, such Indemnified Person's bad-faith, gross negligence, or willful misconduct.
>
> (c) In the event A&M seeks reimbursement of its attorneys' fees from the Debtors pursuant to the Indemnification Letter or an Indemnified Person seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Letter, the invoices and supporting time records from such attorneys shall be included in A&M's own interim and final fee applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorney has been retained under sections 327 and 328(a) of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Until the earliest of (a) the date that a plan of reorganization is confirmed by final order of this Court and (b) the date that these chapter 11 cases are closed, the Court shall be provided invoices (redacted as appropriate) with respect to such attorneys' fees and expenses, and shall have five days to object to such fees and expenses prior to their payment.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

6. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. The requirement set forth in Rule 9013-1(b) of the Local Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Application or otherwise waived.

10. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: New York, New York  
      February 3, 2010

/s/Burton R. Lifland  
The Honorable Burton R. Lifland  
United States Bankruptcy Judge