# EXHIBIT C

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :

In re                                      :        Chapter 11
                                          :
CITADEL BROADCASTING CORP., *et al.*,[1]  :        Case No. 09-17442 (BRL)
                                          :
                   Debtors.           :        (Jointly Administered)
                                          :
------------------------------------------------------------x

## ORDER AUTHORIZING THE EMPLOYMENT
## AND RETENTION OF CHANIN CAPITAL PARTNERS AS
## FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
## CREDITORS *NUNC PRO TUNC* TO JANUARY 19, 2010

Upon (i) the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors") for the entry of an order authorizing the Committee to retain and employ Chanin Capital Partners L.L.C. ("CCP") as its financial advisor in connection with these Chapter 11 Cases *nunc pro tunc to January 19, 2010* pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended and supplemented, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the

---

[1] Other debtor entities jointly administered with Citadel Broadcasting Corporation are the following: Alphabet Acquisition Corp., Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; International Radio, Inc; KLIS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets, LLC; Minneapolis Radio, LLC; Network License, LLC; NY License, LLC; NY Radio Assets, LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Today Entertainment, Inc., Radio Watermark, Inc.; San Francisco Radio Assets, LLC; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; WBAP-KSCS Radio Group, Ltd.; and WPLJ Radio, LLC. (collectively, the "**Debtors**").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and (ii) the Declaration of John P. Madden, a Director at CCP (the "Madden Declaration") which is annexed as Exhibit A to the Application; and the Court being satisfied based on the representations made in the Application and the Madden Declaration, that CCP represents no interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that CCP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, that CCP's employment is necessary and in the best interest of the Committee and the Debtors' estates; and finding that proper and adequate notice of the Application has been given; and it appearing that no other notice need be given; and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334; and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Application is GRANTED.

2. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Committee is hereby authorized and empowered to employ and retain CCP as its financial advisor *nunc pro tunc* to January 19, 2010, in connection with these Chapter 11 Cases on the terms set forth in the Engagement Letter.

3. To the extent that the terms of the Engagement Letter conflict with this Order, this Order shall govern.

4. CCP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court, including the Compensation Procedures Order.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court or any guidelines regarding submission and approval of fee applications, CCP and its professionals (i) shall be permitted to provide general summaries of tasks and hours and (ii) shall not be required to maintain or provide detailed time records using project categories in connection with its fee applications.

6. The provisions set forth in Schedule I to the Engagement Letter relating to CCP's indemnification by the Debtors are approved.

7. Notwithstanding the possible applicability of Rules 6004, 7062 and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       March __, 2010

---
THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE