**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) Case No. 09-17442 (BRL) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER (I) SETTING BAR DATES FOR
## FILING PROOFS OF CLAIM, INCLUDING CLAIMS ARISING
## UNDER 11 U.S.C. § 503(B)(9); (II) APPROVING THE FORM AND MANNER
## FOR FILING PROOFS OF CLAIM; AND (III) APPROVING NOTICE THEREOF

Upon the motion (the "***Motion***")[1] of Citadel Broadcasting Corporation ("***Citadel***") and its

debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] for entry of

an order (the "***Order***") (a) establishing (i) April 21, 2010 at 5:00 p.m. (Eastern Time) as the last

date and time that proofs of claim against the Debtors must be filed and (ii) June 18, 2010 at

5:00 p.m. (Eastern Time) as the deadline for all governmental units (as defined in section

101(27) of the Bankruptcy Code) to file Claims in these chapter 11 cases; (b) approving the

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

[2]    The Debtors in these chapter 11 cases are:  Alphabet Acquisition Corp.; Atlanta Radio, LLC; Aviation I, LLC; Chicago FM Radio Assets, LLC; Chicago License, LLC; Chicago Radio Assets, LLC; Chicago Radio Holding, LLC; Chicago Radio, LLC; Citadel Broadcasting Company; Citadel Broadcasting Corporation; DC Radio Assets, LLC; DC Radio, LLC; Detroit Radio, LLC; International Radio, Inc.; KLOS Radio, LLC; KLOS Syndications Assets, LLC; KLOS-FM Radio Assets, LLC; LA License, LLC; LA Radio, LLC; Minneapolis Radio Assets, LLC; Minneapolis Radio, LLC; Network License, LLC; NY License, LLC; NY Radio Assets, LLC; NY Radio, LLC; Oklahoma Radio Partners, LLC; Radio Assets, LLC; Radio License Holding I, LLC; Radio License Holding II, LLC; Radio License Holding III, LLC; Radio License Holding IV, LLC; Radio License Holding V, LLC; Radio License Holding VI, LLC; Radio License Holding VII, LLC; Radio License Holding VIII, LLC; Radio License Holding IX, LLC; Radio License Holding X, LLC; Radio License Holding XI, LLC; Radio License Holding XII, LLC; Radio Networks, LLC; Radio Today Entertainment, Inc.; Radio Watermark, Inc.; San Francisco Radio Assets, LLC; San Francisco Radio, LLC; SF License, LLC; WBAP-KSCS Acquisition Partner, LLC; WBAP-KSCS Assets, LLC; WBAP-KSCS Radio Acquisition, LLC; WBAP-KSCS Radio Group, Ltd.; and WPLJ Radio, LLC.  The principal corporate locations of the Debtors are:  142 West 57th Street, 11th Floor, New York, New York 10019; and 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.  The service address for all of the Debtors is 7201 W. Lake Mead Blvd., Suite 400, Las Vegas, Nevada 89128.

form and manner for filing proofs of claim; and (c) approving notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C §§ 157 and 1334 and the Standing Order M-61 Referring Bankruptcy Judge for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.     The Motion is granted to the extent provided herein.

2.     Except as otherwise provided herein, all Claimants that assert a Claim, as defined in section 101(5) of the Bankruptcy Code, including 503(b)(9) Claims, against the Debtors which arose on or prior to the Petition Date, shall file a Proof of Claim in writing so that it is received on or before April 21, 2010 at 5:00 p.m. (Eastern Time) at the addresses and in the form set forth in this Order.

3. Notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before June 18, 2010 at 5:00 p.m. (Eastern Time), the date that is 180 days after the Petition Date.

4. The following procedures for the filing of Proofs of Claim shall apply:

(a) Proofs of Claim must conform substantially to the Proof of Claim form annexed hereto as **Exhibit A**, which is based on Official Form 10;

(b) Proofs of Claim must be filed either by mailing the original Proof of Claim to the following address: Citadel Broadcasting Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, or by delivering the original Proof of Claim by hand or overnight courier to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 534, New York, New York 10004-1408;

(c) Proofs of Claim will be deemed filed only when *actually received* by Kurtzman Carson Consultants LLC ("***KCC***"), the Claims and noticing agent retained in these chapter 11 cases on or before the Bar Date;

(d) only original Proofs of Claim will be deemed acceptable for purposes of Claims administration, such that KCC will *not* accept Proofs of Claim sent by facsimile or telecopy, and that Proofs of Claim will be deemed timely filed only if the *original* is *actually received* by KCC on or before the Bar Date. A Claimant who wishes to receive acknowledgment of KCC's receipt of its Proof of Claim may submit a copy of the Proof of Claim and a self-addressed, stamped envelope to KCC along with the original Proof of Claim;

(e) Proofs of Claim must: (i) be signed; (ii) include supporting documentation (if voluminous, a summary may be attached) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and

(f) Proofs of Claim must specify by name and case number the Debtor against which the Claim is filed; if the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form

must be filed with respect to each Debtor, subject to certain exemptions set forth herein.

5.     If a Proof of Claim is not received by KCC by the Bar Date, except in the case of certain exceptions explicitly set forth below, the holders of the underlying Claims shall be barred from asserting such Claims against the Debtors, as more fully discussed below.

6.     The following Claimants need *not* file a Proof of Claim on or prior to the Bar Date:

(a)     any Claimant that has already filed a Proof of Claim against one of the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York (the "***Clerk***") in a form substantially similar to Official Form 10 (to the extent such Proof of Claim was filed against the correct Debtor);

(b)     any Claimant whose Claim is listed on the Schedules, *provided* that (i) the Claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) the Claimant does not disagree with the amount, nature and priority of the Claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)     any holder of a Claim that has been previously allowed by order of this Court;

(d)     any Claimant whose Claim has been paid in full by any of the Debtors;

(e)     any holder of a Claim for which specific deadlines have previously been fixed by this Court;

(f)     any Debtor having a Claim against another Debtor or any of the direct or indirect subsidiaries of Citadel having a claim against any of the Debtors;

(g)     any holder of a Claim allowable under section 503(b) or section 507(a) of the Bankruptcy Code as an expense of administration, with the exception of 503(b)(9) Claims, which Claims are subject to the Bar Date;

(h)     any Claimant that is a current employee of any of the Debtors, to the extent that the Debtors were authorized by the Court to honor the entirety of such Claimant's Claim in the ordinary course of business such as for wages, commissions, benefits or Claims for deferred compensation; *provided*, *however*, that current employees

must file Proofs of Claim by the Bar Date for all other Claims arising before the Petition Date against the Debtors, including, but not limited to, Claims for wages or bonuses in excess of the statutory priority amount set forth in section 507(a)(4) of the Bankruptcy Code, wrongful termination, discrimination, harassment, hostile work environment, retaliation, overtime Claims and Claims covered by the Debtors' workers' compensation insurance;

(i)     any holder of a Claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to a Debt Instrument or a credit agreement; *provided*, *however*, that:  (i) this exclusion will not apply to the indenture trustee or designated agent under any of the Debt Instruments or related documents; (ii) an Indenture Trustee or designated agent must file one Proof of Claim, on or before the Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other Claims on or under the Debt Instruments; (iii) any person or entity that wishes to assert a Claim arising out of or relating to a Debt Instrument, other than a Claim for the repayment by the Debtors of principal, interest and other applicable fees and charges on or under the Debt Instrument, will be required to file a Proof of Claim, unless another exception in this paragraph applies; and (iv) any Indenture Trustee or designated agent under any of the Debt Instruments or related documents will only be required to file a Proof of Claim against the chapter 11 estates of Citadel, the primary obligor on the underlying debt, and such Proof of Claim will be deemed to have been filed against the chapter 11 estate of each guarantor or secondary obligor; and

(j)     any holder of an equity interest, which interest is based exclusively upon an interest in the equity ownership of any of the Debtors (any such interest being referred to as an "***Interest***"); *provided*, *however*, that holders of Interests who wish to assert a Claim against any of the Debtors arising out of or relating to the ownership or purchase of an Interest, including Claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a Proof of Claim on or before the Bar Date, unless another exception set forth herein applies.

7.     Any Claimant that holds a Claim that arises from the rejection of an executory

contract or unexpired lease, as to which the order authorizing such rejection is dated on or before

the date of entry of this Order, must file a Proof of Claim based on such rejection on or before the Bar Date, and any Claimant that holds a Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

8.      If the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of Claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Bar Date or (b) 30 days from the date that notice of the Schedule amendment or supplement is given.

9.      Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10.     Pursuant to Bankruptcy Rule 3003(c)(2), any Claimant who is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the Bar Date or a Supplemental Bar Date, as applicable, or such other date fixed by this Order or by other order of this Court, shall be forever barred, estopped and enjoined from asserting such Claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not (a) be treated as a creditor with respect to such Claim; (b) participate in any distribution in these chapter 11 cases on account of such Claim; or (c) be permitted to receive further notices regarding such Claim.

11.     A copy of the notice substantially in the form annexed hereto as **<u>Exhibit B</u>** (the "***Bar Date Notice***") is approved and shall be deemed adequate and sufficient if served, together

with a Proof of Claim form (including instructions) substantially in the form annexed hereto as

**Exhibit A** (together with the Bar Date Notice, the "***Bar Date Package***"), by first-class mail on or

before March 16, 2010 (*i.e.*, at least 35 days prior to the Bar Date) on:

      (a)      the U.S. Trustee;

      (b)      counsel for the Committee;

      (c)      counsel to the agent under the Debtors' prepetition secured term loan;

      (d)      all parties required to receive notice pursuant to Bankruptcy Rule 2002;

      (e)      all persons or entities that have filed Claims against the Debtors, if any;

      (f)      all creditors and other known holders of Claims against the Debtors as of the date of the Order, if any, including all persons or entities listed in the Schedules as holding Claims;

      (g)      all parties to executory contracts and unexpired leases of the Debtors listed on the Schedules, including executory contracts and unexpired leases which the Debtors included on any subsequent amendment(s) to the Schedules;

      (h)      all parties to litigation with the Debtors;

      (i)      the Internal Revenue Service;

      (j)      the Securities and Exchange Commission;

      (k)      the Federal Communications Commission; and

      (l)      the Debtors' current employees and the Debtors' former employees to the extent that contact information for former employees is available in the Debtors' records.

      12.      With regard to those holders of Claims listed on the Schedules, the Debtors shall

include in the Bar Date Package a "personalized" Proof of Claim form substantially in the form

annexed to the Motion as **Exhibit A**, including, for the convenience of creditors and also to

facilitate matching filed Claims with those listed on the Schedules, the appropriate creditor's

name, the amount of the creditor's claim against the applicable Debtor, the type of claim held by such creditor (*i.e.*, non-priority unsecured, priority unsecured or secured) and whether such claim is contingent, unliquidated or disputed all as such information is set forth in the Schedules.

13. The Debtors shall mail notice of the Bar Date only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

14. After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that (a) notices are returned by the post office with forwarding addresses;[3] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to bondholders and equity holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential Claimants become known as the result of the Bar Date noticing process; in this regard, the Debtors may make supplemental mailings of Bar Date notices in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

15. Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of the Bar Date in substantially the form annexed to the Motion as **<u>Exhibit C</u>** (the "*Publication Notice*") once, in the national editions of *The Wall Street Journal* and *USA Today*, on or before March 23, 2010 (*i.e.*, at least 28 days prior to the Bar Date).

16. The Debtors may establish Supplemental Bar Dates in these chapter 11 cases, upon the written consent of the U.S. Trustee and the Committee with respect to (a) creditors as to

---

[3] However, if notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

which a re-mailing of the Bar Date Package is appropriate (as described above), but cannot be accomplished in time to provide at least 24 days' notice of the Bar Date and (b) other creditors that become known to the Debtors after the applicable Bar Date.

17.     To establish a Supplemental Bar Date, the Debtors shall file a Supplemental Bar Date Notice, which identifies the Supplemental Bar Date and the Claimants that are subject thereto.  In the event the Debtors establish a Supplemental Bar Date, the Debtors shall mail a Bar Date Package, modified to include the Supplemental Bar Date, to known creditors who are subject to the Supplemental Bar Date; the Supplemental Bar Date shall be established not later than 24 days after the mailing of the Bar Date Package.

18.     The Debtors may, in their sole discretion, extend the Bar Date for certain Claimants by stipulation and agreed order presented to the Court where the Debtors determine that such extension is in the best interests of the Debtors and their respective estates.

19.     Notice as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Bar Date Package, the Publication Notice and any supplemental notices that the Debtors may send from time to time) constitute adequate and sufficient notice and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

20.     The Debtors and KCC are authorized and empowered to take all actions necessary to implement and effectuate the terms of this Order.

21.     Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or Interests not subject to the Bar Date established herein must file such Proofs of Claim or proofs of Interest or be barred from doing so.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.     The requirement set forth in Rule 9013-1(b) of the Local Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

27.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date:  New York, New York               /s/Burton R. Lifland
          March 9, 2010                       The Honorable Burton R. Lifland
                                              United States Bankruptcy Judge

## EXHIBIT A

## Proof of Claim Form

B 10 (Custom Form 10) (02/10)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: | Case Number:

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone No.

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(*if known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone No.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or charges

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
   **Describe:**

   **Value of Property:** $_____ **Annual Interest Rate:** _____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____ **Basis for Perfection:** _____

   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

6. **Section 503(b)(9) Claim Amount:** _____

☐ Check this box if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case (11 U.S.C. §503(b)(9)). Include the amount of such claim in the space for "Section 503(b)(9) Claim Amount" above.

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENT MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commission (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -- 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units -- 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: |
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
| FOR COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

3a. **Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Section 503(b)(9) Claim.**
Claims entitled to administrative priority under 11 U.S.C. § 503(b)(9) should be asserted on this Proof of Claim form. Each 503(b)(9) claim must include the value of the goods the claimant contends the Debtor received in the period (20) days prior to the Commencement Date. You must also must include or attach documentation identifying the particular invoices for which any such 503(b)(9) Claim is being asserted and any demand to reclaim goods sold to the Debtor under section 546(c) of the Bankruptcy Code. All other administrative claims must be asserted by an appropriate "request" under 11 U.S.C. § 503(a) and should **not** be asserted on this Proof of Claim form.

7. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

8. **Document:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim form is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website: www.kccllc.net/Citadel.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

<u>**EXHIBIT B**</u>

**Bar Date Notice**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) |
| | ) Case No. 09-17442 (BRL) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

## NOTICE OF DEADLINE REQUIRING FILING OF
## PROOFS OF CLAIM ON OR BEFORE APRIL 21, 2010

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

**PLEASE TAKE NOTICE THAT**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "***Bar Date Order***") establishing (i) **April 21, 2010 at 5:00 p.m. (Eastern Time)** (the "***Bar Date***") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to file a proof of claim against Citadel Broadcasting Corporation ("***Citadel***") and its debtor affiliates (collectively, the "***Debtors***") and (ii) **June 18, 2010 at 5:00 p.m. (Eastern Time)** as the date for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file claims against the Debtors in these chapter 11 cases.

Set forth below are the name and respective case numbers for each Debtor:

| DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|
| Alphabet Acquisition Corp. | 09-17443 | LA Radio, LLC | 09-17460 |
| Atlanta Radio, LLC | 09-17444 | Minneapolis Radio Assets, LLC | 09-17461 |
| Aviation I, LLC | 09-17445 | Minneapolis Radio, LLC | 09-17462 |
| Chicago FM Radio Assets, LLC | 09-17446 | Network License, LLC | 09-17463 |
| Chicago License, LLC | 09-17447 | NY License, LLC | 09-17464 |
| Chicago Radio Assets, LLC | 09-17448 | NY Radio Assets, LLC | 09-17465 |
| Chicago Radio Holding, LLC | 09-17449 | NY Radio, LLC | 09-17466 |
| Chicago Radio, LLC | 09-17450 | Oklahoma Radio Partners, LLC | 09-17467 |
| Citadel Broadcasting Company | 09-17451 | Radio Assets, LLC | 09-17468 |
| Citadel Broadcasting Corporation | 09-17442 | Radio License Holding I, LLC | 09-17469 |
| DC Radio Assets, LLC | 09-17452 | Radio License Holding II, LLC | 09-17470 |
| DC Radio, LLC | 09-17453 | Radio License Holding III, LLC | 09-17471 |
| Detroit Radio, LLC | 09-17454 | Radio License Holding IV, LLC | 09-17472 |
| International Radio, Inc. | 09-17455 | Radio License Holding IX, LLC | 09-17477 |
| KLOS Radio, LLC | 09-17456 | Radio License Holding V, LLC | 09-17473 |
| KLOS Syndication Assets, LLC | 09-17457 | Radio License Holding VI, LLC | 09-17474 |
| KLOS-FM Radio Assets, LLC | 09-17458 | Radio License Holding VII, LLC | 09-17475 |
| LA License, LLC | 09-17459 | Radio License Holding VIII, LLC | 09-17476 |

| DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|
| Radio License Holding X, LLC | 09-17478 | San Francisco Radio, LLC | 09-17484 |
| Radio License Holding XI, LLC | 09-17479 | SF License, LLC | 09-17485 |
| Radio License Holding XII, LLC | 09-17480 | WBAP-KSCS Acquisition Partner, LLC | 09-17486 |
| Radio Networks, LLC | 09-17481 | WBAP-KSCS Assets, LLC | 09-17487 |
| Radio Today Entertainment, Inc. | 09-17441 | WBAP-KSCS Radio Acquisition, LLC | 09-17488 |
| Radio Watermark, Inc. | 09-17482 | WBAP-KSCS Radio Group, Ltd. | 09-17489 |
| San Francisco Radio Assets, LLC | 09-17483 | WPLJ Radio, LLC | 09-17490 |

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before December 20, 2009 (the "**Petition Date**"), upon which date the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), except for those holders of the claims listed in section 4 below that are specifically excluded from the Bar Date filing requirement.

## 1.      WHO MUST FILE A PROOF OF CLAIM

You **must** file a proof of claim to share in distributions from the Debtors' estates if you have a claim that arose before the Petition Date and if it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means:  (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, can be reached at (888) 733-1544 and (866) 967-0493.

## 2.      WHAT TO FILE

The Debtors are enclosing a proof of claim form for use in these cases.  If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which your claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.  You will receive a different proof of claim form for each claim scheduled in your name by the debtors.  You may utilize the proof of claim form(s) provided by the Debtors to file your claim.  Additional proof of claim forms may be obtained from www.kccllc.net/citadel, from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.uscourts.gov/bankform or by contacting Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California  90245, Telephone:  (888) 733-1544 and (866) 967-0493, the claims and noticing agent retained by the Debtors in their chapter 11 cases.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be

denominated in United States dollars.  You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, you may attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each Debtor, and all holders of claims must identify on their proofs of claim a specific Debtor against which their claim is asserted and the case number of the Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above and is also included in the enclosed proof of claim form.

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be **received on or before April 21, 2010 at 5:00 p.m. (Eastern Time)** at the following address:

> **Citadel Broadcasting Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, California  90245**

Proofs of claim will be deemed filed only when **actually received** by Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in their chapter 11 cases. Proofs of claim may **not** be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units have until **June 18, 2010**, the date that is 180 days after the Petition Date, to file proofs of claim.

**4.      WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a)      a person or entity that has already filed a proof of claim against one of the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York (the "*Clerk*") in a form substantially similar to Official Bankruptcy Form No. 10 (to the extent such proof of claim was filed against the correct Debtor);

(b)      a person or entity whose claim is listed on the Schedules (as defined herein) filed by the Debtors, *provided* that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) you do not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)      a holder of a claim that has been previously allowed by order of this Court;

(d)      a person or entity whose claim has been paid in full by any of the Debtors;

(e)     a holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     a Debtor having a claim against another Debtor or any of the direct or indirect subsidiaries of Citadel having a claim against any of the Debtors;

(g)     a holder of a claim allowable under section 503(b) or section 507(a) of the Bankruptcy Code as an expense of administration, with the exception of any claims allowable under section 503(b)(9) of the Bankruptcy Code, which claims are subject to the Bar Date;

(h)     a claimant that is a current employee of any of the Debtors, to the extent that the Debtors were authorized by the Court to honor the entirety of such claimant's claim in the ordinary course of business such as for wages, commissions, benefits or claims for deferred compensation; *provided*, *however*, that current employees must file Proofs of Claim by the Bar Date for all other claims arising before the Petition Date against the Debtors, including, but not limited to, claims for wages or bonuses in excess of the statutory priority amount set forth in section 507(a)(4) of the Bankruptcy Code, wrongful termination, discrimination, harassment, hostile work environment, retaliation, overtime claims and claims covered by the Debtors' workers' compensation insurance;

(i)     a holder of a claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture or a credit agreement (each, a "***Debt Instrument***"); *provided*, *however*, that: (i) this exclusion will not apply to the indenture trustee or designated agent under any of the Debt Instruments or related documents; (ii) an indenture trustee under a Debt Instrument (the "***Indenture Trustee***") or designated agent must file one proof of claim, on or before the Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instruments; (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees and charges on or under the Debt Instrument, will be required to file a proof of claim, unless another exception in this paragraph applies; and (iv) any Indenture Trustee or designated agent under any of the Debt Instruments or related documents will only be required to file a proof of

claim against the chapter 11 estates of Citadel Broadcasting Corporation, the primary obligor on the underlying debt, and such proof of claim will be deemed to have been filed against the chapter 11 estate of each guarantor or secondary obligor; or

(j)     a holder of an equity interest, which interest is based exclusively upon an interest in the equity ownership of any of the Debtors (any such interest being referred to as an "*Interest*"); *provided*, *however*, that holders of Interests who wish to assert a claim against any of the Debtors arising out of or relating to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a proof of claim on or before the Bar Date, unless another exception set forth herein applies.

This Notice is being sent to many persons and entities that have had some relationship or have done business with the Debtors but that may not have an unpaid claim against the Debtors. **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS.**

## 5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [•], 2010, the date of the entry of the Bar Date Order, you must file a proof of claim by the Bar Date.  If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

## 6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

## 7.     THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the debtors in the debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "*Schedules*").

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature, amount and status of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed on the Schedules or on the enclosed proof of claim form.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Schedules, and if your claim is not described as "disputed," "contingent" or "unliquidated," you need **not** file a proof of claim. Otherwise, if you do decide to file a proof of claim, you **must** do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules and the Bar Date Order are available for inspection on the website of Kurtzman Carson Consultants LLC, at www.kccllc.net/citadel or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("*PACER*") are required to access this information on the Court's Internet Website and may be obtained through the PACER service center at (800) 676-6856 (from the US), or (210) 301-6440 (from outside the US), or http://pacer.psc.uscourts.gov. Copies of the Schedules and the Bar Date Order may also be examined between the hours of 9:00 a.m. and 4:30 p.m. at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 or the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
      March [•], 2010

**BY ORDER OF THE COURT**

_____

Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022 4611
(212) 446 4800
(212) 446 4900

Attorneys for the Debtors and Debtors in Possession

**<u>EXHIBIT C</u>**

**Publication Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITADEL BROADCASTING CORPORATION, *et al.*, | ) | Case No. 09-17442 (BRL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

**PLEASE TAKE NOTICE THAT**

     The United States Bankruptcy Court for the Southern District of New York has entered an Order (the "***Bar Date Order***") establishing (i) **April 21, 2010 at 5:00 p.m. (Eastern Time)** (the "***Bar Date***") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to file a proof of claim against any of the Debtors listed below (the "***Debtors***") and (ii) **June 18, 2010 at 5:00 p.m. (Eastern Time)** as the date for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file claims against the Debtors in these chapter 11 cases.

     Set forth below are the name and respective case numbers for each Debtor:

| DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|
| Alphabet Acquisition Corp. | 09-17443 | NY License, LLC | 09-17464 |
| Atlanta Radio, LLC | 09-17444 | NY Radio Assets, LLC | 09-17465 |
| Aviation I, LLC | 09-17445 | NY Radio, LLC | 09-17466 |
| Chicago FM Radio Assets, LLC | 09-17446 | Oklahoma Radio Partners, LLC | 09-17467 |
| Chicago License, LLC | 09-17447 | Radio Assets, LLC | 09-17468 |
| Chicago Radio Assets, LLC | 09-17448 | Radio License Holding I, LLC | 09-17469 |
| Chicago Radio Holding, LLC | 09-17449 | Radio License Holding II, LLC | 09-17470 |
| Chicago Radio, LLC | 09-17450 | Radio License Holding III, LLC | 09-17471 |
| Citadel Broadcasting Company | 09-17451 | Radio License Holding IV, LLC | 09-17472 |
| Citadel Broadcasting Corporation | 09-17442 | Radio License Holding IX, LLC | 09-17477 |
| DC Radio Assets, LLC | 09-17452 | Radio License Holding V, LLC | 09-17473 |
| DC Radio, LLC | 09-17453 | Radio License Holding VI, LLC | 09-17474 |
| Detroit Radio, LLC | 09-17454 | Radio License Holding VII, LLC | 09-17475 |
| International Radio, Inc. | 09-17455 | Radio License Holding VIII, LLC | 09-17476 |
| KLOS Radio, LLC | 09-17456 | Radio License Holding X, LLC | 09-17478 |
| KLOS Syndication Assets, LLC | 09-17457 | Radio License Holding XI, LLC | 09-17479 |
| KLOS-FM Radio Assets, LLC | 09-17458 | Radio License Holding XII, LLC | 09-17480 |
| LA License, LLC | 09-17459 | Radio Networks, LLC | 09-17481 |
| LA Radio, LLC | 09-17460 | Radio Today Entertainment, Inc. | 09-17441 |
| Minneapolis Radio Assets, LLC | 09-17461 | Radio Watermark, Inc. | 09-17482 |
| Minneapolis Radio, LLC | 09-17462 | San Francisco Radio Assets, LLC | 09-17483 |
| Network License, LLC | 09-17463 | San Francisco Radio, LLC | 09-17484 |

| DEBTOR | CASE NO. | DEBTOR | CASE NO. |
|---|---|---|---|
| SF License, LLC | 09-17485 | WBAP-KSCS Radio Acquisition, LLC | 09-17488 |
| WBAP-KSCS Acquisition Partner, LLC | 09-17486 | WBAP-KSCS Radio Group, Ltd. | 09-17489 |
| WBAP-KSCS Assets, LLC | 09-17487 | WPLJ Radio, LLC | 09-17490 |

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before December 20, 2009 (the "*Petition Date*"), upon which date the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), except for those holders of the claims listed in section 4 below that are specifically excluded from the Bar Date filing requirement.

The Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, can be reached at (888) 733-1544 and (866) 967-0493.

## 1. WHO MUST FILE A PROOF OF CLAIM

You **must** file a proof of claim to share in distributions from the Debtors' estates if you have a claim that arose before the Petition Date, and if it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

## 2. WHAT TO FILE

Proof of claim forms may be obtained from www.kccllc.net/citadel, from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.uscourts.gov/bankform or by contacting Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, Telephone: (888) 733-1544 and (866) 967-0493.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States dollars. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each Debtor, and all holders of claims must identify on their proofs of claim a specific Debtor against which their claim is asserted and the case number of the Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth above.

## 3. WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be **received on or before April 21, 2010 at 5:00 p.m. (Eastern Time)** at the following address:

> **Citadel Broadcasting Claims Processing Center**
> **c/o Kurtzman Carson Consultants LLC**
> **2335 Alaska Avenue**
> **El Segundo, California 90245**

Proofs of claim will be deemed filed only when **actually received** by Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in their chapter 11 cases. Proofs of claim may **not** be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units have until **June 18, 2010**, the date that is 180 days after the order for relief, to file proofs of claim.

**4.     WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

    (a)    a person or entity that has already filed a proof of claim against one of the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York (the "*Clerk*") in a form substantially similar to Official Bankruptcy Form No. 10 (to the extent such proof of claim was filed against the correct Debtor);

    (b)    a person or entity whose claim is listed on the Schedules (as defined herein) filed by the Debtors, *provided*, that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) you do not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

    (c)    a holder of a claim that has been previously allowed by order of this Court;

    (d)    a person or entity whose claim has been paid in full by any of the Debtors;

    (e)    a holder of a claim for which specific deadlines have previously been fixed by this Court;

    (f)    a Debtor having a claim against another Debtor or any of the direct or indirect subsidiaries of Citadel having a claim against any of the Debtors;

    (g)    a holder of a claim allowable under section 503(b) or section 507(a) of the Bankruptcy Code as an expense of administration, with the exception of claims allowable under section 503(b)(9) of the Bankruptcy Code, which claims are subject to the Bar Date;

    (h)    a claimant that is a current employee of any of the Debtors, to the extent that the Debtors were authorized by the Court to honor the entirety of your claim in the ordinary course of business such as for wages, commissions, benefits or claims for deferred compensation; *provided*, *however*, that current employees must file proofs of claim by the Bar

Date for all other claims arising before the Petition Date against the Debtors, including, but not limited to, claims for wages or bonuses in excess of the statutory priority amount set forth in section 507(a)(4) of the Bankruptcy Code, wrongful termination, discrimination, harassment, hostile work environment, retaliation, overtime claims and claims covered by the Debtors' workers' compensation insurance;

(i)     a holder of a claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any bond or note issued by the Debtors pursuant to an indenture or a credit agreement (each, a "***Debt Instrument***"); *provided*, *however*, that: (i) this exclusion will not apply to the indenture trustee or designated agent under any of the Debt Instrument or related documents; (ii) an indenture trustee under a Debt Instruments (the "***Indenture Trustee***") or designated agent must file one proof of claim, on or before the Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under the Debt Instrument; (iii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees and charges on or under the Debt Instrument, will be required to file a proof of claim, unless another exception in this paragraph applies; and (iv) any Indenture Trustee or designated agent under any of the Debt Instruments or related documents will only be required to file a proof of claim against the chapter 11 estates Citadel Broadcasting Corporation, the primary obligor on the underlying debt, and such proof of claim will be deemed to have been filed against the chapter 11 estate of each guarantor or secondary obligor; or

(j)     a holder of an equity interest, which interest is based exclusively upon an interest in the equity ownership of any of the Debtors (any such interest being referred to as an "***Interest***"); *provided*, *however*, that holders of Interests who wish to assert a claim against any of the Debtors arising out of or relating to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a proof of claim on or before the Bar Date, unless another exception set forth herein applies.

5.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [•], 2010, the date of the entry of the Bar Date Order, you must file a proof of claim by the Bar Date. If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

7.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the debtors in the debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "*Schedules*").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed on the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Schedules, and if your claim is not described as "disputed," "contingent" or "unliquidated," you need **not** file a proof of claim. Otherwise, if you do decide to file a proof of claim, you **must** do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules and the Bar Date Order are available for inspection on the website of Kurtzman Carson Consultants LLC, at www.kccllc.net/citadel or on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("*PACER*") are required to access this information on the Court's Internet Website and may be obtained through the PACER service center at (800) 676-6856 (from the US), or (210) 301-6440 (from outside the US), or http://pacer.psc.uscourts.gov. Copies of the Schedules and the Bar Date Order may also be examined between the hours of 9:00 a.m. and 4:30 p.m. at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 or the Clerk of the Bankruptcy Court, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
       March [•], 2010

**BY ORDER OF THE COURT**

_____

Jonathan S. Henes
Joshua A. Sussberg
Sarah Hiltz Seewer (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022 4611
(212) 446 4800
(212) 446 4900

Attorneys for the Debtors and Debtors in Possession